JUDGE JONES

# 08 CV 0465    CLOSED

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01872-SJF-RER
## Internal Use Only

| | |
|---|---|
| ST. Paul Fire & Marine Insurance CO. v. Architron Designers and Builders, Inc. et al | Date Filed: 04/15/2005 |
| | Date Terminated: 03/08/2007 |
| Assigned to: Judge Sandra J. Feuerstein | Jury Demand: None |
| Referred to: Magistrate-Judge Ramon E. Reyes, Jr | Nature of Suit: 385 Prop. Damage Prod. |
| Cause: 28:1441 Petition for Removal- Personal Injury | Liability |
| | Jurisdiction: Diversity |

**Plaintiff**

**ST. Paul Fire & Marine Insurance CO.**
*a/s/o Hudson Street, LLC*

represented by **Robert C. Sheps**
Sheps Law Group, P.C.
35 Pinelawn Road
Suite 106 East
Melville, NY 11747
(631) 249-5600, Ext. 1002
Fax: (631) 249-5613
Email: rsheps@shepslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Architron Designers and Builders, Inc.**

represented by **Edward S. Benson**
Nicoletti Gonson & Spinner LLP
546 Fifth Avenue
20th Floor
New York, NY 10036
(212) 730-7750
Fax: 212-730-7850
Email: ebenson@nicolettilaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ayn Enterprises Inc.**

**Defendant**

**GJC Structures, P.E., P.C.**

**Defendant**

**Joseph Edward Vance Architect**                represented by **Douglas R. Halstrom**
L'Abbate, Balkan, Colavita & Contini,
LLP
1050 Franklin Avenue
Garden City, NY 11530
516-294-8844
Fax: 516-294-8202
Email: dhalstrom@lbcclaw.com
*ATTORNEY TO BE NOTICED*

**John P. DeFilippis**
L'Abbate Balkan Colavita & Contini
LLP
One Battery Park Plaza
New York, NY 10004
(212)825-6900
Fax: (212)825-0657
Email: j_defilippis@hotmail.com
*ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Architron Designers and Builders, Inc.**


V.

**Cross Defendant**

**Ayn Enterprises Inc.**

**Cross Defendant**

**GJC Structures, P.E., P.C.**

**Cross Defendant**

**Joseph Edward Vance Architect**

**Cross Claimant**

**Joseph Edward Vance Architect**


V.

**Cross Defendant**

**Architron Designers and Builders, Inc.**        represented by **Edward S. Benson**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Ayn Enterprises Inc.**

**Cross Defendant**

**GJC Structures, P.E., P.C.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2005 | 🔵1 | NOTICE OF REMOVAL by Architron Designers and Builders, Inc. from New York State Supreme Court, New York County, case number 05-6009. ( Filing fee $ 250/ Receipt #308656) (Attachments: # 1 Civil Cover Sheet)(Villanueva, William) (Entered: 04/18/2005) |
| 04/15/2005 | 🔵2 | DISCLOSURE of Interested Parties by Architron Designers and Builders, Inc..(Villanueva, William) (Entered: 04/18/2005) |
| 04/20/2005 | 🔵3 | ANSWER to Complaint, CROSSCLAIM against Ayn Enterprises Inc., GJC Structures, P.E., P.C., Joseph Edward Vance Architect by Architron Designers and Builders, Inc..(Benson, Edward) (Entered: 04/20/2005) |
| 07/01/2005 | 🔵4 | First MOTION for Extension of Time to File Answer *Letter to Judge* by Joseph Edward Vance Architect. (Halstrom, Douglas) (Entered: 07/01/2005) |
| 07/05/2005 | 🔵 | Case reassigned to Judge Cheryl L. Pollak. Judge Marilyn D. Go no longer assigned to the case. (Brown, Marc) (Entered: 07/05/2005) |
| 07/08/2005 | 🔵 | Case reassigned to Judge Kiyo A. Matsumoto. Judge Cheryl L. Pollak no longer assigned to the case. (Brown, Marc) (Entered: 07/08/2005) |
| 07/15/2005 | 🔵5 | ANSWER to Complaint, CROSSCLAIM against Architron Designers and Builders, Inc., Ayn Enterprises Inc., GJC Structures, P.E., P.C. by Joseph Edward Vance Architect.(Halstrom, Douglas) (Entered: 07/15/2005) |
| 07/15/2005 | 🔵6 | NOTICE by Joseph Edward Vance Architect *To Take Depositions* (Halstrom, Douglas) (Entered: 07/15/2005) |
| 07/19/2005 | 🔵7 | ANSWER to Crossclaim *of Joseph Edward Vance* by Architron Designers and Builders, Inc..(Benson, Edward) (Entered: 07/19/2005) |
| 08/03/2005 | 🔵8 | ANSWER to Crossclaim *of Defendant Architron* by Joseph Edward Vance Architect.(Halstrom, Douglas) (Entered: 08/03/2005) |
| 03/17/2006 | 🔵 | Motions terminated; granted 3/16/06: 4 First MOTION for Extension of Time to File Answer *Letter to Judge* filed by Joseph Edward Vance Architect,. (Vaughn, Terry) (Entered: 03/17/2006) |

| | | |
|---|---|---|
| 03/22/2006 | 9 | ORDER endorsed re 4 First MOTION for Extension of Time to File Answer Letter to Judge filed by Joseph Edward Vance Architect. APPLICATION GRANTED, nunc pro tunc. Ordered by Judge Sandra J. Feuerstein on 3/16/06. (Black, Amanda) (Entered: 03/22/2006) |
| 05/11/2006 | 10 | Letter by ST. Paul Fire & Marine Insurance CO.. (Sheps, Robert) (Entered: 05/11/2006) |
| 05/22/2006 | 11 | NOTICE: You are hereby noticed that the court will conduct a initial conference on the above-captioned matter on Tuesday, 5/23/06 at 10:30 a.m. at the Brooklyn Courthouse. The conference will be held before the Honorable Sandra J. Feuerstein. (Black, Amanda) (Entered: 05/22/2006) |
| 05/23/2006 | 16 | Minute Entry: Status Conference held before Judge Sandra J. Feuerstein on 5/23/2006. Case called. Schedule for motion to dismis by defendant Vance: Motion by 6/6/06; opposition by 1/16/06; reply by 6/19/06. Further conference scheduled for 7/10/06 at 11:00 a.m. (Black, Amanda) (Entered: 05/31/2006) |
| 05/25/2006 | 12 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. Architron Designers and Builders, Inc. served on 3/17/2006, answer due 4/6/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 05/25/2006 | 13 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. Ayn Enterprises Inc. served on 3/21/2006, answer due 4/10/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 05/25/2006 | 14 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. GJC Structures, P.E., P.C. served on 3/17/2006, answer due 4/6/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 05/25/2006 | 15 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. Joseph Edward Vance Architect served on 5/11/2006, answer due 5/31/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 06/06/2006 | 17 | First MOTION to Dismiss by Joseph Edward Vance Architect. Responses due by 6/16/2006 (DeFilippis, John) (Entered: 06/06/2006) |
| 06/08/2006 | 18 | MOTION for Default Judgment as to *GJC Structure, P.E., P.C.* by ST. Paul Fire & Marine Insurance CO.. Responses due by 7/6/2006 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Sheps, Robert) (Entered: 06/08/2006) |
| 06/23/2006 | 19 | MOTION to Dismiss by Joseph Edward Vance Architect. Responses due by 6/22/2006 (DeFilippis, John) (Entered: 06/23/2006) |
| 06/23/2006 | 20 | MOTION to Dismiss *Initial Motion with Supporting Papers* by Joseph Edward Vance Architect. Responses due by 6/22/2006 (DeFilippis, John) (Entered: 06/23/2006) |
| 06/27/2006 | 21 | Clerk's NOTATION OF DEFAULT as to GJC Structures, P.E., P.C. (Williams-Jackson, Sandy) (Entered: 06/27/2006) |

| 06/30/2006 | ⬤22 | ORDER endorsed on letter dated 6/16/06 from Thomas B. Lim to Judge Feuerstein requesting that the return date or submission dated for Joseph Edward Vance Architect's motion to dismiss be adjourned from 6/19/06 to 6/23/06. THE APPLICATION IS GRANTED. Ordered by Judge Sandra J. Feuerstein on 6/16/06. (Black, Amanda) (Entered: 06/30/2006) |
|---|---|---|
| 12/14/2006 | ⬤23 | NOTICE Hearing for damages has been scheduled for 1/15/2007 10:30 AM, cm. before Judge Sandra J. Feuerstein, dated 11/16/06. (Drayton, Lorraine) (Entered: 12/14/2006) |
| 01/10/2007 | ⬤24 | Letter *canceling hearing* by Joseph Edward Vance Architect (Halstrom, Douglas) (Entered: 01/10/2007) |
| 01/10/2007 | ⬤25 | Letter *cancelling damages hearing* by Joseph Edward Vance Architect (Lim, Tomas) (Entered: 01/10/2007) |
| 02/26/2007 | ⬤26 | ORDER TO SHOW CAUSEShow Cause Response due by 3/7/2007.. Ordered by Judge Sandra J. Feuerstein on 2/26/07. (Attachments: # 1) (Ketcham, Brian) (Entered: 02/26/2007) |
| 03/08/2007 | ⬤27 | ORDER re 26 Order to Show Cause. See attached Order transferring this action to SDNY. Ordered by Judge Sandra J. Feuerstein on 3/8/07. (Ketcham, Brian) (Entered: 03/08/2007) |
| 03/08/2007 | ⬤ | Case transferred to District of NY-Southern. Original file, certified copy of transfer order, and docket sheet sent. Ordered by Judge Sandra J. Feuerstein on 3/8/07. (Ketcham, Brian) (Entered: 03/08/2007) |
| 12/13/2007 | ⬤28 | Letter regarding the transfer of case to Southern District of New York. (Credle, Rita) (Entered: 12/13/2007) |
| 12/14/2007 | ⬤ | Incorrect Case/Document/Entry Information as to Document # 28 -filed on 12/13/2007. (Credle, Rita) (Entered: 12/14/2007) |
| 12/17/2007 | ⬤29 | Letter dated 12-17-2007 to SDNY re: Transfer of Case to SDNY. Certified copy of Order of Transfer and Certified copy of Docket attached. (Credle, Rita) (Entered: 12/17/2007) |

**JUDGE JONES**

# 08 CV 0465

CLOSED

## U.S. District Court
## Eastern District of New York (Brooklyn)
## CIVIL DOCKET FOR CASE #: 1:05-cv-01872-SJF-RER
## Internal Use Only

ST. Paul Fire & Marine Insurance CO. v. Architron Designers
and Builders, Inc. et al
Assigned to: Judge Sandra J. Feuerstein
Referred to: Magistrate-Judge Ramon E. Reyes, Jr
Cause: 28:1441 Petition for Removal- Personal Injury

Date Filed: 04/15/2005
Date Terminated: 03/08/2007
Jury Demand: None
Nature of Suit: 385 Prop. Damage Prod.
Liability
Jurisdiction: Diversity

### Plaintiff

**ST. Paul Fire & Marine Insurance
CO.**
*a/s/o Hudson Street, LLC*

represented by **Robert C. Sheps**
Sheps Law Group, P.C.
35 Pinelawn Road
Suite 106 East
Melville, NY 11747
(631) 249-5600, Ext. 1002
Fax: (631) 249-5613
Email: rsheps@shepslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**Architron Designers and Builders, Inc.**

represented by **Edward S. Benson**
Nicoletti Gonson & Spinner LLP
546 Fifth Avenue
20th Floor
New York, NY 10036
(212) 730-7750
Fax: 212-730-7850
Email: ebenson@nicolettilaw.us
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

### Defendant

**Ayn Enterprises Inc.**

**Defendant**

**GJC Structures, P.E., P.C.**

**Defendant**

**Joseph Edward Vance Architect**               represented by **Douglas R. Halstrom**
                                                              L'Abbate, Balkan, Colavita & Contini,
                                                              LLP
                                                              1050 Franklin Avenue
                                                              Garden City, NY 11530
                                                              516-294-8844
                                                              Fax: 516-294-8202
                                                              Email: dhalstrom@lbcclaw.com
                                                              *ATTORNEY TO BE NOTICED*

                                                              **John P. DeFilippis**
                                                              L'Abbate Balkan Colavita & Contini
                                                              LLP
                                                              One Battery Park Plaza
                                                              New York, NY 10004
                                                              (212)825-6900
                                                              Fax: (212)825-0657
                                                              Email: j_defilippis@hotmail.com
                                                              *ATTORNEY TO BE NOTICED*

**Cross Claimant**

**Architron Designers and Builders, Inc.**

V.

**Cross Defendant**

**Ayn Enterprises Inc.**

**Cross Defendant**

**GJC Structures, P.E., P.C.**

**Cross Defendant**

**Joseph Edward Vance Architect**

**Cross Claimant**

**Joseph Edward Vance Architect**

V.

**Cross Defendant**

**Architron Designers and Builders, Inc.**          represented by **Edward S. Benson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Cross Defendant**

**Ayn Enterprises Inc.**

**Cross Defendant**

**GJC Structures, P.E., P.C.**

| Date Filed | # | Docket Text |
|---|---|---|
| 04/15/2005 | ❶1 | NOTICE OF REMOVAL by Architron Designers and Builders, Inc. from New York State Supreme Court, New York County, case number 05-6009. ( Filing fee $ 250/ Receipt #308656) (Attachments: # 1 Civil Cover Sheet)(Villanueva, William) (Entered: 04/18/2005) |
| 04/15/2005 | ❶2 | DISCLOSURE of Interested Parties by Architron Designers and Builders, Inc..(Villanueva, William) (Entered: 04/18/2005) |
| 04/20/2005 | ❶3 | ANSWER to Complaint, CROSSCLAIM against Ayn Enterprises Inc., GJC Structures, P.E., P.C., Joseph Edward Vance Architect by Architron Designers and Builders, Inc..(Benson, Edward) (Entered: 04/20/2005) |
| 07/01/2005 | ❶4 | First MOTION for Extension of Time to File Answer *Letter to Judge* by Joseph Edward Vance Architect. (Halstrom, Douglas) (Entered: 07/01/2005) |
| 07/05/2005 | ❶ | Case reassigned to Judge Cheryl L. Pollak. Judge Marilyn D. Go no longer assigned to the case. (Brown, Marc) (Entered: 07/05/2005) |
| 07/08/2005 | ❶ | Case reassigned to Judge Kiyo A. Matsumoto. Judge Cheryl L. Pollak no longer assigned to the case. (Brown, Marc) (Entered: 07/08/2005) |
| 07/15/2005 | ❶5 | ANSWER to Complaint, CROSSCLAIM against Architron Designers and Builders, Inc., Ayn Enterprises Inc., GJC Structures, P.E., P.C. by Joseph Edward Vance Architect.(Halstrom, Douglas) (Entered: 07/15/2005) |
| 07/15/2005 | ❶6 | NOTICE by Joseph Edward Vance Architect *To Take Depositions* (Halstrom, Douglas) (Entered: 07/15/2005) |
| 07/19/2005 | ❶7 | ANSWER to Crossclaim *of Joseph Edward Vance* by Architron Designers and Builders, Inc..(Benson, Edward) (Entered: 07/19/2005) |
| 08/03/2005 | ❶8 | ANSWER to Crossclaim *of Defendant Architron* by Joseph Edward Vance Architect.(Halstrom, Douglas) (Entered: 08/03/2005) |
| 03/17/2006 | ❶ | Motions terminated; granted 3/16/06: 4 First MOTION for Extension of Time to File Answer *Letter to Judge* filed by Joseph Edward Vance Architect,. (Vaughn, Terry) (Entered: 03/17/2006) |

| 03/22/2006 | ●9 | ORDER endorsed re 4 First MOTION for Extension of Time to File Answer Letter to Judge filed by Joseph Edward Vance Architect. APPLICATION GRANTED, nunc pro tunc. Ordered by Judge Sandra J. Feuerstein on 3/16/06. (Black, Amanda) (Entered: 03/22/2006) |
|---|---|---|
| 05/11/2006 | ●10 | Letter by ST. Paul Fire & Marine Insurance CO.. (Sheps, Robert) (Entered: 05/11/2006) |
| 05/22/2006 | ●11 | NOTICE: You are hereby noticed that the court will conduct a initial conference on the above-captioned matter on Tuesday, 5/23/06 at 10:30 a.m. at the Brooklyn Courthouse. The conference will be held before the Honorable Sandra J. Feuerstein. (Black, Amanda) (Entered: 05/22/2006) |
| 05/23/2006 | ●16 | Minute Entry: Status Conference held before Judge Sandra J. Feuerstein on 5/23/2006. Case called. Schedule for motion to dismis by defendant Vance: Motion by 6/6/06; opposition by 1/16/06; reply by 6/19/06. Further conference scheduled for 7/10/06 at 11:00 a.m. (Black, Amanda) (Entered: 05/31/2006) |
| 05/25/2006 | ●12 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. Architron Designers and Builders, Inc. served on 3/17/2006, answer due 4/6/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 05/25/2006 | ●13 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. Ayn Enterprises Inc. served on 3/21/2006, answer due 4/10/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 05/25/2006 | ●14 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. GJC Structures, P.E., P.C. served on 3/17/2006, answer due 4/6/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 05/25/2006 | ●15 | SUMMONS Returned Executed by ST. Paul Fire & Marine Insurance CO.. Joseph Edward Vance Architect served on 5/11/2006, answer due 5/31/2006. (Sheps, Robert) (Entered: 05/25/2006) |
| 06/06/2006 | ●17 | First MOTION to Dismiss by Joseph Edward Vance Architect. Responses due by 6/16/2006 (DeFilippis, John) (Entered: 06/06/2006) |
| 06/08/2006 | ●18 | MOTION for Default Judgment as to *GJC Structure, P.E., P.C.* by ST. Paul Fire & Marine Insurance CO.. Responses due by 7/6/2006 (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Sheps, Robert) (Entered: 06/08/2006) |
| 06/23/2006 | ●19 | MOTION to Dismiss by Joseph Edward Vance Architect. Responses due by 6/22/2006 (DeFilippis, John) (Entered: 06/23/2006) |
| 06/23/2006 | ●20 | MOTION to Dismiss *Initial Motion with Supporting Papers* by Joseph Edward Vance Architect. Responses due by 6/22/2006 (DeFilippis, John) (Entered: 06/23/2006) |
| 06/27/2006 | ●21 | Clerk's NOTATION OF DEFAULT as to GJC Structures, P.E., P.C. (Williams-Jackson, Sandy) (Entered: 06/27/2006) |

Case 1:08-cv-00465-BSJ    Document 1    Filed 01/18/2008    Page 5 of 5

| 06/30/2006 | ●22 | ORDER endorsed on letter dated 6/16/06 from Thomas B. Lim to Judge Feuerstein requesting that the return date or submission dated for Joseph Edward Vance Architect's motion to dismiss be adjourned from 6/19/06 to 6/23/06. THE APPLICATION IS GRANTED. Ordered by Judge Sandra J. Feuerstein on 6/16/06. (Black, Amanda) (Entered: 06/30/2006) |
|---|---|---|
| 12/14/2006 | ●23 | NOTICE Hearing for damages has been scheduled for 1/15/2007 10:30 AM, cm. before Judge Sandra J. Feuerstein, dated 11/16/06. (Drayton, Lorraine) (Entered: 12/14/2006) |
| 01/10/2007 | ●24 | Letter *canceling hearing* by Joseph Edward Vance Architect (Halstrom, Douglas) (Entered: 01/10/2007) |
| 01/10/2007 | ●25 | Letter *cancelling damages hearing* by Joseph Edward Vance Architect (Lim, Tomas) (Entered: 01/10/2007) |
| 02/26/2007 | ●26 | ORDER TO SHOW CAUSEShow Cause Response due by 3/7/2007.. Ordered by Judge Sandra J. Feuerstein on 2/26/07. (Attachments: # 1) (Ketcham, Brian) (Entered: 02/26/2007) |
| 03/08/2007 | ●27 | ORDER re 26 Order to Show Cause. See attached Order transferring this action to SDNY. Ordered by Judge Sandra J. Feuerstein on 3/8/07. (Ketcham, Brian) (Entered: 03/08/2007) |
| 03/08/2007 | ● | Case transferred to District of NY-Southern. Original file, certified copy of transfer order, and docket sheet sent. Ordered by Judge Sandra J. Feuerstein on 3/8/07. (Ketcham, Brian) (Entered: 03/08/2007) |
| 12/13/2007 | ●28 | Letter regarding the transfer of case to Southern District of New York. (Credle, Rita) (Entered: 12/13/2007) |
| 12/14/2007 | ● | Incorrect Case/Document/Entry Information as to Document # 28 -filed on 12/13/2007. (Credle, Rita) (Entered: 12/14/2007) |
| 12/17/2007 | ●29 | Letter dated 12-17-2007 to SDNY re: Transfer of Case to SDNY. Certified copy of Order of Transfer and Certified copy of Docket attached. (Credle, Rita) (Entered: 12/17/2007) |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

Defendants.

-----------------------------------------------------------------X

Docket No.

PETITION FOR
REMOVAL

FEUERSTEIN, J.

GO, M.J.

BROOKLYN OFFICE

Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. ("Architron")
hereby files this Notice of Removal of the above-described civil action to the United States
District Court for the Eastern District of New York, from the Supreme Court of the State of New
York, County of New York where the action is now pending as provided by Title 28, U.S. Code,
Chapter 89 and state:

1. This cause was commenced in the Supreme Court of the State of New York, County
of New York, on or about March 16, 2005, a copy of plaintiff's complaint setting forth the claim
for relief upon which the action is based was received by the Defendant on or about March 17,
2005.

2. The action is a civil subrogation action for money damages regarding property
damage. The United States District Court for the District of New York, Eastern District has
jurisdiction by reason of the diversity of citizenship of the parties.

3. The action seeks damages in excess of $233,000.00 and, therefore, exceeds $150,000,
exclusive of interest and costs.

4. At the time of the commencement of this action in State Court, and since that time, the plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. ("St. Paul") has been and is now, a domicile of the State of Minnesota with a principal place of business in St. Paul, Minnesota. The defendants, to the extent that they all still exist, were, and still are, corporations, incorporated and existing under and by virtue of the laws of the State of New York having a principal place of business in the State of New York, or are unincorporated businesses that have or had principal places of business in the State of New York. None of the defendants, at the time the action was commenced and at the present time, are citizens of the State of Minnesota.

5. Defendant, Architron, attaches to this notice a copy of all process and pleadings served upon it in the cause.

6. Defendant, Architron, will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice will be filed with the clerk of the Supreme Court, New York, County of New York as required by 28 U.S.C. § 1446(d).

8. Defendant, Architron, has attempted to verify whether the other defendants to this action have been properly served with process relating to the action commenced by St. Paul in the Supreme Court of the State of New York, County of New York, and, if so, to obtain their consent to this removal. Upon information and belief, proper service has not been effected on any of the other defendants.

9. Defendant, JOSEPH EDWARD VANCE ARCHITECT advised, in a telephone call on April 14, 2005, that he had not received process in this matter. He further advised that the address indicated on the summons and complaint was a former address.

10. Defendant, GJC STRUCTURES, P.E., P.C., by its counsel, Robert W. Resnick, Esq., advised, in a telephone call on April 14, 2005, that he had investigated the matter and that service had not been effected on GJC STRUCTURES, P.E., P.C. and that it has ceased to operate. Mr. Resnick advised that he was not authorized to accept service and that GJC STRUCTURES, P.E., P.C. no longer had any premises.

11. Efforts to contact defendant, AYN ENTERPRISES INC. were unsuccessful. Upon information and belief, AYN ENTERPRISES INC. is no longer in business and is not operating out of the address delineated in the summons and complaint. A database search indicates that A.Y.N. Enterprises, Inc., a New York state corporation, has been dissolved by proclamation.

**WHEREFORE**, Defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:   New York, New York
         April 15, 2005

Yours, etc.

By: _____

Edward S. Benson (EB 1908)
Nicoletti Gonson & Spinner LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750
Our File: 10111.00220

TO:   Robert C. Sheps
      Sheps Law Group P.C.
      35 Pinelawn Road, Ste. 106E
      Melville, NY 11747

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 15th day of April, 2005, I caused the within: PETITION FOR REMOVAL to be served by first class, United States mail upon all counsel for the parties as follows:

Robert C. Sheps
Sheps Law Group P.C.
35 Pinelawn Road, Ste. 106E
Melville, NY 11747

[Service not effected on GJC STRUCTURES, P.E., P.C., AYN Enterprises, Inc. and Joseph Edward Vance Architect as entities are defunct and/or have not been served with originating process]

Edward S. Benson (ESB 1908)

Sworn to before me this
19th day of April, 2005

Notary Public

Robert J. Eisen
Notary Public State of NY
No. 02EI6085301
Qualified in Westchester County
Commission Expires May 24 202_7

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.                    **COMPLAINT**
a/s/o Hudson Street, L.L.C.,

                                 Index No.: 05-600

                 **Plaintiff,**

   -against-

                                                **NEW YORK**
ARCHITRON DESIGNERS AND BUILDERS, INC.    **COUNTY CLERK'S OFFICE**
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT                    **MAR 1 6 2005**

                  **Defendants**    **NOT COMPARED**
----------------------------------------------------------X    **WITH COPY FILED**

      Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

        1.     Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

2.     At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number IM0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.     Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in design and construction work.

4.     Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.     Defendant, GJC STRUCTURES, P.E. P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.     Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

From: Hasan Karim At PROFESSIONAL RISK MANAGERS FaxID: To: Summons & Complaint-GL Claims                    Date: 3/18/2005 09:33 AM Page:

FROM :ARCHITRON / SET                    FAX NO. :718-472 4464                    Mar. 17 2005 02:55PM  P7

7.      At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises");

8.      Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.      Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.     On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.     Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS NEGLIGENCE

12.     Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.     The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

    (a)     Improper installation, repair and design of the renovation and construction in the building.

FROM :ARCHITRON / SET                    FAX NO. :718 472 4464              Mar. 17 2005 02:55PM P8

(b)    failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story facade wall;

(c)    failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)    failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)    failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)    retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)    failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)    failing to properly advise proper authorities of the nature and hazards associated with the improper design and construction;

(i)    failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)    failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)    failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)    failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)    otherwise failing to use due care and proper skill under the circumstances

14.    As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

FROM : ARCHITRON / SET          FAX NO. :718 472 4464          Mar. 17 2005 02:56PM P9

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney fees.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS
## BREACH OF CONTRACT

15.     Plaintiff fully incorporates by reference the averments contained in Paragraphs 1 through 14 inclusive.

16.     For the reasons more particularly set forth in plaintiff's First Cause of Action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse.

17.     Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.     By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10, took place resulted to severe and extensive damage to the plaintiff's property, and a loss to the plaintiff in the amount, in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
         March 7, 2005.

                                             Respectfully submitted,

                                             SHEPS LAW GROUP P.C.
                                             BY: ROBERT C. SHEPS
                                             Attorney for Plaintiff
                                             35 Pinelawn Road, Suite 106E
                                             Melville, New York 11747
                                             (631) 249-5600
                                             Our File No.: 4368

FROM : ARCHITRON / SET                    FAX NO. : 718 472 4464                    Mar. 17 2005 02:57PM  P10

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

FROM : ARCHITRON / SET      FAX NO. : 718 472 4464      Mar. 17 2005 02:57PM P11

*CV Action No.*
## SUPREME COURT OF THE STATE OF NEW YORK *Year*
## COUNTY OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

               Plaintiff,

     -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

## SUMMONS & COMPLAINT

### SHEPS LAW GROUP, P.C.
*Attorneys for Petitioner*
**35 Pinelawn Road**
**Suite 106 East**
## MELVILLE, NEW YORK 11747
**(631) 249-5600**

*To:*    \*\*\*

*Attorney(s) for* \*\*\*

*Service of a copy of the within* \*\*\*
*Dated:* \*\*\*        is hereby admitted.

                         *Attorney(s) for* \*\*\*

*PLEASE TAKE NOTICE*

     □   *that the within is a (certified) true copy of a* \*\*\*
         *entered in the office of the clerk of the within named Court on* \*\*\*

NOTICE OF
ENTRY

     □   *that an Order of which the within is a true copy will be presented for settlement to*
         *the Hon.* \*\*\*
     └─┘   *one of the judges of the within named Court, at* \*\*\*, *on* \*\*\*, *at* \*\*\*

NOTICE OF
SETTLEMENT

*Dated:* \*\*\*

%JS 44 (Rev. 11/04)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
ST. PAUL FIRE & MARINE INSURANCE CO, a/s/o HUDSON STREET LLC

**DEFENDANTS**
ARCHTRON DESIGNERS & BUILDERS, INC.

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

**(b)** County of Residence of First Listed Plaintiff    Ramsey County, MN
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Queens, NY
(IN U.S. PLAINTIFF CASES ONLY)    APR 1 3 2005

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

BROOKLYN OFFICE

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)
Mound Gotson & Spaner LLP
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7700

FEUERSTEIN, M.J.

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | ☐ 710 Fair Labor Standards Act | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☒ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | | ☐ 720 Labor/Mgmt. Relations | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | | ☐ 861 HIA (1395ff) | |
| ☐ 196 Franchise | | | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sections 1441 and 1446

Brief description of cause:
Subrogation action for damages arising from property damage.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $233,000    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE
April 15, 2005

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE Feuerstein  MAG. JUDGE_____

1872

## ARBITRATION CERTIFICATION

I, Edward S. Benson _____, counsel for Architron Designers & Builders Inc.

_____ do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

Did the cause arise in Nassau or Suffolk County? No

If answered yes, please indicate which county. _____

County of residence of plaintiff(s)    (1) Ramsey County, MN
                                        (2) _____
                                        (3) _____

County of residence of defendant(s)    (1) Queens County, NY
                                        (2) Kings County, NY
                                        (3) Queens County, NY
                                        (4) Kings, County, NY

**I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.**

Yes ✔                                        No

**Are you currently the subject of any disciplinary action(s) in this or any other state or federal court?**

Yes        (If yes, please explain)        No ✔

Please provide your E-MAIL Address and bar code below. Your bar code consists of the initials of your first and last name and the first four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court.
(This information must be provided pursuant to local rule 11.1(b) of the civil rules).
**ATTORNEY BAR CODE:** EB1908

**E-MAIL Address:** Ebenson@nicolettilaw.us

I consent to the use of electronic filing procedures adopted by the Court in Administrative Order No. 97-12, "In re Electronic Filing Procedures(EFP)", and consent to the electronic service of all papers.

Signature: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
————————————————————————X    05 CV 1872

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.    **REQUEST TO ENTER
DEFAULT JUDGMENT**

                                    Plaintiff,

                    -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                            Defendants.

————————————————————————X

TO: ROBERT C. HEINEMANN, CLERK
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

        Please enter default of defendant, GJC STRUCTURES, P.E., P.C.

pursuant to Rule 55(a) of the Federal Rules of Civil Procedure for failure to plead

or otherwise defend the above-captioned action as fully appears from the court

file herein and from the attached affidavit of Robert C. Sheps.

Dated: Melville, New York
        June 8, 2006

                                Respectfully submitted,

                    By:    _____

                                Robert C. Sheps
                                Sheps Law Group, P.C.
                                35 Pinelawn Group
                                Melville, New York 10006
                                (631) 249-5600
                                File No.: 4368

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
—————————————————————————X    05 CV 1872

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.    **NOTATION OF DEFAULT**

                                 Plaintiff,

                -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                                 Defendants.

—————————————————————————X

I, Robert C. Heinemann, Clerk of Court of the United States District Court

for the Eastern District of New York, do hereby certify that the defendant has not

filed an answer or otherwise moved with respect to the complaint herein. The

default of defendant, GJC STRUCTURES, P.E., P.C is hereby noted pursuant to

Rule 55(a) of the Federal Rules of Civil Procedure.

Dated: Brooklyn, New York
       June _____, 2006


                                 ROBERT C. HEINEMANN
                                 Clerk of Court

                          By:
                                 _____
                                 Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X     05 CV 1872

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.                    **DEFAULT JUDGMENT**

                                    Plaintiff,

                -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                                    Defendants.

———————————————————————X

        This action having been commenced on March 16, 2005 by the filing of

the Summons and Complaint, and a copy of the Summons and Complaint

having been personally served on the defendant, GJC STRUCTURES, P.E.,

P.C on March 17, 2005, and a proof of service having been filed on May 25,

2006 and the defendant not having answered the Complaint, and the time for

answering the Complaint having expired, it is ORDERED ADJUDGED AND

DECIDED: That the plaintiff have judgment against defendant in the

liquidated amount of $233,132.87 with interest at 9% from April 19, 2002 to

the present day amounting to $331,554.23 plus costs and disbursements of

this action.

Dated:   Brooklyn, New York
         June ___, 2006

                                    _____
                                            U.S.D.J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────X    05 CV 1872

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.                    **AFFIDAVIT IN SUPPORT**
                                Plaintiff,       **OF DEFAULT JUDGMENT**


                    -against-


ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                    Defendants.

────────────────────────────────────X

STATE OF NEW YORK    )
                     )  ss.:
COUNTY OF SUFFOLK  )

    Robert C. Sheps, being duly sworn, deposes and says:

    1.    The undersigned is the counsel for plaintiff in the above entitled

action and I am familiar with all the facts and circumstances in this action.

    2.    I make this affidavit pursuant to the FRCP, in support of plaintiff's

application for the entry of a default judgment against defendant, GJC

STRUCTURES, P.E., P.C.

    3.    This is a subrogation action to recover sums paid by the St. Paul Fire

& Marine Insurance Company for damages to its insured, Hudson Street,

L.L.C., owed by defendant for building damage arising out of a structural

collapse that occurred due to defendant's improper structural design plans.

Defendant GJC STRUCTURES, P.E., P.C. failed to properly design and

engineer supports capable of  securing an atrium wall that was under

construction from collapsing causing damage and destruction to Plaintiff's insured's property.

4.      This action was commenced on March 16, 2005, by the filing of the Summons and Complaint in New York County Supreme Court. The case was subsequently removed to the United States Eastern District Court of New York on April 15, 2005. A copy of the Summons and Complaint was served on the defendant GJC STRUCTURES, P.E., P.C. on March 17, 2005 by personal service and proof of service by the Process Server was filed with this Court. The defendant has not answered the Complaint and the time for the defendant to answer the complaint has expired.  A copy of the Summons and Complaint is annexed hereto as Exhibit "A".  A copy of the Affidavit of Service is annexed as Exhibit "B".

5.      This action seeks judgment for the liquidated amount of $233,132.87, plus interest at 9% from April 19, 2002, for a total of $331,554.23, as shown by the annexed Statement, which is justly due and owing, and to part of which has been paid except as herein set forth.

6.      Proof of the St. Paul Fire and Marine Insurance Company (hereinafter "St. Paul") loss, is attached hereto as Exhibit "C".  This exhibit details the damages incurred by the Plaintiff's insured and the reimbursement of said losses by Plaintiff St. Paul.

7.      The disbursements sought to be taxed have been made in this action or will necessarily be made herein.

8.      To the best of plaintiff's counsel knowledge, the defendant GJC

STRUCTURES, P.E., P.C. is not a minor, mentally incompetent nor in the military services of the United States.

WHEREFORE, plaintiff requests the entry of Default and the entry of the annexed Judgment against defendant.

Dated:    Melville, New York
          June 8, 2006

                                    Respectfully submitted,

                          By:    _____
                                    Robert C. Sheps
                                    Sheps Law Group, P.C.
                                    35 Pinelawn Group
                                    Melville, New York 10006
                                    (631) 249-5600
                                    File No.: 4368

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X    05 CV 1872

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.                    **SUMMARY OF
                                              DAMAGES**

                         Plaintiff,

            -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                    Defendants.

——————————————————————X


Principal amount sued for
………………………………………………..$233,132.87
Interest at 9% from April 19, 2002 through June 8, 2006……….$331,554.23

Costs and Disbursements

Clerk's fee………………………………………………………………...$350
Process Server Fee for service…………………………………………$75
Statutory fee………………………………………………………………$N/A

Total
(as of 5/01/06)……………………………………………………………$331,979.23


**AFFIXED AS EXHIBITS – COPY OF:**

1.    **SUMMONS and COMPLAINT**
2.    **PROOF OF SERVICE**
3.    **DAMAGE PROOFS**

STATE OF NEW YORK )
) ss
COUNTY OF SUFFOLK )

   *Gregg Opell*, being duly sworn, deposes and says that she is not a party to this action, is over the age of 18 years and resides in Suffolk County. That on June 8, 2006 he served the within MOTION FOR DEFAULT JUDGMENT upon:

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

by depositing a true copy of same securely enclosed in a post paid wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Gregg Opell

Sworn to before me this
day of June, 2006

ROBERT SHEPS
Notary Public, State of New York
No. 02SH6107450
Qualified in Nassau County
Commission Expires March 29, 2008



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 05-600948

————————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.,

**SUMMONS**

Plaintiff designates
County as the place of
trial

Basis of Venue is:
Plaintiff's Residence

Plaintiff,

Plaintiff resides at:
385 Washington Street
St. Paul, Minnesota

-against-

NEW YORK
COUNTY CLERK'S OFFICE

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

MAR 1 6 2005

Defendants

NOT COMPARED
WITH COPY FILED

————————————————————————X

**To the above-named Defendant(s):**

YOU ARE HEREBY SUMMONED to answer the complaint in this action,
and to serve a copy of your answer, or, if the complaint is not served with this
summons, to serve a notice of appearance on the Plaintiff's attorney within twenty
days after the service of this summons, exclusive of the day of service, where service
is made by delivery upon you personally within the state, or, within 30 days after
completion of service where service is made in any other manner. In case of your
failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated: Melville, New York
March 7, 2005

Respectfully submitted,

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747

**INDEX NUMBER FEE**
$210.00

COMPLETE
THIS STUB

DO NOT DETACH

se This INDEX NUMBER ON All
rs and advise your adversary of
number assigned. Sec. 202.5,
rm Rules Of Trial Courts

Title of Action or Proceeding to be TYPED or PRINTED by applicant
SUPREME COURT, NEW YORK COUNTY

05600948



St. Paul Fire

V.

Architron Designers and Builders

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101
AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.                    **COMPLAINT**
a/s/o Hudson Street, L.L.C.,

                            Plaintiff,                    Index No.: 05-600948

        -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                            Defendants
————————————————————————X

        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

        1.      Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

2.    At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number 1M0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.    Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in design and construction work.

4.    Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.    Defendant, GJC STRUCTURES, P.E., P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.    Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

7.     At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises").

8.     Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.     Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.     On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.     Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS
### -NEGLIGENCE-

12.     Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.     The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

    (a)        Improper installation, repair and design of the renovation and construction in the building.

(b)     failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story façade wall;

(c)     failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)     failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)     failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)     retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)     failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)     failing to properly advise proper authorities of the nature, and hazards associated with the improper design and construction;

(i)     failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)     failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)     failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)     failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)     otherwise failing to use due care and proper skill under the circumstances.

14.    As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS
### -BREACH OF CONTRACT-

15.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 14 inclusive.

16.    For the reasons more particularly set forth in plaintiff's First Cause of Action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse;

17.    Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.    By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10 took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
       March 7, 2005

Respectfully submitted,

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

## SUMMONS & COMPLAINT

**SHEPS LAW GROUP, P.C.**
*Attorneys for Petitioner*
**35 Pinelawn Road**
**Suite 106 East**
**MELVILLE, NEW YORK 11747**
**(631) 249-5600**

*To:*  ***

*Attorney(s) for*  ***

*Service of a copy of the within* ***          is hereby admitted.
*Dated:* ***

.........................
*Attorney(s) for* ***

*PLEASE TAKE NOTICE*

☐     *that the within is a (certified) true copy of a* ***
      *entered in the office of the clerk of the within named Court on* ***
NOTICE OF
ENTRY

☐     *that an Order of which the within is a true copy will be presented for settlement to*
      *the Hon.* ***
☐     *one of the judges of the within named Court, at* ***, *on* ***, *at* ***   .
NOTICE OF
SETTLEMENT
*Dated:* ***

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

Index No. 05/60091

St. Paul Fire & Marine Insurance Co. a/s/o Hudson Street, L.L.C.

, Plaintiff(s)

- against -

Architron Designers and Builders, Inc., Ayn Enterprises Inc., GJF
Structures, P.E., P.C. and Joseph Edward Vance Architect

, Defendant(s)

State of New York     )
                      )  SS.:
County of New York    )

AFFIDAVIT OF SERVICE

Ben Cohen being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 03/17/2005 at 11:22 AM at:
            GJF Structure, P.E., P.C.
            40-12 28th Street
            Long Island City NY 11101
Deponent served the:

Summons and Complaint
on GJF Structure, P.E., P.C.

a professional corporation
By delivering thereat a true copy to Christina Dimitriou
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Financial Administrator and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 44 HEIGHT: 5'0''   WEIGHT: 220    HAIR: BROWN    RACE: WHITE     SEX: FEMALE

SWORN TO BEFORE ME  3/18/05

SHIRLEY S. DURYEA
Notary Public, State of New York
No. 01DU6974270
Qualified in Kings County
Commission Expires May 13, 2006

Ben Cohen                License #1009104

OUR DOC# 7386
Sheps Law Group P.C.
35 Pinelawn Road
Suite 106 East
Melville NY 11747
631-249-5600
4368-SPRS

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 1 2005

NOT COMPARED
WITH COPY FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
────────────────────────────────────────X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

                    Plaintiff,

      -against-                       **ORDER TO SHOW CAUSE**
                                         05-CV-1872 (SJF) (RER)

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES, INC., GJC STRUCTURES,
P.E., P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                    Defendants.
────────────────────────────────────────X

FEUERSTEIN, J.

      On March 16, 2005, plaintiff St. Paul Fire and Marine Insurance Co. ("Plaintiff")

commenced this action against defendants Architron Designers and Builders, AYN Enterprises,

GJC Structures, and Joseph Edward Vance, in New York State Supreme Court, County of

New York asserting claims of negligence and breach of contract.  On April 15, 2005, defendant

Architron Designers and Builders timely removed the case to this Court pursuant to 28 U.S.C. §

1332.

      Plaintiff originally filed this case in New York County in the Southern District of New

York.  Cases within federal jurisdiction may be removed "to the district court ... for the district

and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Architron improperly removed this case to the Eastern District.

The parties are directed to show cause **in writing** by **March 7, 2007 at 5:00 PM** why this case should not be transferred to the Southern District of New York.

IT IS SO ORDERED.


S/sjf
Sandra J. Feuerstein
United States District Judge


Dated:    February 26, 2007
Brooklyn, New York

Copies:


Edward S. Benson
Nicoletti Gonson & Spinner LLP
546 Fifth Avenue
20th Floor
New York, NY 10036


Douglas R. Halstrom
L'Abbate, Balkan, Colavita & Contini, LLP
1050 Franklin Avenue
Garden City, NY 11530


Robert C. Sheps
Sheps Law Group, P.C.
35 Pinelawn Road
Suite 106 East
Melville, NY 11747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

               Plaintiff,

    -against-                                   **ORDER TO SHOW CAUSE**
                                                   05-CV-1872 (SJF) (RER)

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES, INC., GJC STRUCTURES,
P.E., P.C. and JOSEPH EDWARD VANCE ARCHITECT,

               Defendants.
———————————————————————X

FEUERSTEIN, J.

       On March 16, 2005, plaintiff St. Paul Fire and Marine Insurance Co. ("Plaintiff")

commenced this action against defendants Architron Designers and Builders, AYN Enterprises,

GJC Structures, and Joseph Edward Vance, in New York State Supreme Court, County of

New York asserting claims of negligence and breach of contract.  On April 15, 2005, defendant

Architron Designers and Builders timely removed the case to this Court pursuant to 28 U.S.C. §

1332.

       Plaintiff originally filed this case in New York County in the Southern District of New

York.  Cases within federal jurisdiction may be removed "to the district court ... for the district

and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

Architron improperly removed this case to the Eastern District.

The parties are directed to show cause **in writing** by **March 7, 2007 at 5:00 PM** why this case should not be transferred to the Southern District of New York.

IT IS SO ORDERED.


S/sjf_____

Sandra J. Feuerstein

United States District Judge


Dated:    February 26, 2007

Brooklyn, New York

Copies:


Edward S. Benson
Nicoletti Gonson & Spinner LLP
546 Fifth Avenue
20th Floor
New York, NY 10036


Douglas R. Halstrom
L'Abbate, Balkan, Colavita & Contini, LLP
1050 Franklin Avenue
Garden City, NY 11530


Robert C. Sheps
Sheps Law Group, P.C.
35 Pinelawn Road
Suite 106 East
Melville, NY 11747

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X



ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC

          Plaintiff,

     -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

          Defendants.

------------------------------------------------------------------X

Docket No.
Rule 7.1 STATEMENT

**FEUERSTEIN, J.**

**GO, M.J.**

       Pursuant to Federal Rule of Civil Procedure 7.1 [formerly Local General Rule 1.9] and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for ARCHITRON DESIGNERS AND BUILDERS, INC. (a private non-governmental party) certifies that the following are corporate parents, affiliates and/or subsidiaries of said party, which are publicly held.

None

Dated: New York, New York
      April 15, 2005

                      Edward S. Benson, Esq.
                      NICOLETTI GONSON & SPINNER LLP
                      Attorneys for Defendant
                      Architron Designers and Builders, Inc.
                      546 Fifth Avenue, 20th Floor
                      New York, New York 10036
                      (212) 730-7750
                      Our File: 10111.00220

                      Attorney Bar Code:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.                    Docket No.  CV 05 1872
a/s/o HUDSON STREET, LLC,
                                                                      ANSWER
                                        Plaintiff,

        -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                                        Defendants.
-------------------------------------------------------------------X

        Defendant, Architron Designers and Builders, Inc., by and through its attorneys,

Nicoletti Gonson & Spinner LLP answers the plaintiff's complaint as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "1".

        2.      Denies each and every allegation contained in paragraph of the complaint

numbered "2" and begs leave to refer to the original of said document on the trial of this action

for the contents thereof.

        3.      Denies in the form alleged in paragraph of the complaint numbered "3".

        4.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "4".

        5.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "5".

        6.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "6".

7.    Denies each and every allegation contained in the paragraph of the complaint numbered "7" and respectfully refers all questions of law to the court for determination.

8.    Denies each and every allegation contained in the paragraph of the complaint numbered "8" and respectfully refers all questions of law to the court for determination.

9.    Denies each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the court for determination.

10.    Denies each and every allegation contained in the paragraph of the complaint numbered "10" and respectfully refers all questions of law to the court for determination.

11.    Denies each and every allegation contained in the paragraph of the complaint numbered "11" and respectfully refers all questions of law to the court for determination.

<u>ANSWERING THE FIRST CAUSE OF ACTION</u>

12.    Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "12".

13.    Denies each and every allegation contained in the paragraph of the complaint numbered "13" and respectfully refers all questions of law to the court for determination.

14.    Denies each and every allegation contained in the paragraph of the complaint numbered "14" and respectfully refers all questions of law to the court for determination.

### ANSWERING THE SECOND CAUSE OF ACTION

15.    Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "15".

16.    Denies each and every allegation contained in the paragraph of the complaint numbered "16" and respectfully refers all questions of law to the court for determination.

17.    Denies each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law to the court for determination.

18.    Denies each and every allegation contained in the paragraph of the complaint numbered "18" and respectfully refers all questions of law to the court for determination.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.    Upon information and belief all hazards and risks incident to the circumstances set forth in the plaintiff's complaint were obvious and apparent and were readily assumed by the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.    If the plaintiff has been damaged or injured as alleged in the complaint herein, and such damage and injury was not sustained solely as a result of the plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by

reason of the negligence, carelessness, culpable conduct, want of care, and intentional acts of third-parties over whom this defendant had no control and for whose negligence, carelessness, want of care, and intentional criminal acts this defendant is not responsible.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.    Answering defendant relies on and is entitled to all benefits and rights under Article 16 of the New York CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.    If plaintiff's subrogor has been injured and damaged as alleged in the complaint, such injury and damage were caused or contributed to by reason of plaintiff subrogor's own conduct, negligence, carelessness or want of care, and if it be determined that plaintiff's subrogor is entitled to a recovery herein as against this answering defendant, such recovery should be apportioned between plaintiff's subrogor and this answering defendant according to their relative responsibility therefore.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules, and consequently, if any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.    Plaintiff's complaint fails to state a cause of action upon which a claim for relief can be granted.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's injuries, if any, were caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.    Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in this complaint.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.    Plaintiff lacks capacity to sue.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred by waiver of subrogation clauses contained in the contracts between the parties.

### AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT, ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

29.    If the plaintiff sustained the injuries and damage as alleged in the complaint, and said injuries and damages were not sustained as a result of the plaintiff's own negligence, carelessness, or want of care, then same were caused as a result of the acts and conduct, negligence, carelessness or want of care, on the part of the co-defendants, AYN Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, without any negligence, carelessness or want of care on the part of this defendant in any way contributing thereto.

30.    If plaintiff recovers a judgment against this answering defendant, by reason of the premises alleged in plaintiff's complaint, this defendant will be damaged thereby and will be entitled to be indemnified therefor, in whole or in part, by the co-defendants, AYN Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, and to have judgment over and against said co-defendants for any judgment that may be recovered by plaintiff against this defendant, or for that portion thereof that is shown to be the responsibility of the aforesaid co-defendants, together with this defendant's expenses of investigation and attorneys' fees.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT, ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

31.    That if the plaintiff sustained the injuries and damages in the manner and at the time and place set forth in the complaint, and if it is found that the answering defendant is liable to the plaintiff herein, then said damages were sustained in whole or in part by reason of the negligence and/or breach of warranty and/or contract by the aforesaid co-defendants and the answering defendant is entitled to contribution, apportionment and indemnification from and against the said co-defendants for all or part of any verdict or judgment that plaintiff may recover against this answering defendants.

Dated:    New York, New York
            April 19, 2005

By: _____
            Yours, etc.
            Marina A. Spinner  (MAS 9959)
            Nicoletti Gonson & Spinner LLP
            Attorneys for Defendant
            Architron Designers and Builders, Inc.
            546 Fifth Avenue, 20th Floor
            New York, New York 10036
            (212) 730-7750
            Our File:  10111.00220

TO:    Sheps Law Group P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Ste. 106E
        Melville, New York 11747
        (631) 249-5600
        Your File: 4368

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City, New York 11101

        Joseph Edward Vance Architect
        119 Kent Street
        Brooklyn, New York 11222

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK   )
                               ) ss.:
COUNTY OF NEW YORK )

Jovita Brown being duly sworn, deposes and says:

Deponent is not a party to the action and is over 18 years of age residing in Bronx, NY.

On April 20th, 2005, deponent served the within Answer and Notices to Take Oral Deposition upon

        Sheps Law Group P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Ste. 106E
        Melville, New York 11747
        (631) 249-5600
        Your File: 4368

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City, New York 11101

        Joseph Edward Vance Architect
        119 Kent Street
        Brooklyn, New York 11222

attorneys in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                         _Jovita Brown_

Sworn to before me this
20th day of April, 2005

_____
Notary Public

JAMIE TODD PACKER
NOTARY PUBLIC, STATE OF NEW YORK
REG. # 02PA6000791
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 12/22/05

Douglas R. Halstrom
Partner
dhalstrom@lbcclaw.com

July 1, 2005

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *St. Paul Fire and Marine Insurance Co. a/s/o Hudson Street, LLC*
        *v. Architron Designers and Builders, Inc. et al.*
        Docket No.          :       CV 05 1872
        LBC&C File No.       :       02 169 74312

Dear Honorable Feuerstein:

     This office represents the  defendant, Joseph Edward Vance, in the above-referenced litigation, which has recently been removed to Federal Court for handling by your part.  This will also confirm that plaintiff's counsel, Robert Scheps, Esq., has agreed to extend my client's time to respond to the Complaint up to and including July 15, 2005.  In the event that plaintiff's counsel does not agree to discontinue the claims against Vance between now and July 15, 2005, we will likely be requesting leave to make a motion to dismiss the Complaint against Vance insofar as plaintiff's subrogor had previously executed a Release in favor of Vance over two years ago.  We will request leave if and when it is necessary.  At the moment, we simply request an extension of time to July 15, 2005 to respond to the Complaint.

     Thank you for your courtesies in the above regard and by copy of this letter, we thank plaintiff's counsel for his courtesies as well.

Very truly yours,

Douglas R. Halstrom

DRH:gd

cc:        (Via Regular Mail)
           Robert C. Sheps, Esq.
           Sheps Law Group, P.C.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                              Plaintiff,

                                       Docket No. CV 05 1872

        -against-

                                         <u>**ANSWER**</u>

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                          Defendants.
--------------------------------------------------------------------------x

        Defendant, Joseph Edward Vance Architect ("Vance"), by its attorneys L=Abbate, Balkan, Colavita & Contini, L.L.P., answers the Complaint, alleging as follows:

        1.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs "1", "2", "3", "4" and "5" of the Complaint.

        2.      Denies each and every allegation contained in paragraph "6" of the Complaint, except admits that Vance is a licensed architect in the state of New York and maintains a principal place of business at 181 North 11th Street, Suite 202, Brooklyn, New York 11211.

        3.      Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

        4.      Denies each and every allegation contained in paragraph "8" of the Complaint to the extent that they relate to defendant Vance, except admits that Vance was retained by Hudson Street, LLC to perform various architectural services at the subject building and this answering defendant respectfully refers the Court to that agreement for its full, true and complete terms.  Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the

2

allegations contained in this paragraph to the extent that they relate to the remaining defendants.

5.     Denies each and every allegation contained in paragraphs "9" and "10" of the Complaint to the extent that they relate to defendant Vance and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants.

6.     Denies each and every allegation contained in paragraph "11" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

### AS TO THE FIRST CAUSE OF ACTION
### AS TO DEFENDANTS' NEGLIGENCE

7.     In response to paragraph "12" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "11" of the Complaint as if fully set forth at length herein.

8.     Denies each and every allegation contained in paragraphs "13" and "14" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

### AS TO THE SECOND CAUSE OF ACTION AS
### TO DEFENDANTS' BREACH OF CONTRACT

3

9.      In response to paragraph "15" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "14" of the Complaint as if fully set forth at length herein.

10.      Denies each and every allegation contained in paragraph "16" of the Complaint to the extent that they relate to defendant Vance, except admits that Vance was retained by Hudson Street, LLC to perform various architectural services at the subject building and this answering defendant respectfully refers the Court to that agreement for its full, true and complete terms.  Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

11.      Denies each and every allegation contained in paragraphs "17" and "18" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

4

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.    If the plaintiff sustained any personal injuries or damages as alleged in the Complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.    All claims are dismissible by virtue of plaintiff's subrogor's (Hudson Street, LLC) execution of a release in favor of Joseph Edward Vance, Architect with respect to the damage to the building at issue in this case.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.    The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were caused in whole or in part by the negligence, carelessness and/or culpable conduct of the plaintiff, plaintiff's subrogors and/or the co-defendants, their servants, agents or employees and others for whom the plaintiff, plaintiff's subrogors and/or co-defendants were legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to the plaintiff, plaintiff's subrogors and/or co-defendants bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

5

15.    The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of this answering defendant, its servants, agents or employees, but were caused by reason of the carelessness, negligence, culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom this answering defendant had no control and the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to said third parties bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss has been, or will, with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in ' 4545 of the New York Civil Practice Law and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.    Plaintiff=s damages if any, were sustained as a result of intervening causes which were out of the control of the defendants and not the result of the conduct, acts or omissions of the defendants.  By virtue of said intervening causes, the plaintiff=s injuries were not proximately caused by the defendants and, therefore, the claim against the defendants should be dismissed.

6

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.    The Complaint and each and every cause of action alleged against defendant Vance fails to state any cause of action upon which relief can be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.    Plaintiff may not maintain each of its alleged causes of action since they are barred by the applicable principles of waiver and estoppel.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC. and GJC STRUCTURES, P.E., P.C.

20.    If the plaintiff sustained damages in the manner alleged in the Complaint, all of which are denied by this answering defendant, such damages were caused in whole or in part by the negligence, carelessness, culpable conduct and/or breach of duty of the co-defendants, and of third parties who are not parties to this action, with no negligence, carelessness, culpable conduct and/or breach of duty on the part of this answering defendant contributing thereto.

21.    That by reason of the foregoing this answering defendant is entitled to full indemnity/contribution from, and to judgment over and against the co-defendants, for all or any part of any verdict or judgment which any party to this action may recover against this answering defendant, all determined in accordance with the relative culpability of each party liable herein.

7

WHEREFORE, defendant Joseph Edward Vance Architect demands judgment:

a)      dismissing the Complaint;

b)      awarding it judgment on its cross-claim for contribution and indemnification, including attorneys' and investigating fees;

c)      awarding it costs and disbursements of this action; and

d)      awarding it such other and further relief that this Court may deem just and proper.


Dated:          Garden City, New York
                July 15, 2005

                                        Respectfully yours,

                                        L'ABBATE, BALKAN, COLAVITA
                                        & CONTINI, L.L.P.


                        By:     _____
                                Douglas R.  Halstrom (9593)
                                Attorneys for Defendant
                                JOSEPH EDWARD VANCE ARCHITECT
                                1050 Franklin Avenue
                                Garden City, New York 11530
                                (516) 294-8844

To:     Robert C. Sheps, Esq.
        Sheps Law Group, P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600
        File No. 4368

        Marina A. Spinner, Esq.
        Nicoletti Gonson & Spinner, LLP
        Attorneys for Defendant
        ARCHITRON DESIGNERS AND BUILDERS, INC.
        546 Fifth Avenue, 20th Floor
        New York, New York 10036
        (212) 730-7750
        File 10111.00220

8

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF NASSAU         )

        GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

        That on the 15th day of July, 2005 deponent served the within Answer upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                           _____
                           GINA DONAHUE

Sworn to before me this
15th day of July, 2005.

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                       Plaintiff,

Docket No. CV 05 1872

          -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

**NOTICE TO TAKE
DEPOSITIONS
UPON ORAL
<u>EXAMINATION</u>**

                     Defendants.
-------------------------------------------------------------------------x
S I R S :

          PLEASE TAKE NOTICE, that pursuant to Rule 26 <u>et</u>. <u>seq</u>. of the Federal Rules of

Civil Procedure the testimony, upon oral examination, of all adverse parties, will be taken before a

notary public who is not an attorney, or employee of an attorney, for any party or prospective party

herein and is not a person who would be disqualified to act as a juror because of interest or

because of consanguinity or affinity to any party herein, at the United States District Courthouse,

for the Eastern District of New York, located at 225 Cadman Plaza East, Brooklyn, New York

11201, on the 12th day of October, 2005 at 10:00 o'clock in the forenoon of that day with respect to

evidence material and necessary to this action.

          That the said persons to be examined are required to produce at such examination

the following:

          All books, papers and other things in their possession, custody or control relating to

this action to be marked as exhibits, and used at the examination.

Dated:       Garden City, New York
                July 15, 2005

2

Respectfully yours,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By:      _____

Douglas R.  Halstrom (9593)
Attorneys for Defendant
JOSEPH EDWARD VANCE ARCHITECT
1050 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

To:      Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
File No. 4368

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750
File 10111.00220

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK     )
                               ) ss.:
COUNTY OF NASSAU     )

        GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

        That on the 15th day of July, 2005 deponent served the within Notice to Take Depositions Upon Oral Examination upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
GINA DONAHUE

Sworn to before me this
15th day of July, 2005.

_____
Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.          Docket No.: 05 CV 1872
a/s/o HUDSON STREET, LLC

                              Plaintiff,

                    -against-          ANSWER TO
                                         CROSS-CLAIM OF
                                         JOSEPH EDWARD
ARCHITRON DESIGNERS AND BUILDERS, INC.,          VANCE
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                         Defendants.

-------------------------------------------------------------------X

      Defendant, Architron Designers and Builders, Inc., by and through its attorneys, Nicoletti,

Gonson & Spinner, LLP, answers defendant, Joseph Edward Vance, by and through its attorneys'

cross-claim as follows:

<u>ANSWERING THE CROSS-CLAIM</u>

      1.      Denies each and every allegation contained in paragraph 20 of the cross-claim and

respectfully refers all questions of law to the court for determination.

      2.      Denies each and every allegation contained in paragraph 21 of the cross-claim for

contribution and respectfully refers all questions of law to the court for determination.


      WHEREFORE, the defendant demands judgment dismissing the Cross-Claim against it,

awarding it the costs and disbursements of this action, including attorneys' fees and such other relief

as the court may deem appropriate.


Dated: New York, New York
       July 19, 2005

Edward S. Benson, Esq. (EB 1908)
NICOLETTI GONSON & SPINNER LLP
Attorneys for Defendant
Architron Designers and Builders, Inc.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750
Our File: 10111.00220

TO:     Sheps Law Group P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Ste. 106E
        Melville, New York 11747
        (631) 249-5600
        Your File:  4368

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City, New York 11101

        L'Abbate, Balkan, Colavita & Contini, L.L.P
        Attorneys for Defendant, Joseph Edward Vance
        1050 Franklin Avenue
        Garden City, New York 11530

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    Docket No.: 05 CV 1872

-----------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC,

                                        Plaintiff,


            -against-


ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT,

                                        Defendants.
-----------------------------------------------------------------------X


## ANSWER TO CROSS-CLAIM


**NICOLETTI GONSON & SPINNER LLP**
546 Fifth Avenue – 20th Floor
New York, New York 10036
(212) 730-7750
Our File: 10111.00220
Attorneys for Defendant
Architron Designers and Builders, Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                   Plaintiff,

           -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                   Defendants.
--------------------------------------------------------------------------x

Docket No. CV 05 1872

**ANSWER TO CROSS-
CLAIMS OF DEFENDANT
ARCHITRON DESIGNERS
AND BUILDERS, INC.**

Defendant, Joseph Edward Vance Architect ("Vance"), by its attorneys L=Abbate, Balkan,

Colavita & Contini, L.L.P., responds to the Cross-Claims of defendant Architron Designers and

Builders, Inc. ("Architron"), contained in Architron's Answer dated April 19, 2005, as follows:

## AS TO THE FIRST CROSS-CLAIM

1.      Defendant Vance denies each and every allegation contained in paragraphs "29" and

"30" of Architron's Answer as same relate to defendant Vance, denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and respectfully

refers all questions of law to this Honorable Court for ultimate determination.

## AS TO THE SECOND CROSS-CLAIM

2.      Defendant Vance denies each and every allegation contained in paragraph "31" of

Architron's Answer as same relate to defendant Vance, denies having knowledge or information

sufficient to form a belief as to the truth of the remaining allegations and respectfully refers all

questions of law to this Honorable Court for ultimate determination.

2

WHEREFORE, defendant Joseph Edward Vance Architect demands judgment:

    A.    Dismissing the First Cross-Claim for indemnification and contribution asserted by defendant Architron;

    B.    Dismissing the Second Cross-Claim for contribution, apportionment and indemnification asserted by defendant Architron;

    C.    Awarding it the costs and disbursements of this action, including attorneys' and investigating fees; and

    E.    Awarding it such other and further relief as this Court may deem just and proper.

Dated:        Garden City, New York
                August 3, 2005

                        Respectfully yours,

                        L'ABBATE, BALKAN, COLAVITA
                        & CONTINI, L.L.P.

              By:    _____

                        Douglas R.  Halstrom (9593)
                        Attorneys for Defendant
                        JOSEPH EDWARD VANCE ARCHITECT
                        1050 Franklin Avenue
                        Garden City, New York 11530
                        (516) 294-8844

To:        Robert C. Sheps, Esq.
            Sheps Law Group, P.C.
            Attorneys for Plaintiff
            35 Pinelawn Road, Suite 106E
            Melville, New York 11747
             (631) 249-5600
            File No. 4368

            Marina A. Spinner, Esq.
            Nicoletti Gonson & Spinner, LLP
            Attorneys for Defendant
            ARCHITRON DESIGNERS AND BUILDERS, INC.
            546 Fifth Avenue, 20th Floor
            New York, New York 10036
            (212) 730-7750
            File 10111.00220

3

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK        )
                                              ) ss.:
COUNTY OF NASSAU        )

        GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

        That on the 3rd day of August, 2005 deponent served the within Answer to Cross-Claims of defendant Architron Designers and Builders, Inc. upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
GINA DONAHUE

Sworn to before me this
3rd day of August, 2005.

_____
Notary Public



FILED
IN CLERKS OFFICE
U.S. ~~~~~~ ~~ N.Y.

★ MAR 2 2 2006 ★

P.M. _____
TIME A.M. _____

Douglas R. Halstrom
Partner
dhalstrom@lbcclaw.com

July 1, 2005

Honorable Sandra J. Feuerstein
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    *St. Paul Fire and Marine Insurance Co. a/s/o Hudson Street, LLC
       v. Architron Designers and Builders, Inc. et al.*
       Docket No.          :       CV 05 1872
       LBC&C File No.       :       02 169 74312

Dear Honorable Feuerstein:

This office represents the defendant, Joseph Edward Vance, in the above-referenced litigation, which has recently been removed to Federal Court for handling by your part. This will also confirm that plaintiff's counsel, Robert Scheps, Esq., has agreed to extend my client's time to respond to the Complaint up to and including July 15, 2005. In the event that plaintiff's counsel does not agree to discontinue the claims against Vance between now and July 15, 2005, we will likely be requesting leave to make a motion to dismiss the Complaint against Vance insofar as plaintiff's subrogor had previously executed a Release in favor of Vance over two years ago. We will request leave if and when it is necessary. At the moment, we simply request an extension of time to July 15, 2005 to respond to the Complaint.

Thank you for your courtesies in the above regard and by copy of this letter, we thank plaintiff's counsel for his courtesies as well.

Very truly yours,

Douglas R. Halstrom

DRH:gd

cc:    (Via Regular Mail)
       Robert C. Sheps, Esq.
       Sheps Law Group, P.C.

Order

The application is granted, nunc pro tunc.

USDJ  3/16/06



**New York City Office**

67 Wall Street
22nd Floor
New York, NY 10005
Tel (212) 709-8240
Fax (212) 943-2300

**SHEPS LAW GROUP**

*Attorneys at Law*

**Newark Office**

One Gateway Center
Suite 2600
Newark, NJ 07102
Tel (973) 286-1611
Fax (973) 286-1612

35 Pinelawn Road • Suite 106 East • Melville, NY 11747 • Tel (631) 249-5600 • Fax (631) 249-5613

May 11, 2006

Hon. Sandra J. Feuerstein
U. S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   St. Paul Fire and Marine Insurance Co. a/s/o Hudson
      Street, LLC v. Architron Designers et. al.
      Index No.: 05 CV 1872
      Our File No.: 4368

Dear Honorable Feuerstein:

Our firm represents the plaintiff St. Paul Fire and Marine Insurance Company as subrogee of Hudson Street, LLC., with respect to property damage arising from a wall collapse.

This case had been removed from State Court to Federal Court back in April 2005. After reviewing the material available online via ECF it does not appear that a Rule 16 initial conference has been ordered. As this case has been in Eastern District for sometime now, we kindly request that the Court in its discretion to schedule an initial conference so that this case may proceed forward.

Thank you for your time and consideration in this respect.

Very Truly Yours,

**SHEPS LAW GROUP P.C.**

ROBERT C. SHEPS

Cc:

Edward S. Benson, Esq.
Nicoletti Gonson & Spinner LLP
546 Fifth Avenue 20th Floor
New York, NY 10036

Douglas R. Halstrom, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1050 Franklin Avenue
Garden City, NY 11530

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

*C lw*
*D 'ql'*

FILED
IN CLERKS OFFICE
U.S ___ _____ ED. N.Y:

☆  MAY 2 2 2006  ☆

P. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, LLC,

                              Plaintiff(s),                05CV1872 (SJF) (RER)

          - against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,              **NOTICE**
et. al.,

                              Defendant(s).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

          You are hereby noticed that the court will conduct a initial conference on the

above-captioned matter on **Tuesday, May 23, 2006 at 10:30 a.m.** at the **Brooklyn**

**Courthouse**.


          The conference will be held before the Honorable Sandra J. Feuerstein.


          ***Plaintiff(s) Pro Se or plaintiff(s) counsel is/are directed to serve a copy of***

***this notice on all parties upon receipt.***

                         _Maryanne Cerny_

                    Maryanne Cerny, Judicial Assistant to
                    Hon. Sandra J. Feuerstein

Dated:    May 12, 2006
          Central Islip, NY

Copies:    Sheps Law Group, P.C.
           Nicoletti Gonson & Spinner LLP
           L'Abbate, Balkan, Colavita & Contini, LLP

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF NEW YORK

Index No. 05/600948

---

St. Paul Fire & marine Insurance Co. a/s/o Hudson Street, L.L.C.

, Plaintiff(s)

- against -

Architron Designers and Builders, Inc., Ayn Enterprises Inc., GJC
Structures, P.E., P.C. and Joseph Edward Vance Architect

, Defendant(s)

---

State of New York      )
                       )  SS.:
County of New York     )

### AFFIDAVIT OF SERVICE

Ben Cohen being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 03/17/2005 at 11:22 AM at:
        Architron Designers and Builders, Inc.
        40-12 28th Street
        Long Island City NY 11101
Deponent served the:

Summons and Complaint

on Architron Designers and Builders, Inc.

a domestic and/or foreign corporation
by delivering thereat a true copy to Christina Dimitriou
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Financial Administrator and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 44 HEIGHT: 5'6''   WEIGHT: 220    HAIR: BROWN     RACE: WHITE      SEX: FEMALE

Ben Cohen              License #1009104

SWORN TO BEFORE ME  3/18/05

SHIRLEY S. DURANT
Notary Public, State of New York
No. 01DU6074278
Qualified in Kings County
Commission Expires May 13, 2006

OUR DOC# 7382
Sheps Law Group P.C.
35 Pinelawn Road
Suite 106 East
Melville NY 11747
631-249-5600
4368-SPRS

NEW YORK
COUNTY CLERK'S OFFICE

MAR 21 2005

NOT COMPARED
WITH COPY FILED

# AFFIDAVIT OF SERVICE

**State of New York**                 **County of New York**                 **Supreme Court**

Index Number: 05-600948
Date Filed: 3/16/2005

Plaintiff:
**St.Paul Fire & Marine Insurance Co. a/s/o Hudson Street, L.L.C.,**

vs.

Defendant:
**Architron Designers and Builders, Inc., et. al.,**

**State of New York, County of Albany)ss.:**

Received by ServerLinks.Com to be served on **AYN ENTERPRISES INC..**

I, J.R. O'Rourke, being duly sworn, depose and say that on the **21st day of March, 2005** at **2:30 pm, I:**

Served the within named **CORPORATION** by delivering two true copies of the **Summons and Complaint pursuant to section 306 BCL together with statutory service fee in the amount of $40.00** to Carol Vogt as Senior Corporation Specialist of The New York State Department of State , the New York State Department of State being the **Registered Agent** of record of the within named corporation, in compliance with state statutes.

Said documents were conformed with index number and date of filing was endorsed thereon.

**Description** of Person Served: Age: 44, Sex: F, Race/Skin Color: White, Height: 5' 0", Weight: 125, Hair: Brown, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Process Server in good standing in the jurisdiction in which the process was served.

NEW YORK
COUNTY CLERK'S OFFICE

[APR - 1 2005

NOT COMPARED
WITH COPY FILED

Subscribed and Sworn to before me on the the 24th
day of March, 2005 by the affiant who is personally
known to me.

NOTARY PUBLIC

PATRICIA A. BURKE
Notary Public, State of New York
No. 4922372
Qualified in Albany County
Commission Expires Feb. 28 20.

J.R. O'Rourke
Process Server

**ServerLinks.Com
4 Madison Ave
Endicott, NY 13760
(607) 658-9095**

Our Job Serial Number: 2005001771
Ref: 7385

Copyright © 1992-2001 Database Services, Inc. - Process Server's Toolbox V5.5f

State of New York – Department of State
Receipt for Service

Receipt #:  200503220355                    Cash #: 200503220324
Date of Service:  03/21/2005               Fee Paid: $40 – CHECK
Service Company:  31&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;&#9632;, INC.

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS
    CORPORATION LAW

Party Served:  A.Y.N. ENTERPRISES, INC.


Plaintiff/Petitioner:
        ST. PAUL FIRE & MARINE INSURANCE CO.



Service of Process Address:
A.Y.N. ENTERPRISES, INC.
45 JOHN STREET SUITE 711
NEW YORK,  NY 10038

                                    Secretary of State
                                    By   CAROL VOGT

Index No. 05/600948

St. Paul Fire & marine Insurance Co. a/s/o Hudson Street, L.L.C.

, Plaintiff(s)

- against -

Architron Designers and Builders, Inc., Ayn Enterprises Inc., GJC
Structures, P.E., P.C. and Joseph Edward Vance Architect

, Defendant(s)

| | |
|---|---|
| State of New York | ) |
| | ) SS.: |
| County of New York | ) |

### AFFIDAVIT OF SERVICE

Ben Cohen being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 03/17/2005 at 11:22 AM at:
        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City NY 11101
Deponent served the:

Summons and Complaint
on GJC Structure, P.E., P.C.

a professional corporation
by delivering thereat a true copy to Christina Dimitriou
personally, deponent knew said corporation so served to be the corporation,
described in same as said recipient and knew said individual to be the
Financial Administrator and who stated that they were
authorized to accept service thereof.

Deponent describes the individual served as follows:
AGE: 44 HEIGHT: 5'6''   WEIGHT: 220   HAIR: BROWN    RACE: WHITE    SEX: FEMALE

SWORN TO BEFORE ME 3/18/05

SHIRLEY S. DURANT
Notary Public, State of New York
No. 01DU6074278
Qualified in Kings County
Commission Expires May 13, 2006

Ben Cohen          License #1009104

OUR DOC# 7386
Sheps Law Group P.C.
35 Pinelawn Road
Suite 106 East
Melville NY 11747
631-249-5600
4368-SPRS

NEW YORK
COUNTY CLERK'S OFFICE

MAR 2 1 2005

NOT COMPARED
WITH COPY FILED

St. Paul Fire & marine Insurance Co. a/s/o Hudson Street, L.L.C.
, Plaintiff(s)

- against -

Architron Designers and Builders, Inc., Ayn Enterprises Inc., GJC
Structures, P.E., P.C. and Joseph Edward Vance Architect
, Defendant(s)

State of New York )
) SS.:
County of New York )

### AFFIDAVIT OF SERVICE

Ben Cohen being duly sworn, deposes and says
that he is over the age of 18 years; is not a party to this action and resides
within the State of New York.  That on 05/11/2005 at  7:48 PM at:
187 Greenpoint Avenue
Brooklyn NY
Deponent served the:

Summons and Complaint
upon Joseph Edward Vance,
by delivering a true copy to:
Debbie Hancock, Refused To Give
who stated that they were authorized to accept service on behalf of
Joseph Edward Vance.

Within 20 days of such service, deponent enclosed a copy of same in a first
class postpaid envelope properly addressed to recipient at:
Joseph Edward Vance
187 Greenpoint Avenue
Brooklyn NY
and deposited said envelope in an official depository under the exclusive
care and custody of the U.S. Postal Service within New York State.  The
envelope bore the legend "PERSONAL & CONFIDENTIAL" and did not
indicate by return address or otherwise that the communication was from an
attorney or concerned an action against the recipient.

To the best of my knowledge, based on information and belief, the said
recipient at the time of service was not engaged in the military service
of the United States or New York. Recipient wore ordinary
civilian clothing and no military uniform.

Deponent describes the individual served as follows:
AGE: 38 HEIGHT: 5'6''   WEIGHT: 140    HAIR: BLONDE    RACE: WHITE    SEX: FEMALE

Ben Cohen          License #1009104

SWORN TO BEFORE ME  5/12/05

**SHIRLEY S. DURANT**
Notary Public, State of New York
No. 01DU6074278
Qualified in Kings County
Commission Expires May 13, 2006

OUR DOC# 7388
Sheps Law Group P.C.
35 Pinelawn Road
Suite 106 East
Melville NY 11747
631-249-5600
4368-SPRS

NEW YORK COUNTY CLERK'S OFFICE
MAY 12 2005
NOT COMPARED WITH COPY FILE

CIVIL CAUSE FOR STATUS    CONFERENCE

BEFORE JUDGE FEUERSTEIN   Date: MAY 23, 2006   TIME: 10:30 am

CV- 05-1872

TITLE:        ST. PAUL FIRE    -vs-   ARCHITRON D & B, et. al.

PLTFFS ATTY:  **GREGG OPELL**

    X   present          _____ not present

    _____ present          _____ not present

    _____ present          _____ not present

DEFTS ATTY:   **EDWARD BENSON**

    X   present          _____ not present

    **DOUGLAS HALSTROM** by: Tomas Kim

    X   present          _____ not present

    _____ present          _____ not present

COURT REPORTER:  N/A_____    COURTROOM DEPUTY: Brian Ketcham

OTHER:_____

 X  CASE CALLED.          _____

___  ARGUMENT HEARD / CONT'D TO_____.

___  DECISION: ORDER(S) SIGNED / ENTERED ON THE RECORD / RESERVED.

**OTHER:** SCHEDULE FOR MOTION TO DISMISS BY DEFENDANT VANCE: MOTION BY

6/6/06; OPPOSITION BY 1/16/06; REPLY BY 6/19/06. FURTHER CONFERENCE

SCHEDULED FOR 7/10/06 @ 11:00 AM.

**LB&C**

Attorneys at Law

L'Abbate, Balkan, Colavita & Contini, L.L.P.

One Battery Park Plaza, New York, NY 10004
T. 212.825.6900   F. 212.825.0657
www.lbcclaw.com

Tomas B. Lim
Associate
tlim@lbcclaw.com

Writer's Extension 6214

June 6, 2006

**VIA ELECTRONIC COURT FILING**

Honorable Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    St. Paul Fire & Marine Insurance Co. a/s/o Hudson Street
>          L.L.C. v. Architron Designers and Builders, Inc., AYN Enterprises
>          Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect
>          **Docket No.  CV 05 1872 (SJF)**
>          Our File: 169-74312

Hon. Sandra J. Feuerstein:

Pursuant to Your Honor's Individual Rules and Your Honor's directives from the conference held on May 23, 2006, today we are serving our motion to dismiss the above-referenced action. Our motion seeks the dismissal of all claims and cross-claims under Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, and alternatively seeks summary judgment under Rule 56. Our motion papers include a Notice of Motion, an Affidavit of Douglas R. Halstrom, Esq. with exhibits, an Affidavit of Joseph Vance with exhibit, a Statement of Material Facts Pursuant to Local Rule 56.1, and a Memorandum of Law.

By copy of this letter to all parties, we confirm that Your Honor directed that any opposition shall be served no later than June 16, 2006, and all motion papers, including our reply to any

1001 Franklin Avenue, Garden City, New York 11530          7 Regent Street, Suite 711, Livingston, NJ 07039
T. 516.294.8844   F. 516.294.8202                                      T. 973.422.0422   F. 973.422.0420

**St. Paul Fire & Marine Insurance Co.**
**a/s/o Hudson Street, L.L.C. v. Architron**
**Designers and Builders, Inc. et al**
**Docket No. CV 05 1872 (SJF)**
**June 6, 2006**
**Page 2**

opposition, shall be filed personally and electronically by our office on June 19, 2006. Accordingly, we request that any parties opposing the instant motion serve an additional copy upon our office so that we may file it pursuant to Your Honor's Individual Rules.

Respectfully submitted,

Tomas B. Lim (TBL2036)

cc:   Robert C. Sheps, Esq.
      Sheps Law Group, P.C.
      Attorneys for Plaintiff
      35 Pinelawn Road, Suite 106E
      Melville, New York 11747
      (631) 249-5600
      File No. 4368

      Marina A. Spinner, Esq.
      Nicoletti Gonson & Spinner, LLP
      Attorneys for Defendant
      ARCHITRON DESIGNERS AND BUILDERS, INC.
      546 Fifth Avenue, 20th Floor
      New York, New York 10036
      (212) 730-7750
      File 10111.00220

      AYN Enterprises, Inc.
      2555 Nostrand Avenue
      Brooklyn, New York 11210

      GJC Structure, PE, PC
      40-12 28th Street
      Long Island City, New York 11101





Attorneys at Law

**L'Abbate, Balkan, Colavita & Contini,** L.L.P.

One Battery Park Plaza, New York, NY 10004
T. 212.825.6900   F. 212.825.0657
www.lbcclaw.com

Tomas B. Lim
Associate
tlim@lbcclaw.com

Writer's Extension 6214

June 22, 2006

**VIA ELECTRONIC COURT FILING**

Honorable Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   St. Paul Fire & Marine Insurance Co. a/s/o Hudson Street
              L.L.C. v. Architron Designers and Builders, Inc., AYN Enterprises
              Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect
              **Docket No.  CV 05 1872 (SJF)**
              <u>Our File: 169-74312</u>

Hon. Sandra J. Feuerstein:

      Pursuant to Your Honor's Individual Rules, we are enclosing herewith our fully briefed motion to dismiss, which is ready for submission to the Court.  Enclosed with this letter are the following documents:

<div align="center">

**MOTION PAPERS**

Notice of Motion
Affidavit of Douglas R. Halstrom, Esq. in Support of Motion to Dismiss
Affidavit of Joseph Edward Vance in Support of Motion to Dismiss
Statement of Material Facts Pursuant to Local Rule 56.1
Memorandum of Law in Support of Motion to Dismiss or for Summary Judgment

</div>

1001 Franklin Avenue, Garden City, New York 11530       7 Regent Street, Suite 711, Livingston, NJ 07039
T. 516.294.8844   F. 516.294.8202                  T. 973.422.0422   F. 973.422.0420

**St. Paul Fire & Marine Insurance Co.**
**a/s/o Hudson Street, L.L.C. v. Architron**
**Designers and Builders, Inc. et al**
**Docket No. CV 05 1872 (SJF)**
**June 22, 2006**
**Page 2**

<u>**Opposition Papers**</u>

Affirmation in Opposition
Counter Statement of Material Facts Local Rule 56.1
Memorandum of Law in Opposition

<u>**Reply**</u>

Reply Affidavit of Douglas R. Halstrom
Reply Affidavit of Joseph Edward Vance

If Your Honor requires anything further, please do not hesitate to contact our office.

Respectfully submitted,

Tomas B. Lim (TBL2036)

TBL/bm
Encl.

cc:    Robert C. Sheps, Esq.
       Sheps Law Group, P.C.
       Attorneys for Plaintiff
       35 Pinelawn Road, Suite 106E
       Melville, New York 11747
       (631) 249-5600
       File No. 4368

       Marina A. Spinner, Esq.
       Nicoletti Gonson & Spinner, LLP
       Attorneys for Defendant
       ARCHITRON DESIGNERS AND BUILDERS, INC.
       546 Fifth Avenue, 20th Floor
       New York, New York 10036
       (212) 730-7750
       File 10111.00220



**St. Paul Fire & Marine Insurance Co.**
**a/s/o Hudson Street, L.L.C. v. Architron**
**Designers and Builders, Inc. et al**
**Docket No. CV 05 1872 (SJF)**
**June 22, 2006**
**Page 3**

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,                                     Docket No. CV 05 1872 (SJF)

                              Plaintiff,

                                                          **NOTICE OF MOTION**

              -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                              Defendants.
--------------------------------------------------------------------X


**C O U N S E L O R S :**

**MOTION BY**:            L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
                          Attorneys for Defendant
                          JOSEPH VANCE ARCHITECTS s/h/a
                          JOSEPH EDWARD VANCE ARCHITECT
                          1001 Franklin Avenue
                          Garden City, New York 11530

**DATE, TIME, &**
**PLACE OF HEARING**:     To Be Assigned By The Court at the Federal Courthouse, 225
                          Cadman Plaza East, Brooklyn, New York

**SUPPORTING PAPERS**:    (A)    Affidavit of Douglas R. Halstrom, Esq., sworn to June 6,
                                 2006, and annexed exhibits;

                          (B)    Affidavit of Joseph Edward Vance, sworn to June 6, 2006,
                                 and annexed exhibit;

                          (C)    Local Rule 56.1 Statement of Facts Supporting Summary
                                 Judgment; and

                          (D)    Memorandum of Law in Support.


**RELIEF DEMANDED**:      Defendant Joseph Vance Architects s/h/a Joseph Edward Vance
                          Architect ("Vance") hereby requests an Order: (1) dismissing the

Complaint for failure to state a cause of action, pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) and/or granting defendant Vance judgment on the pleadings pursuant to FRCP 12(c) and, in so doing, dismissing all claims and cross claims against Vance; (2) in the Court's discretion, converting this motion to one for summary judgment pursuant to Rules 12 and 56 of the FRCP and, in so doing, granting summary judgment in favor of defendant Vance, pursuant to FRCP 56, dismissing the Complaint and all cross claims against Vance; and (3) granting such other, further and different relief as to this Court may seem just, proper and equitable.

Dated: New York, New York
June 6, 2006

Respectfully submitted,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By:  _Tomas B. Lim_____
TOMAS B. LIM (TBL2036)
Attorneys for Defendant
JOSEPH VANCE ARCHITECTS s/h/a
JOSEPH EDWARD VANCE ARCHITECT
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

TO:    Robert C. Sheps, Esq.
       Sheps Law Group, P.C.
       Attorneys for Plaintiff
       35 Pinelawn Road, Suite 106E
       Melville, New York 11747
       (631) 249-5600
       File No. 4368

       Marina A. Spinner, Esq.
       Nicoletti Gonson & Spinner, LLP
       Attorneys for Defendant
       ARCHITRON DESIGNERS AND BUILDERS, INC.
       546 Fifth Avenue, 20th Floor
       New York, New York 10036
       (212) 730-7750
       File 10111.00220

2

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,                                    Docket No. CV 05 1872 (SJF)

                              Plaintiff,             **AFFIDAVIT OF DOUGLAS
                                                     R. HALSTROM, ESQ. IN SUPPORT
              -against-                              OF MOTION TO DISMISS**

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                              Defendants.
-------------------------------------------------------------------X
STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )

        DOUGLAS R. HALSTROM, being duly sworn, deposes and states:


        1.      I am a member of the law firm of L'Abbate, Balkan, Colavita & Contini, L.L.P.,

attorneys for the defendant, Joseph Vance Architects s/h/a Joseph Edward Vance Architect

(hereinafter "Vance"), in the above-captioned action.  As such, I am fully familiar with all the facts

and circumstances set forth herein.


        2.      This Affidavit is submitted on behalf of Vance in support of the instant motion for an

Order: (1) dismissing the Complaint for failure to state a claim upon which relief can be granted

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and/or granting

defendant Vance judgment on the pleadings pursuant to FRCP 12(c) and, in so doing, dismissing all

claims and cross claims against Vance; (2) in the Court's discretion, converting this motion to one

for summary judgment pursuant to FRCP 12 and 56 and, in so doing, granting summary judgment in

favor of defendant Vance, pursuant to FRCP 56, dismissing the Complaint and all cross claims against Vance; and (3) granting such other, further and different relief as this Court may deem just and proper.

3.    This action was commenced in New York State Supreme Court, New York County, by the filing of a Summons and Complaint on March 16, 2005 (See Exhibit A). On or about April 15, 2005, co-defendant, Architron Designers and Builders, Inc. (hereinafter "Architron"), petitioned for removal to this Court based upon diversity of citizenship, which petition was granted (See Exhibit B). Architron's Answer asserts cross-claims against every other defendant, including Vance (See Exhibit B). On or about July 15, 2005, Vance served its Answer, asserting a Second Affirmative Defense that this action is barred pursuant to a General Release (See Exhibit C). On or about August 3, 2005, Vance served its Answer to Architron's cross-claims (See Exhibit D).

4.    According to the Complaint, plaintiff, St. Paul Fire & Marine Insurance Co. (hereinafter "plaintiff-subrogee"), commenced this action seeking to recover monies paid to its insured, Hudson Street, L.L.C. (hereinafter "plaintiff-subrogor"), pursuant to a policy of insurance (See Exhibit A). The Complaint further provides that the monies paid by plaintiff-subrogee consisted of insurance proceeds paid to cover a loss arising on April 19, 2002, at the plaintiff-subrogor's premises, commonly known as 169 Hudson Street, New York, New York (hereinafter "the Premises") (See Exhibit A). Specifically, the Complaint alleges that the loss was the result of a

2

wall collapse on April 19, 2002, at the Premises (See ¶ 10 of the Complaint annexed hereto as Exhibit A).

5.    The Complaint fails to allege that in exchange for payment of the insurance proceeds, plaintiff-subrogor executed a subrogation agreement or receipt transferring all rights to bring a claim for the loss arising on April 19, 2002, to plaintiff-subrogee. Therefore, the Complaint fails to state a cause of action.

6.    Moreover, the accompanying Affidavit of Joseph Edward Vance, A.I.A., together with the exhibit annexed thereto, establishes that Vance negotiated and reached a settlement with plaintiff-subrogor for the same damages now being alleged in the Complaint. According to the settlement, plaintiff-subrogor, in consideration of thirty-five thousand dollars ($35,000.00), released and forever discharged Vance "from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity…" (See General Release attached to the accompanying Affidavit of Joseph Edward Vance dated June 5, 2006).

7.    I represented Vance in the settlement of plaintiff-subrogor's claims arising from the damage at the Premises on April 19, 2002. I have personal knowledge that pursuant to the settlement, a check in the amount of thirty-five thousand dollars ($35,000.00), representing Vance's full payment and satisfaction of the settlement agreement, was forwarded to plaintiff-subrogor.

3

8.    The accompanying Memorandum of Law in Support of this Motion establishes, as a matter of law, that in subrogation, only the rights of plaintiff-subrogor, nothing more, are transferred to the plaintiff-subrogee.  Plaintiff-subrogee does not inherit any rights greater than those rights originally held by plaintiff-subrogor.  In the instant case, pursuant to the aforesaid settlement and upon the signing of the release in favor of Vance, plaintiff-subrogor no longer possessed any right to make a claim against Vance for any damages at the Premises arising from the incident on April 19, 2002.  Thus, even if plaintiff-subrogee possesses a right of subrogation against the defendants in this case, plaintiff-subrogee in the instant case did not inherit any right to assert a claim against Vance for the same loss now being asserted in the Complaint insofar as such right has been extinguished by the plaintiff-subrogor's execution of the release in favor of Vance.

9.    The General Release attached as Exhibit 1 to the accompanying Affidavit of Joseph Edward Vance does not contain any language limiting the General Release to any uninsured loss.  Indeed, the General Release provides that Vance was released and forever discharged "from all claims," without any limitations.  Therefore, since plaintiff-subrogee stands in the shoes of plaintiff-subrogor, plaintiff-subrogee is barred from asserting the claims in the subject Complaint against Vance.  Accordingly, it is respectfully submitted that Vance is entitled to judgment dismissing the complaint by plaintiff-subrogee pursuant to FRCP Rules 12(b)(6) and 12 (c) and, should this Court decide to treat this motion as one for summary judgment pursuant to FRCP 56, the awarding of

4

summary judgment in favor of Vance, dismissing all claims and cross claims against Vance, is certainly warranted.

10.    Vance is similarly entitled to judgment dismissing all cross-claims.    The accompanying Memorandum of Law in Support of Motion to Dismiss or for Summary Judgment provides that the applicable laws bar the cross-claims for contribution and indemnification. Architron's cross-claim for contribution is barred because of the execution of the General Release in favor of Vance by virtue of Vance's settlement with the plaintiff-subrogor. As set forth within the accompanying memorandum of law, New York State's General Obligations Law, section 15-108, mandates the dismissal of Architron's cross claims for contribution insofar as plaintiff-subrogor's execution of the Release in favor of Vance operates to extinguish derivative cross claims for contribution, as in this case. Moreover, as further set forth in the accompanying memorandum of law, Architron's cross-claim for indemnification is similarly barred because the Complaint sets forther allegations of active wrongdoing against Architron, as opposed to allegations of vicarious liability by Architron for alleged wrongdoing by Vance. Vance and Architron are not related and do not have any legal relationship in this case.

11. Insofar as Architron is alleged to be actively negligent by the plaintiffs in this case, it is not entitled, under New York law, to recover against Vance for indemnity. The accompanying Memorandum of Law in Support of Motion to Dismiss or for Summary Judgment will establish that vicarious liability without actual fault on the part of Architron is a predicate to any claim for

5

indemnification. Accordingly, the cross-claims for contribution and indemnification asserted by Architron, which are the only cross-claims asserted against Vance in this action, should be dismissed as a matter of law.

WHEREFORE, the instant motion should be granted in its entirety, together with such other and further relief as to this Court may seem just, proper and equitable.

_____
DOUGLAS R. HALSTROM (DRH9593)

Sworn to before me this 6th
day of June, 2006.

_____
Notary Public

EILEEN E. PIETROFERE
Notary Public, State of New York
No. 4998464  NASSAU
Qualified in Suffolk County
Commission Expires June 29, 18  2006

6

**EXHIBIT A**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.,

                                    Plaintiff,


              -against-


ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                    Defendants
————————————————————————X

Index No.: 05-600948

**SUMMONS**

Plaintiff designates
County as the place of
trial

Basis of Venue is:
Plaintiff's Residence

Plaintiff resides at:
385 Washington Street
St. Paul, Minnesota

**To the above-named Defendant(s):**

         YOU ARE HEREBY SUMMONED to answer the complaint in this action,
and to serve a copy of your answer, or, if the complaint is not served with this
summons, to serve a notice of appearance on the Plaintiff's attorney within twenty
days after the service of this summons, exclusive of the day of service, where service
is made by delivery upon you personally within the state, or, within 30 days after
completion of service where service is made in any other manner.  In case of your
failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.


Dated: Melville, New York
       March 7, 2005

                              Respectfully submitted,

                              ————————————————
                              SHEPS LAW GROUP P.C.
                              BY: ROBERT C. SHEPS
                              Attorney for Plaintiff
                              35 Pinelawn Road, Suite 106E
                              Melville, New York 11747
                              (631) 249-5600
                              Our File No.: 4368

NEW YORK
COUNTY CLERK'S OFFICE

MAR 16 2005

NOT COMPARED
WITH COPY FILED

05/16/2005  14:04     718-383-4855                                                    PAGE  03/05

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101
AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

05/18/2005  14:04   718-383-4855                                    PAGE  04/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X
ST. PAUL FIRE & MARINE INSURANCE CO.                    **COMPLAINT**
a/s/o Hudson Street, L.L.C.,

                                                     NEW YORK
                                            COUNTY CLERK'S OFFICE No.: 05- 600940

                            Plaintiff,

                                               **MAR 1 6 2005**

       -against-                               NOT COMPARED
                                               WITH COPY FILED

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                            Defendants
————————————————————————X

       Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC.,  GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

       1.     Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

2.      At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number 1M0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.      Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in design and construction work.

4.      Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.      Defendant, GJC STRUCTURES, P.E., P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.      Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

7.    At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises").

8.    Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.    Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.    On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.    Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS
## -NEGLIGENCE-

12.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.    The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

(a)    Improper installation, repair and design of the renovation and construction in the building.

(b)     failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story façade wall;

(c)     failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)     failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)     failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)     retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)     failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)     failing to properly advise proper authorities of the nature, and hazards associated with the improper design and construction;

(i)     failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)     failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)     failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)     failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)    otherwise failing to use due care and proper skill under the circumstances.

14.     As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

05/16/2005  14:04    718-383-4855

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney's fees.

<div align="center">

**AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS**
**-BREACH OF CONTRACT-**

</div>

15.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 14 inclusive.

16.    For the reasons more particularly set forth in plaintiff's First Cause of Action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse;

17.    Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.    By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10 took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
       March 7, 2005

Respectfully submitted,

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

05/16/2005  14:04    718-383-4855                                    PAGE  09/09

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

**EXHIBIT  B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC

                    Plaintiff,

          -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                    Defendants.

------------------------------------------------------X

Docket No.

PETITION FOR
REMOVAL

BROOKLYN OFFICE



FEUERSTEIN, J.

GO, M.J.

          Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. ("Architron")

hereby files this Notice of Removal of the above-described civil action to the United States

District Court for the Eastern District of New York, from the Supreme Court of the State of New

York, County of New York where the action is now pending as provided by Title 28, U.S. Code,

Chapter 89 and state:

          1.   This cause was commenced in the Supreme Court of the State of New York, County

of New York, on or about March 16, 2005, a copy of plaintiff's complaint setting forth the claim

for relief upon which the action is based was received by the Defendant on or about March 17,

2005.

          2.   The action is a civil subrogation action for money damages regarding property

damage. The United States District Court for the District of New York, Eastern District has

jurisdiction by reason of the diversity of citizenship of the parties.

          3.   The action seeks damages in excess of $233,000.00 and, therefore, exceeds $150,000,

exclusive of interest and costs.

4. At the time of the commencement of this action in State Court, and since that time, the plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. ("St. Paul") has been and is now, a domicile of the State of Minnesota with a principal place of business in St. Paul, Minnesota. The defendants, to the extent that they all still exist, were, and still are, corporations, incorporated and existing under and by virtue of the laws of the State of New York having a principal place of business in the State of New York, or are unincorporated businesses that have or had principal places of business in the State of New York. None of the defendants, at the time the action was commenced and at the present time, are citizens of the State of Minnesota.

5. Defendant, Architron, attaches to this notice a copy of all process and pleadings served upon it in the cause.

6. Defendant, Architron, will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice will be filed with the clerk of the Supreme Court, New York, County of New York as required by 28 U.S.C. § 1446(d).

8. Defendant, Architron, has attempted to verify whether the other defendants to this action have been properly served with process relating to the action commenced by St. Paul in the Supreme Court of the State of New York, County of New York, and, if so, to obtain their consent to this removal. Upon information and belief, proper service has not been effected on any of the other defendants.

9. Defendant, JOSEPH EDWARD VANCE ARCHITECT advised, in a telephone call on April 14, 2005, that he had not received process in this matter. He further advised that the address indicated on the summons and complaint was a former address.

10. Defendant, GJC STRUCTURES, P.E., P.C., by its counsel, Robert W. Resnick, Esq., advised, in a telephone call on April 14, 2005, that he had investigated the matter and that service had not been effected on GJC STRUCTURES, P.E., P.C. and that it has ceased to operate. Mr. Resnick advised that he was not authorized to accept service and that GJC STRUCTURES, P.E., P.C. no longer had any premises.

11. Efforts to contact defendant, AYN ENTERPRISES INC. were unsuccessful. Upon information and belief, AYN ENTERPRISES INC. is no longer in business and is not operating out of the address delineated in the summons and complaint. A database search indicates that A.Y.N. Enterprises, Inc., a New York state corporation, has been dissolved by proclamation.

*WHEREFORE*, Defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:    New York, New York
          April 15, 2005

                                        Yours, etc.

                                        By: _____
                                        Edward S. Benson (EB 1908)
                                        Nicoletti Gonson & Spinner LLP
                                        Attorneys for Defendant
                                        ARCHITRON DESIGNERS AND BUILDERS,
                                        INC.
                                        546 Fifth Avenue, 20th Floor
                                        New York, New York 10036
                                        (212) 730-7750
                                        Our File:  10111.00220

TO:    Robert C. Sheps
       Sheps Law Group P.C.
       35 Pinelawn Road, Ste. 106E
       Melville, NY 11747

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 15th day of April, 2005, I caused the within PETITION FOR REMOVAL to be served by first class, United States mail upon all counsel for the parties as follows:

Robert C. Sheps
Sheps Law Group P.C.
35 Pinelawn Road, Ste. 106E
Melville, NY 11747

[Service not effected on GJC STRUCTURES, P.E., P.C., AYN Enterprises, Inc. and Joseph Edward Vance Architect as entities are defunct and/or have not been served with originating process]

Edward S. Benson (ESB 1903)

Sworn to before me this
19th day of April, 2005

Notary Public

Robert J. Eisen
Notary Public State of NY
No. 02EI6085801
Qualified in Westchester County
Commission Expires May 24 202_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.                   Docket No. CV 05 1872
a/s/o HUDSON STREET, LLC,

                                                               ANSWER
                              Plaintiff,

        -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                              Defendants.
-------------------------------------------------------------------X

        Defendant, Architron Designers and Builders, Inc., by and through its attorneys,

Nicoletti Gonson & Spinner LLP answers the plaintiff's complaint as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "1".

        2.      Denies each and every allegation contained in paragraph of the complaint

numbered "2" and begs leave to refer to the original of said document on the trial of this action

for the contents thereof.

        3.      Denies in the form alleged in paragraph of the complaint numbered "3".

        4.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "4".

        5.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "5".

        6.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "6".

       7.     Denies each and every allegation contained in the paragraph of the complaint numbered "7" and respectfully refers all questions of law to the court for determination.

       8.     Denies each and every allegation contained in the paragraph of the complaint numbered "8" and respectfully refers all questions of law to the court for determination.

       9.     Denies each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the court for determination.

       10.     Denies each and every allegation contained in the paragraph of the complaint numbered "10" and respectfully refers all questions of law to the court for determination.

       11.     Denies each and every allegation contained in the paragraph of the complaint numbered "11" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE FIRST CAUSE OF ACTION

       12.     Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "12".

       13.     Denies each and every allegation contained in the paragraph of the complaint numbered "13" and respectfully refers all questions of law to the court for determination.

14.    Denies each and every allegation contained in the paragraph of the complaint numbered "14" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE SECOND CAUSE OF ACTION

15.    Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "15".

16.    Denies each and every allegation contained in the paragraph of the complaint numbered "16" and respectfully refers all questions of law to the court for determination.

17.    Denies each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law to the court for determination.

18.    Denies each and every allegation contained in the paragraph of the complaint numbered "18" and respectfully refers all questions of law to the court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.    Upon information and belief all hazards and risks incident to the circumstances set forth in the plaintiff's complaint were obvious and apparent and were readily assumed by the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.    If the plaintiff has been damaged or injured as alleged in the complaint herein, and such damage and injury was not sustained solely as a result of the plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by

reason of the negligence, carelessness, culpable conduct, want of care, and intentional acts of third-parties over whom this defendant had no control and for whose negligence, carelessness, want of care, and intentional criminal acts this defendant is not responsible.

<div align="center">AS AND FOR A THIRD AFFIRMATIVE DEFENSE</div>

21.    Answering defendant relies on and is entitled to all benefits and rights under Article 16 of the New York CPLR.

<div align="center">AS AND FOR A FOURTH AFFIRMATIVE DEFENSE</div>

22.    If plaintiff's subrogor has been injured and damaged as alleged in the complaint, such injury and damage were caused or contributed to by reason of plaintiff subrogor's own conduct, negligence, carelessness or want of care, and if it be determined that plaintiff's subrogor is entitled to a recovery herein as against this answering defendant, such recovery should be apportioned between plaintiff's subrogor and this answering defendant according to their relative responsibility therefore.

<div align="center">AS AND FOR A FIFTH AFFIRMATIVE DEFENSE</div>

23.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules, and consequently, if any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.    Plaintiff's complaint fails to state a cause of action upon which a claim for relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's injuries, if any, were caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.    Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in this complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.    Plaintiff lacks capacity to sue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred by waiver of subrogation clauses contained in the contracts between the parties.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT, ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

29.    If the plaintiff sustained the injuries and damage as alleged in the complaint, and said injuries and damages were not sustained as a result of the plaintiff's own negligence, carelessness, or want of care, then same were caused as a result of the acts and conduct, negligence, carelessness or want of care, on the part of the co-defendants, AYN Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, without any negligence, carelessness or want of care on the part of this defendant in any way contributing thereto.

30.    If plaintiff recovers a judgment against this answering defendant, by

reason of the premises alleged in plaintiff's complaint, this defendant will be damaged thereby

and will be entitled to be indemnified therefor, in whole or in part, by the co-defendants, AYN

Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, and to have

judgment over and against said co-defendants for any judgment that may be recovered by

plaintiff against this defendant, or for that portion thereof that is shown to be the responsibility of

the aforesaid co-defendants, together with this defendant's expenses of investigation and

attorneys' fees.

<div style="text-align:center">

AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS,
AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH
EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT,
ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

</div>

31.    That if the plaintiff sustained the injuries and damages in the manner and

at the time and place set forth in the complaint, and if it is found that the answering defendant is

liable to the plaintiff herein, then said damages were sustained in whole or in part by reason of

the negligence and/or breach of warranty and/or contract by the aforesaid co-defendants and the

answering defendant is entitled to contribution, apportionment and indemnification from and

against the said co-defendants for all or part of any verdict or judgment that plaintiff may recover

against this answering defendants.

Dated:    New York, New York
          April 19, 2005

                              Yours, etc.

                        By: _____
                              Marina A. Spinner  (MAS 9959)
                              Nicoletti Gonson & Spinner LLP
                              Attorneys for Defendant
                              Architron Designers and Builders, Inc.
                              546 Fifth Avenue, 20th Floor
                              New York, New York 10036
                              (212) 730-7750
                              Our File:  10111.00220

TO:    Sheps Law Group P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Ste. 106E
        Melville, New York 11747
        (631) 249-5600
        Your File: 4368

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City, New York 11101

        Joseph Edward Vance Architect
        119 Kent Street
        Brooklyn, New York 11222

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                                      ) ss.:
COUNTY OF NEW YORK )

Jovita Brown being duly sworn, deposes and says:

Deponent is not a party to the action and is over 18 years of age residing in Bronx, NY.

On April 20th, 2005, deponent served the within Answer and Notices to Take Oral Deposition upon

        Sheps Law Group P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Ste. 106E
        Melville, New York 11747
        (631) 249-5600
        Your File:  4368

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City, New York 11101

        Joseph Edward Vance Architect
        119 Kent Street
        Brooklyn, New York 11222

attorneys in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                            Jovita Brown

Sworn to before me this
20th day of April, 2005

Notary Public

JAMIE TODD PACKER
NOTARY PUBLIC, STATE OF NEW YORK
REG. # 02PA6000791
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 12/22/05

**EXHIBIT  C**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                    Plaintiff,

                                           Docket No. CV 05 1872

      -against-

                                           **ANSWER**

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                    Defendants.
------------------------------------------------------------------------x

        Defendant, Joseph Edward Vance Architect ("Vance"), by its attorneys L'Abbate, Balkan,

Colavita & Contini, L.L.P., answers the Complaint, alleging as follows:

        1.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs "1", "2", "3", "4" and "5" of the Complaint.

        2.      Denies each and every allegation contained in paragraph "6" of the Complaint,

except admits that Vance is a licensed architect in the state of New York and maintains a

principal place of business at 181 North 11th Street, Suite 202, Brooklyn, New York 11211.

        3.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "7" of the Complaint.

        4.      Denies each and every allegation contained in paragraph "8" of the Complaint to

the extent that they relate to defendant Vance, except admits that Vance was retained by

Hudson Street, LLC to perform various architectural services at the subject building and this

answering defendant respectfully refers the Court to that agreement for its full, true and

2

complete terms. Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

5.    Denies each and every allegation contained in paragraphs "9" and "10" of the Complaint to the extent that they relate to defendant Vance and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants.

6.    Denies each and every allegation contained in paragraph "11" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

### AS TO THE FIRST CAUSE OF ACTION
### AS TO DEFENDANTS' NEGLIGENCE

7.    In response to paragraph "12" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "11" of the Complaint as if fully set forth at length herein.

8.    Denies each and every allegation contained in paragraphs "13" and "14" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these

3

paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

## AS TO THE SECOND CAUSE OF ACTION AS
## TO DEFENDANTS' BREACH OF CONTRACT

9.    In response to paragraph "15" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "14" of the Complaint as if fully set forth at length herein.

10.    Denies each and every allegation contained in paragraph "16" of the Complaint to the extent that they relate to defendant Vance, except admits that Vance was retained by Hudson Street, LLC to perform various architectural services at the subject building and this answering defendant respectfully refers the Court to that agreement for its full, true and complete terms. Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

11.    Denies each and every allegation contained in paragraphs "17" and "18" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

4

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.    If the plaintiff sustained any personal injuries or damages as alleged in the Complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.    All claims are dismissible by virtue of plaintiff's subrogor's (Hudson Street, LLC) execution of a release in favor of Joseph Edward Vance, Architect with respect to the damage to the building at issue in this case.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.    The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were caused in whole or in part by the negligence, carelessness and/or culpable conduct of the plaintiff, plaintiff's subrogors and/or the co-defendants, their servants, agents or employees and others for whom the plaintiff, plaintiff's subrogors and/or co-defendants were legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to the plaintiff, plaintiff's subrogors and/or co-defendants bears to the culpable conduct which caused the damages alleged.

5

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.    The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's

subrogors were not caused by any negligence, carelessness, culpable conduct or breach of duty

on the part of this answering defendant, its servants, agents or employees, but were caused by

reason of the carelessness, negligence, culpable conduct and/or breach of duty of third parties,

their servants, agents or employees over whom this answering defendant had no control and the

amount of damages recovered, if any, shall therefore be diminished in proportion to which said

negligence, carelessness and/or culpable conduct attributable to said third parties bears to the

culpable conduct which caused the damages alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.    Upon information and belief, any past or future costs or expenses incurred or to

be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services,

loss of earnings or other economic loss has been, or will, with reasonable certainty be replaced

or indemnified in whole or in part from a collateral source as defined in §4545 of the New York

Civil Practice Law and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.    Plaintiff's damages if any, were sustained as a result of intervening causes which

were out of the control of the defendants and not the result of the conduct, acts or omissions of

the defendants.  By virtue of said intervening causes, the plaintiff's injuries were not proximately

caused by the defendants and, therefore, the claim against the defendants should be dismissed.

6

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

18.    The Complaint and each and every cause of action alleged against defendant Vance fails to state any cause of action upon which relief can be granted.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

19.    Plaintiff may not maintain each of its alleged causes of action since they are barred by the applicable principles of waiver and estoppel.

**AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS**
**ARCHITRON DESIGNERS AND BUILDERS, INC.,**
**AYN ENTERPRISES INC. and GJC STRUCTURES, P.E., P.C.**

20.    If the plaintiff sustained damages in the manner alleged in the Complaint, all of which are denied by this answering defendant, such damages were caused in whole or in part by the negligence, carelessness, culpable conduct and/or breach of duty of the co-defendants, and of third parties who are not parties to this action, with no negligence, carelessness, culpable conduct and/or breach of duty on the part of this answering defendant contributing thereto.

21.    That by reason of the foregoing this answering defendant is entitled to full indemnity/contribution from, and to judgment over and against the co-defendants, for all or any part of any verdict or judgment which any party to this action may recover against this answering defendant, all determined in accordance with the relative culpability of each party liable herein.

7

WHEREFORE, defendant Joseph Edward Vance Architect demands judgment:

a)    dismissing the Complaint;

b)    awarding it judgment on its cross-claim for contribution and indemnification, including attorneys' and investigating fees;

c)    awarding it costs and disbursements of this action; and

d)    awarding it such other and further relief that this Court may deem just and proper.


Dated:      Garden City, New York
            July 15, 2005

                              Respectfully yours,

                              L'ABBATE, BALKAN, COLAVITA
                              & CONTINI, L.L.P.

            By:

                              Douglas R. Halstrom (9593)
                              Attorneys for Defendant
                              JOSEPH EDWARD VANCE ARCHITECT
                              1050 Franklin Avenue
                              Garden City, New York 11530
                              (516) 294-8844


To:     Robert C. Sheps, Esq.
        Sheps Law Group, P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600
        File No. 4368

        Marina A. Spinner, Esq.
        Nicoletti Gonson & Spinner, LLP
        Attorneys for Defendant
        ARCHITRON DESIGNERS AND BUILDERS, INC.
        546 Fifth Avenue, 20th Floor
        New York, New York 10036
        (212) 730-7750
        File 10111.00220

8

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK      )
                                      ) ss.:
COUNTY OF NASSAU      )

      GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

      That on the 15th day of July, 2005 deponent served the within Answer upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
GINA DONAHUE

Sworn to before me this
15th day of July, 2005.

_____
Notary Public

LISA A. NICHOLS
Notary Public, State of New York
No. 01NI6093930
Qualified in Nassau County
Commission Expires June 8, ___2007

**EXHIBIT  D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

               Plaintiff,

                                 Docket No. CV 05 1872

      -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,      **ANSWER TO CROSS-**
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,  **CLAIMS OF DEFENDANT**
P.C. and JOSEPH EDWARD VANCE ARCHITECT,   **ARCHITRON DESIGNERS**
                                 **AND BUILDERS, INC.**

               Defendants.
------------------------------------------------------------------------x

      Defendant, Joseph Edward Vance Architect ("Vance"), by its attorneys L'Abbate, Balkan,

Colavita & Contini, L.L.P., responds to the Cross-Claims of defendant Architron Designers and

Builders, Inc. ("Architron"), contained in Architron's Answer dated April 19, 2005, as follows:

<div align="center">

### AS TO THE FIRST CROSS-CLAIM

</div>

      1.     Defendant Vance denies each and every allegation contained in paragraphs "29"

and "30" of Architron's Answer as same relate to defendant Vance, denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and respectfully

refers all questions of law to this Honorable Court for ultimate determination.

<div align="center">

### AS TO THE SECOND CROSS-CLAIM

</div>

      2.     Defendant Vance denies each and every allegation contained in paragraph "31"

of Architron's Answer as same relate to defendant Vance, denies having knowledge or

information sufficient to form a belief as to the truth of the remaining allegations and respectfully

refers all questions of law to this Honorable Court for ultimate determination.

2

WHEREFORE, defendant Joseph Edward Vance Architect demands judgment:

A.     Dismissing the First Cross-Claim for indemnification and contribution asserted by defendant Architron;

B.     Dismissing the Second Cross-Claim for contribution, apportionment and indemnification asserted by defendant Architron;

C.     Awarding it the costs and disbursements of this action, including attorneys' and investigating fees; and

E.     Awarding it such other and further relief as this Court may deem just and proper.

Dated:      Garden City, New York
           August 3, 2005

                        Respectfully yours,

                        L'ABBATE, BALKAN, COLAVITA
                        & CONTINI, L.P.

By:

                        Douglas R. Halstrom (9593)
                        Attorneys for Defendant
                        JOSEPH EDWARD VANCE ARCHITECT
                        1050 Franklin Avenue
                        Garden City, New York 11530
                        (516) 294-8844

To:      Robert C. Sheps, Esq.
           Sheps Law Group, P.C.
           Attorneys for Plaintiff
           35 Pinelawn Road, Suite 106E
           Melville, New York 11747
           (631) 249-5600
           File No. 4368

           Marina A. Spinner, Esq.
           Nicoletti Gonson & Spinner, LLP
           Attorneys for Defendant
           ARCHITRON DESIGNERS AND BUILDERS, INC.
           546 Fifth Avenue, 20th Floor
           New York, New York 10036
           (212) 730-7750
           File 10111.00220

3

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

**AFFIDAVIT OF SERVICE**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NASSAU | ) |

GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

That on the 3rd day of August, 2005 deponent served the within Answer to Cross-Claims of defendant Architron Designers and Builders, Inc. upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*Gina Donahue*
GINA DONAHUE

Sworn to before me this
3rd day of August, 2005.

*Anna M. Ledee*
Notary Public

ANNA M. LEDEE
Notary Public, State of New York
No. 01LE6088035
Qualified in Nassau County
Commission Expires March 03, 2007

## AFFIDAVIT OF SERVICE - OVERNIGHT
### (Federal Express)

STATE OF NEW YORK    )
                            )   ss.:
COUNTY OF NEW YORK  )

      Bernice Meltzer, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York

      On this 6th day of June 2006, deponent served the within:

### NOTICE OF MOTION AND AFFIDAVIT OF DOUGLAS R. HALSTROM, ESQ. IN SUPPORT OF MOTION TO DISMISS WITH EXHIBITS

UPON:

        Robert C. Sheps, Esq.
        Sheps Law Group, P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600
        File No. 4368

        Marina A. Spinner, Esq.
        Nicoletti Gonson & Spinner, LLP
        Attorneys for Defendant
        ARCHITRON DESIGNERS AND BUILDERS, INC.
        546 Fifth Avenue, 20th Floor
        New York, New York 10036
        (212) 730-7750
        File 10111.00220

at the addresses designated by said attorneys for that purpose by depositing a true copy of same, enclosed in a paid properly addressed wrapper, into the custody of **FEDEX**, an overnight delivery service, for overnight delivery, prior to the latest time designated by such overnight delivery service for overnight delivery.

                                _Bernice Meltzer_
                                  Bernice Meltzer

Sworn to before me this
6th day of June 2006

_____
Notary Public

JOHN P. DEFILIPPIS
Notary Public, State Of New York
No. 02DE6051370
Qualified In Queens County
Commission Expires Nov. 27, 2008

## <u>AFFIDAVIT OF SERVICE</u>

STATE OF NEW YORK   )
                           ) ss.:
COUNTY OF NEW YORK )

      BERNICE MELTZER, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York.

      That on the 6th day of June 2006, deponent served the within

### NOTICE OF MOTION AND AFFIDAVIT OF DOUGLAS R. HALSTROM, ESQ. IN SUPPORT OF MOTION TO DISMISS WITH EXHIBITS

upon:

          AYN Enterprises, Inc.
          2555 Nostrand Avenue
          Brooklyn, New York 11210

          GJC Structure, PE, PC
          40-12 28th Street
          Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                               _BERNICE MELTZER_

Sworn to before me this
6th day of June 2006

                  JOHN P. DEMETRIUS
           Notary Public, State Of New York
                No. 02DE6051370
             Qualified In Queens County
_Notary Public_      Commission Expires Nov. 27, 2006

Index No.    CV 05 1872    Year    RJI No.    Hon.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o HUDSON STREET, L.L.C.,

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC., GJC
STRUCTURES, P.E., P.C. and JOSEPH EDWARD VANCE ARCHITECT,

Defendants.

NOTICE OF MOTION AND AFFIDAVIT OF DOUGLAS R. HALSTROM, ESQ.
IN SUPPORT OF MOTION TO DISMISS WITH EXHIBITS.

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
*Attorney for*    Defendant, Joseph Vance Architects s/h/a
Joseph Edward Vance Architect
*Office and Post Office Address, Telephone*
One Battery Park Plaza
NEW YORK, NY 10004
(212) 825-6900

To    Signature (Rule 130-1.1-a)

............................................................
Print name beneath

Attorney(s) for

Service of a copy of the within    is hereby admitted.

Dated,

............................................................
Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order    of which the within is a true copy will be presented for
settlement to the HON.    one of the judges
of the within named court, at
on    at    M

Dated,

Yours, etc.

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
*Attorney for*

To

Office and Post Office Address
One Battery Park Plaza
NEW YORK, NY 10004

Attorney(s) for

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,                                     Docket No. CV 05 1872 (SJF)

                      Plaintiff,                   **AFFIDAVIT OF JOSEPH
                                             EDWARD VANCE IN SUPPORT**
            -against-                      **OF MOTION TO DISMISS**

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                      Defendants.
-------------------------------------------------------------------X
STATE OF NEW YORK    )
                          ) ss:
COUNTY OF NEW YORK  )

      I, Joseph Edward Vance, A.I.A., being duly sworn depose and state:

      1.      I am a registered architect, duly licensed in the State of New York and the principal of

my architectural firm, Joseph Vance Architects s/h/a Joseph Edward Vance Architect (hereinafter

"Vance"), a defendant in the above-captioned action. As such, I am fully familiar with the facts and

circumstances set forth herein. I submit this Affidavit in support of my motion seeking an Order

dismissing all claims asserted against Vance in the above litigation.

      2.      Vance was retained by the building owner, Hudson Street L.L.C., to prepare plans and

specifications for the conversion of a seventy thousand (70,000) square foot warehouse located at

169 Hudson Street, New York, New York (the premises), into residential and commercial space.

      3.      On or about April 19, 2002, during a severe rain and wind storm that caused damage

throughout the metropolitan New York area, a large section of a wall at the premises fell. As a result

of the damage caused by the severe rain and wind storm, Vance communicated with Hudson Street

L.L.C. to resolve any claims against Vance that may arise from the aforesaid damage.

4.      Attached as Exhibit 1 to this Affidavit is a copy of a Release Agreement between Vance and Hudson Street L.L.C.  The Release Agreement provides that upon due consideration, Hudson Street L.L.C. released and forever discharged Vance "from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity…"  The consideration was thirty-five thousand dollars ($35,000.00).

5.      Pursuant to the Release Agreement, Vance's insurance provider forwarded a check in the amount of thirty-five thousand dollars to Hudson Street L.L.C., representing the full amount of the settlement provided in the Release Agreement.

6.      Based upon the foregoing facts, I have been advised that the claims asserted against Vance in the instant action are without merit and dismissal of all claims and cross-claims is appropriate.

**JOSEPH EDWARD VANCE**

Sworn to before me this 6 th
day of June, 2006.

**Notary Public**

JAMES H. RODGERS
Notary Public, State of New York
No. 02RO4961104
Qualified in New York County
Commission Expires Jan. 16, 20 10

2

**Exhibit 1**

Joseph Edward Vance, Architect
119 Kent Street
Brooklyn, New York 11222

December 30, 2002

Hudson Street, L.L.C.
180 Varick Street, 7th Floor
New York, New York 10013

      Re:    Release of Claims re: Wind Storm Damage to Curtain Wall
            at 169 Hudson Street on or about April 18-20, 2002

Sirs:

The purpose of this letter is to set forth the terms and conditions of our agreement regarding the resolution of claims relative to the collapse of the curtain wall due to a wind storm on or about April 18-20, 2002 at 169 Hudson Street, New York, New York.

Accordingly, in consideration of the promises and agreements contained in this Agreement, the mutual interests of and benefits to the parties, and each of us and the company you represent involved at 169 Hudson Street intending to be legally bound, it is hereby agreed by and between my firm, referred to herein as the "Architect", and you as an authorized officer, member or representative of Hudson Street, L.L.C. (referred to herein as the "Owner"), as follows:

The Architect hereby agrees to remit payment by a check issued from his insurance company on his behalf, in the amount of Thirty-Five Thousand Dollars ($35,000) to the Owner within twenty-one (21) days from the execution date of this Agreement.

2

In exchange for this payment, the Owner, its successors and permitted assigns, release and forever discharge the Architect and all of its present and past directors, officers, agents and employees, heirs, successors and assigns, from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity, which against the Architect, as releasee, that party, its successors and permitted assigns ever had, now has, or hereinafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this Agreement, relative to the wind storm damage to the curtain wall at 169 Hudson Street, New York, New York, resulting from the wind storm that occurred on or about April 18-20, 2002. Notwithstanding the foregoing, nothing in this Agreement will release in any way GJC Consulting, George Cambourakis, or any other firm George Cambourakis worked for as engineer or with whom he is associated, nor will it release any other engineers or expediters retained directly or indirectly in connection with the Project at 169 Hudson Street.

In addition, the Architect agrees to use its best efforts to cooperate with the Owner in connection with the Owner's prosecution of its claims against the contractors and subcontractors who, prior to the effective date of this Agreement, performed construction work associated with the Architect's original agreement with the Owner (i.e., the base building) at 169 Hudson Street. The Architect's cooperation shall consist of producing job documents relating to the Project at 169 Hudson Street, attending meetings with the client and/or counsel (scheduled upon reasonable notice to the Architect), responding to telephone inquiries concerning possible litigation, and providing testimony at hearings, depositions or trial. The

3

Owner agrees to compensate the Architect at the rate of One Hundred Dollars ($100) per hour for the first fifty (50) hours of service by the Architect in this regard, with any additional services beyond fifty (50) hours to be provided by the Architect at no charge. The Owner agrees to make payment to the Architect within thirty (30) days of receipt of the Architect's invoices to the Owner reflecting the hours spent by the Architect in connection with the Owner's prosecution of claims against the contractors or subcontractors. It is agreed that the Owner's failure to timely pay for such services will suspend the Architect's obligation to assist the Owner until such payments are made.

The parties represent and acknowledge that in executing this Agreement, none of them has relied upon any representation or statement made by a representative from any other party with regard to the subject matter, basis or effect of this Agreement.

All references to the singular in this Agreement shall include the plural.

This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of the counterparts shall together constitute one and the same document.

The failure of any party to this Agreement to insist upon strict adherence to any term of this Agreement will not be considered a waiver of any right arising thereunder or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

RECEIVED TIME  MAY. 19.  1:11PM

All of the terms and conditions of this Agreement shall survive the execution of this Agreement, and shall continue as enforceable and valid obligations of the parties. If any portion of this Agreement is held as a matter of law to be unenforceable, the remainder of this Agreement shall be enforceable without such portion.

The signators to this Agreement hereby represent and affirm that they are authorized to fully and completely resolve these disputes and to enter into this Agreement, make the releases and other representations and agreements contained in this Agreement, and to bind the party for whom they are executing this Agreement.

The Owner and the Architect represent that they have read the foregoing Agreement and accept and agree to the provisions contained herein to be made effective on the date above written. In witness whereof, and fully intending to be legally bound hereby, the parties have executed this Agreement, effective as of the date of this letter Agreement, in the spaces provided below.

JOSEPH EDWARD VANCE, ARCHITECT

By: _____

Joseph Edward Vance

State of New York                    )
                                     )ss.:
County of Kings                      )

On the 31st day of December, 2002, before me personally came Joseph Edward Vance, Architect, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

_Maherly E. Manigault_
Notary Public

MAHERLY E. MANIGAULT
Notary Public, State of New York
No. 03-4913526
Qualified in Bronx County
Commission Expires ....... 11/23/05

RECEIVED TIME    MAY. 19.    1:11PM

HUDSON STREET L.L.C.

John Berton, Member


STATE OF NEW YORK      )
                       )          ss.:
COUNTY OF NEW YORK )

On the 30th day of December, 2002, before me personally came John Berton, to me known, who, being by me duly sworn, did depose and say that he resides at 27 Howard St #Y, NY NY 1013 ; that he is _a member_ of Hudson Street L.L.C., the corporation described in and which executed this Agreement; and that he is authorized to sign his name thereto.

Notary Public

JOANNA C. SCHWARTZ
Notary Public, State of New York
No. 02SC6082675
Qualified in New York County
Commission Expires November 4, 2006

W5117:\1\30190.WPD

RECEIVED TIME  MAY. 19.   1:11PM

**AFFIDAVIT OF SERVICE - OVERNIGHT**
(Federal Express)

STATE OF NEW YORK      )
                            )    ss.:
COUNTY OF NEW YORK   )

       Bernice Meltzer, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York

       On this 6th day of June 2006, deponent served the within:

**AFFIDAVIT OF JOSEPH EDWARD VANCE
IN SUPPORT OF MOTION TO DISMISS**

UPON:

         Robert C. Sheps, Esq.
         Sheps Law Group, P.C.
         Attorneys for Plaintiff
         35 Pinelawn Road, Suite 106E
         Melville, New York 11747
         (631) 249-5600
         File No. 4368

         Marina A. Spinner, Esq.
         Nicoletti Gonson & Spinner, LLP
         Attorneys for Defendant
         ARCHITRON DESIGNERS AND BUILDERS, INC.
         546 Fifth Avenue, 20th Floor
         New York, New York 10036
         (212) 730-7750
         File 10111.00220

at the addresses designated by said attorneys for that purpose by depositing a true copy of same, enclosed in a paid properly addressed wrapper, into the custody of **FEDEX**, an overnight delivery service, for overnight delivery, prior to the latest time designated by such overnight delivery service for overnight delivery.

                                        *Bernice Meltzer*
                                          Bernice Meltzer

Sworn to before me this
6th day of June 2006

                 JOHN P. DEFILIPPIS
         Notary Public, State Of New York
               No. 02DE6051370
Notary Public      Qualified in Queens County
         Commission Expires Nov. 27, 2008

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )

BERNICE MELTZER, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York.

That on the 6th day of June 2006, deponent served the within

### AFFIDAVIT OF JOSEPH EDWARD VANCE
### IN SUPPORT OF MOTION TO DISMISS

upon:

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

BERNICE MELTZER

Sworn to before me this
6th day of June 2006

Notary Public

JOHN P. DEFILIPPIS
Notary Public, State Of New York
No. 02DE6051370
Qualified In Queens County
Commission Expires Nov. 27, 2006

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o HUDSON STREET, L.L.C.,

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC., GJC
STRUCTURES, P.E., P.C. and JOSEPH EDWARD VANCE ARCHITECT,

Defendants.

## AFFIDAVIT OF JOSEPH EDWARD VANCE
## IN SUPPORT OF MOTION TO DISMISS

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
*Attorney for*      Defendant, Joseph Vance Architects s/h/a
*Office and Post Office Address, Telephone*  Joseph Edward Vance Architect
One Battery Park Plaza
NEW YORK, NY 10004
(212) 825-6900

| To | Signature (Rule 130-1.1-a) |
|---|---|
| | ................................................ |
| Attorney(s) for | Print name beneath |

Service of a copy of the within                                    is hereby admitted.

Dated,

.................................................................
Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                              of which the within is a true copy will be presented for
settlement to the HON.                                              one of the judges
of the within named court, at
on                              at                    M

Dated,
                                        Yours, etc.
                              L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
                                        *Attorney for*

To
                                        *Office and Post Office Address*
                                        One Battery Park Plaza
Attorney(s) for                          NEW YORK, NY 10004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,                                    Docket No. CV 05 1872 (SJF)

                Plaintiff,                **STATEMENT OF MATERIAL**
                                                    **FACTS PURSUANT TO LOCAL**
        -against-                    **RULE 56.1**

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                Defendants.
------------------------------------------------------------------------X

      Defendant, JOSEPH VANCE ARCHITECTS s/h/a JOSEPH EDWARD VANCE
ARCHITECT (hereinafter "VANCE"), by his attorneys, L'Abbate, Balkan, Colavita & Contini,
L.L.P., hereby submit the following Statement of Material Facts as to which VANCE contends there
is no genuine issue to be tried:

      1.      Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO., is a subrogee asserting
claims originally belonging to its insured, the subrogor, HUDSON STREET L.L.C. These claims in
subrogation arise from damage to HUDSON STREET L.L.C.'s property resulting from a wind storm
that caused the collapse of certain walls at the premises known as 169 Hudson Street, New York,
New York on or about April 19, 2002. (See the summons and complaint attached to the
accompanying Affidavit of Douglas R. Halstrom, Esq., dated June 6, 2006, at Exhibit A.)

      2.      Pursuant to a General Release dated December 30, 2002, VANCE paid HUDSON
STREET L.L.C. thirty-five thousand dollars ($35,000.00), which represented VANCE's settlement
of all claims arising from the same damage to 169 Hudson Street, New York, New York, which is
now the subject of this lawsuit. (See Affidavit of Joseph Edward Vance dated June 6, 2006.)

3.    In consideration of the aforesaid thirty-five thousand dollars ($35,000.00), HUDSON STREET L.L.C. released and forever discharged VANCE "from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity..." (See General Release attached to the accompanying Affidavit of Joseph Edward Vance dated June 6, 2006.)

4.    Since its insured, HUDSON STREET L.L.C., released and forever discharged VANCE from all claims arising from the damage that is now the subject of the instant lawsuit, ST. PAUL FIRE & MARINE INSURANCE CO., as the subrogee who, in subrogation, stepped into the shoes of its insured, is barred from asserting claims raised in this lawsuit against VANCE. Accordingly, VANCE is entitled to summary judgment and a dismissal of all claims asserted in this lawsuit. (See accompanying Memorandum of Law in Support of Summary Judgment.)

5.    Similarly, VANCE is entitled to a dismissal of all cross-claims. The only cross-claims asserted against VANCE are the claims of contribution and indemnification from ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"). (See Exhibit B annexed to the accompanying Affidavit of Douglas R. Halstrom dated June 6, 2006.)  No other parties have appeared in this action.

6.    ARCHITRON's claim for contribution is barred because of the General Release. (See accompanying Memorandum of Law in Support of Summary Judgment.).    Moreover, ARCHITRON's claim for indemnification should be dismissed because plaintiff's complaint alleges that ARCHITRON breached its own contract with HUDSON STREET, L.L.C. and was negligent in the performance of its duties.  Indemnification is not available to a party who participated to some

2

degree in the wrongdoing alleged in the complaint. (See accompanying Memorandum of Law in

Support of Summary Judgment).  Accordingly, all claims against VANCE, including any cross-

claims, should be dismissed.

Dated: New York, New York
        June 6, 2006

                                          Respectfully submitted,

                                          L'ABBATE, BALKAN, COLAVITA
                                            & CONTINI, L.L.P.

                                  By:     _Tomas B. Lim_____
                                          TOMAS B. LIM (TBL2036)
                                          Attorneys for Defendant
                                          JOSEPH VANCE ARCHITECTS s/h/a
                                          JOSEPH EDWARD VANCE ARCHITECT
                                          1001 Franklin Avenue
                                          Garden City, New York  11530
                                          (516) 294-8844


TO:     Robert C. Sheps, Esq.
        Sheps Law Group, P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600
        File No. 4368

        Marina A. Spinner, Esq.
        Nicoletti Gonson & Spinner, LLP
        Attorneys for Defendant
        ARCHITRON DESIGNERS AND BUILDERS, INC.
        546 Fifth Avenue, 20th Floor
        New York, New York 10036
        (212) 730-7750
        File 10111.00220

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

                                          3

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

4

## AFFIDAVIT OF SERVICE - OVERNIGHT
### (Federal Express)

STATE OF NEW YORK    )
                           )   ss.:
COUNTY OF NEW YORK  )

     Bernice Meltzer, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York

     On this 6th day of June 2006, deponent served the within:

### STATEMENT OF MATERIAL FACTS
### PURSUANT TO LOCAL RULE 56.1

UPON:

          Robert C. Sheps, Esq.
          Sheps Law Group, P.C.
          Attorneys for Plaintiff
          35 Pinelawn Road, Suite 106E
          Melville, New York 11747
          (631) 249-5600
          File No. 4368

          Marina A. Spinner, Esq.
          Nicoletti Gonson & Spinner, LLP
          Attorneys for Defendant
          ARCHITRON DESIGNERS AND BUILDERS, INC.
          546 Fifth Avenue, 20th Floor
          New York, New York 10036
          (212) 730-7750
          File 10111.00220

at the addresses designated by said attorneys for that purpose by depositing a true copy of same, enclosed in a paid properly addressed wrapper, into the custody of **FEDEX**, an overnight delivery service, for overnight delivery, prior to the latest time designated by such overnight delivery service for overnight delivery.

                                                _Bernice Meltzer_

Sworn to before me this
6th day of June 2006

                          
Notary Public

JOHN P. L_____ ... York
Notary Public, S___
No. 02D_____
Qualified I_ ___ ___ ...006
Commission Ex____

JOHN P. DEFILIPPIS
Notary Public, State Of New York
No. 02DE6051370
Qualified In Queens County
Commission Expires Nov. 27, 2006

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK )


    BERNICE MELTZER, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York.

    That on the 6th day of June 2006, deponent served the within

**STATEMENT OF MATERIAL FACTS**
**PURSUANT TO LOCAL RULE 56.1**

upon:

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, PE, PC
        40-12 28th Street
        Long Island City, New York 11101


the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

_____
BERNICE MELTZER

Sworn to before me this
6th day of June 2006

_____
Notary Public

JOHN P. DEFILIPPIS
Notary Public, State Of New York
No. 02DE6051370
Qualified In Queens County
Commission Expires Nov. 27, 2006

Index No.   CV 05 1872      Year          RJI No.          Hon.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o HUDSON STREET, L.L.C.,

<div align="center">Plaintiff,</div>

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC., GJC
STRUCTURES, P.E., P.C. and JOSEPH EDWARD VANCE ARCHITECT,

<div align="center">Defendants.</div>

<div align="center">

STATEMENT OF MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1.

</div>

<div align="center">

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.

*Attorney for*      Defendant, Joseph Vance Architects s/h/a
*Office and Post Office Address, Telephone* Joseph Edward Vance Architect

One Battery Park Plaza
NEW YORK, NY 10004
(212) 825-6900

</div>

To                                            Signature (Rule 130-1.1-a)

...........................................................................................
Print name beneath

Attorney(s) for

Service of a copy of the within                          is hereby admitted.

Dated,

...........................................................................................
Attorney(s) for

Please take notice
☐ NOTICE OF ENTRY
that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on
☐ NOTICE OF SETTLEMENT
that an order                    of which the within is a true copy will be presented for
settlement to the HON.                                    one of the judges
of the within named court, at
on                              at              M

Dated,

<div align="center">

Yours, etc.

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
*Attorney for*

</div>

To

<div align="center">

*Office and Post Office Address*
One Battery Park Plaza
NEW YORK, NY 10004

</div>

Attorney(s) for

UNITED STATES DISTRICT COURT
EASTERND DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o          Docket No. CV 05 1872 (SJF)
HUDSON STREET, L.L.C.,

                       Plaintiff,

        -against-

ARCHITRON DESIGNERS AND BUILDERS, INC., AYN
ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and
JOSEPH EDWARD VANCE ARCHITECT,

                      Defendant(s).

-----------------------------------------------------------------------X

**************************************************************************

## MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

**************************************************************************

**L'ABBATE, BALKAN, COLAVITA
& CONTINI L.L.P.
Attorney(s) for Defendant
JOSEPH EDWARD VANCE ARCHITECT
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES............................................................... ii

PRELIMINARY STATEMENT....................................................... 1

STATEMENT OF FACTS.............................................................. 2

ARGUMENT

POINT I

       NEW YORK'S SUBSTANTIVE LAW APPLIES
       TO THE INSTANT SUBROGATION ACTION.............................. 3

POINT II

       PLAINTIFF'S COMPLAINT SHOULD BE
       DISMISSED BECAUSE PLAINTIFF CAN
       NEITHER PLEAD NOR PROVE A CAUSE
       OF ACTION AGAINST VANCE ARCHITECT.............................. 5

POINT III

       ARCHITRON'S CROSS-CLAIMS FOR
       CONTRIBUTION AND INDEMNIFICATION
       SHOULD BE DISMISSED………………………………………… 9

CONCLUSION............................................................................. 13

## TABLE OF AUTHORITIES

**Case Law**                                                    **Page**

Baker v. Coughlin,
77 F.3d 12 (2d Cir. 1996) ……………………………………………….        3

Board of Education of the City of New York v. Mars Associates, Inc.,
133 A.D.2d 800, 520 N.Y.S.2d 181 (2d Dept. 1987)…………………………        10

CNA Insurance Company v. Carl R. Cacioppo Electrical Contractors,
206 A.D.2d 399, 616 N.Y.S.2d 187 (2d Dept. 1994)……………………………        5, 6

City of Rochester v. Holmsten Ice Rinks, Inc.,
155 A.D.2d 939, 548 N.Y.S.2d 959 (4th Dept. 1989)……………………….....        11

County of Westchester v. Welton Becket Associates,
102 A.D.2d 34, 478 N.Y.S.2d 305, aff'd 66 N.Y.S.2d 642,
495 N.Y.S.2d 364 (1985)……………………………………………………….        10

DeJesus v. Sears, Roebuck & Co.,
87 F.3d 65, 70 (2d Cir. 1996)………………………………………………….        5

Driscoll v. NYCTA,
53 a.d.2D 391, 385 n.y.s.2D 540 (1st Dept. 1976)………………………………..        9

Dunning v. Shell Oil Company,
83 A.D.2d 676, 442 N.Y.S.2d 239 (3d Dept. 1981)………………………………        5

Erie R.R. v. Tompkins,
304 U.S.64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)…………………………………        3

Federal Insurance Company v. Arthur Andersen & Co.,
75 N.Y.2d 366, 372, 552 N.E.2d 870, 873, 533 N.Y.S.2d 291, 294 (1990)……..        6, 7

First Financial Insurance Company v. Allstate Interior Demolition Corp.,
193 F.3d 109, 116 (2d Cir. 1999)……………………………………………...        5

Guaranty Trust Co. v. York,
326 U.S.99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)…………………………..........        3

Kagan v. Jacobs,
260 A.D.2d 442, 687 N.Y.S.2d 732 (2d Dept. 1999)……………………………..        9

Kalnit v. Eichler,
85 F.Supp. 2d 232, 236 (S.D.N.Y. 1999)………………………………………… 5

Leeds v. Meltz,
85 F.3d 51, 53 (2d Cir. 1996)…………………………………………………. 5

Pani v. Empire Blue Cross Blue Shield,
152 F.3d 67, 71 (2d Cir. 1998)………………………………………………... 5

Rappaport v. Asia Electronics Holdings Co., Inc.,
88 F. Supp. 2d 179, 183 (S.D.N.Y. 2000…………………………………………… 5

S.S.D.W. Co. v. Feldmqn-Misthopoulos Associates,
151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dept. 1989)…………………………… 10

Servidori v. Mahoney,
129 A.D.2d 944, 515 N.Y.S.2d 328 (3d Dept. 1987)…………………………… 7

State of New York Facilities Development Corp. v.
Kallman & McKinnell, Russo & Sonder,
121 A.D.2d 805, 504 N.Y.S.2d 557 (3d Dept. 1986)…………………………… 10

Trustees of Columbia University v. Mitchell Guirgola Associates,
109 A.D.2d 449, 492 N.Y.S.2d 371 (1st Dept. 1985)…………………………… 10

United Mine Workers of America v. Gibbs,
383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)…………………………… 3

**Statutes**

Federal Rules of Civil Procedure Rule 12(b)(6)………………………… 1, 5, 8, 13

Federal Rules of Civil Procedure Rule 12(c)…………………………… 1, 6, 8, 13

Federal Rules of Civil Procedure Rule 56……………………………… 1, 8

Local Rule 56.1……………………………………………………….. 2

New York Civil Practice Law and Rules § 1401………………………... 9

General Obligations Law § 15-108(b)…………………………………... 9

## PRELIMINARY STATEMENT

This subrogation action should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (hereinafter "FRCP") because plaintiff's Complaint failed to state a cause of action against Joseph Vance Architects s/h/a Joseph Edward Vance Architect (hereinafter "Vance"). Further, this subrogation action should be dismissed pursuant to Rule 12(c) of the FRCP because plaintiff cannot prove a cause of action against Vance and judgment on the pleadings in favor of Vance is appropriate. Moreover, should this Court exercise its discretion in converting this motion to one for summary judgment pursuant to FRCP 12 and 56, Vance should be awarded granted summary judgment pursuant to FRCP 56, dismissing all claims and cross claims against it, because this subrogation action is barred by a duly executed General Release by the plaintiff-subrogor in favor of Vance which directly relates to the identical damages being sought in this case.

The cross-claims asserted by Architron Designers and Builders, Inc. (hereinafter "Architron") should likewise be dismissed. Architron's cross-claim for contribution is barred pursuant to New York's General Obligations Law because of Vance's settlement with the subrogor and the subrogor's execution of a release in favor of Vance. Architron's cross-claim for indemnification is also barred pursuant to applicable New York law, as set forth herein, because Architron participated to some degree in the wrongdoing alleged in the Complaint and Architron is being sued not for vicarious liability for Vance's alleged wrongdoing, but for its own active wrongdoing. Accordingly, all cross-claims against Vance should be dismissed as a matter of law.

1

**STATEMENT OF FACTS**

       For a complete recitation of the facts and background pertinent to this matter, the Court is respectfully referred to the accompanying Affidavit of Douglas R. Halstrom, Esq., sworn to June 6, 2006, the accompanying Affidavit of Joseph Edward Vance, sworn to June 6, 2006 and the accompanying Statement of Material Facts Pursuant to Local Rule 56.1 dated June 6, 2006. The Court is also respectfully referred to the various documents annexed as exhibits to the aforesaid Affidavits and Statement, all of which exhaustively detail the reasons why all claims against Vance should be dismissed.

**ARGUMENT**

**POINT I**

**NEW YORK'S SUBSTANTIVE LAW APPLIES
TO THE INSTANT SUBROGATION ACTION**

It is more than well-settled that diversity cases under Federal Court jurisdiction requires the application of the State's substantive law. See e.g. Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); Guaranty Trust Co. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945); United Mine Workers of America v. Gibbs, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); Baker v. Coughlin, 77 F.3d 12 (2d Cir. 1996). "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state. And whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." Erie R. Co. v. Thompkins, 304 U.S. at 78, 58 S.Ct. at 822, 82 L.Ed. 1188 (1938). "In essence, the intent of [Erie R.R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938),] was to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." Guaranty Trust Co. v. York, 326 U.S. at 109, 65 S.Ct. at 1470, 89 L.Ed.2079 (1945). "[F]ederal courts are bound to apply state substantive law to the state claim." Baker v. Coughlin, 77 F.3d at 15 (2d Cir. 1996).

The instant subrogation case is not grounded in the United States Constitution or any Act of Congress. St. Paul Fire & Marine Insurance Co. (hereinafter "plaintiff-subrogee") merely

3

seeks to recover insurance proceeds paid out to its insured, Hudson Street, L.L.C. (hereinafter "plaintiff-subrogor"), for damage to property.   The underlying claims giving rise to this subrogation action involve negligence (first cause of action) and breach of contract (second cause of action). (See Complaint annexed as Exhibit A to the accompanying Affidavit of Douglas R. Halstrom dated June 5, 2006.)   Moreover, it is alleged that the negligence was perpetrated in New York, the contract allegedly breached was formed in New York between New York entities, and the property that was allegedly damaged is real property located within the State of New York. Id.   Indeed, before this action was removed to this Court based upon diversity of citizenship, this action was pending in New York State Supreme Court. Id. Therefore, it is respectfully submitted that this Court should apply New York's substantive law to this action.

## POINT II

### PLAINTIFF'S COMPLAINT AND ALL CROSS CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF CAN NEITHER PLEAD NOR PROVE A CAUSE OF ACTION AGAINST VANCE

The plaintiff's Complaint must be dismissed pursuant to FRCP Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In reviewing the pleadings pursuant to a motion to dismiss under Rule 12(b)(6), the Court looks to the four corners of the complaint and evaluates the legal viability of the allegations contained therein. Rappaport v. Asia Electronics Holdings Co., Inc., 88 F. Supp. 2d 179, 183 (S.D.N.Y. 2000); Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998); First Financial Insurance Company v. Allstate Interior Demolition Corp., 193 F.3d 109, 116 (2d Cir. 1999). A complaint that consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6). DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996); Kalnit v. Eichler, 85 F.Supp. 2d 232, 236 (S.D.N.Y. 1999); Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

Here, the Complaint fails to properly plead either that the policy of insurance contained a subrogation agreement or that plaintiff-subrogor signed a subrogation receipt transferring plaintiff-subrogor's rights to plaintiff-subrogee. Thus, the Complaint, which asserts a claim in subrogation, should be dismissed for failing to state a cause of action. See e.g. Dunning v. Shell Oil Company, 83 A.D.2d 676, 442 N.Y.S.2d 239 (3d Dept. 1981) [*Appeal remanded for hearing to determine whether plaintiff had subrogation rights because of contradicting allegations with respect to the existence of a contract of insurance with a subrogation provision therein entitling the insurer to a pro tanto right of subrogation, or of a subrogation receipt executed by subrogor in favor of the insurer.*]; CNA Insurance Company v. Carl R. Cacioppo Electrical Contractors,

5

206 A.D.2d 399, 616 N.Y.S.2d 187 (2d Dept. 1994) [*Subrogation receipt or other similar agreement allows party to sue without joining the person for whose interest the action is brought.*]  In addition, pursuant to well-settled law, plaintiff-subrogee cannot prove that it has a right to assert a claim against Vance since plaintiff-subrogor had no right to bring such a claim because of plaintiff-subrogor's execution of a General Release in favor of Vance relative to the same property damage at issue in this case.  Accordingly, Vance is entitled to judgment on the pleadings, dismissing the complaint and all cross claims, pursuant to FRCP Rule 12 (c).

Moreover, the rights of a subrogee have been the topic of numerous decisions from the New York Court of Appeals and New York's intermediate appellate courts.  Common among these decisions is the well-settled rule that the rights of a subrogee, or insurer, against a third-party are

> derivative and limited to such rights as the insured "would have had against such third party for its default or wrongdoing." (Ocean Acc. & Guar. Corp. v. Hooker Electrochemical Corp., supra, 240 N.Y. at 47, 147 N.E. 351.)  Thus, the insurer can only recover if the insured could have recovered and its claim as subrogee is subject to whatever defenses the third party might have asserted against its insured (see, American Sur. Co. v. Town of Islip, 268 App.Div. 92, 94, 48 N.Y.S.2d 749;  11A Appleman, Insurance Law & Practice § 6551, at 3-9;  see generally, 16 Couch, Insurance 2d § 61:285, at 326).

Federal Insurance Company v. Arthur Andersen & Co., 75 N.Y.2d 366, 372, 552 N.E.2d 870, 873, 553 N.Y.S.2d 291, 294 (1990).  Put another way, the rights of a subrogee are

> subject to any claims or defenses which may be raised against the subrogor;  thus, the rights of a subrogee must be determined with respect to the rights of the subrogor (see, United States Fid. & Guar. Co. v. Smith Co., 46 N.Y.2d 498, 504, 414 N.Y.S.2d 672, 387 N.E.2d 604;  Solomon v. Consolidated Resistance Co. of Amer., 97 A.D.2d 791, 792, 468 N.Y.S.2d 532;  Medical Malpractice Ins. Assn. v. Medical Liab. Mut. Ins. Co., 86 A.D.2d

476, 479-480, 450 N.Y.S.2d 191, lv. denied, 57 N.Y.2d 604, 454
N.Y.S.2d 1029, 440 N.E.2d 800).

Servidori v. Mahoney, 129 A.D.2d 944, 515 N.Y.S.2d 328 (3d Dept. 1987).


In the instant case, *assuming arguendo* that plaintiff-subrogee acquired the rights of its

insured, plaintiff-subrogee cannot prove that it acquired the right to assert a claim against Vance

for the loss at 169 Hudson Street, New York, New York on April 19, 2002. The accompanying

Affidavit of Joseph Edward Vance, A.I.A., dated June 5, 2006, provides that plaintiff-subrogor

settled its claims arising from that loss with Vance in consideration of thirty-five thousand

dollars ($35,000.00). Attached to Mr. Vance's Affidavit is a General Release wherein plaintiff-

subrogor released and forever discharged Vance "from all claims, actions, causes of action, suits,

accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all

claims by the other for contribution or indemnity whatsoever, in law or in equity..." (See General

Release attached to the accompanying Affidavit of Joseph Edward Vance dated June 5, 2006.)

There is no language in the General Release preserving any subrogation rights and no language

limiting the release to any uninsured claims. Id.


Since plaintiff-subrogor released and forever discharged any claims against Vance for the

subject loss at issue in this case, plaintiff-subrogee had no right to commence an action against

Vance for that loss. Consequently, since plaintiff-subrogee merely "stepped into the shoes" of

plaintiff-subrogor, it too possesses no right to commence an action against Vance for the subject

loss. Federal Insurance Company v. Arthur Andersen & Co., 75 N.Y.2d 366, 372, 552 N.E.2d

870, 873, 553 N.Y.S.2d 291, 294 (1990); Servidori v. Mahoney, 129 A.D.2d 944, 515 N.Y.S.2d

328 (3d Dept. 1987). Therefore, plaintiff-subrogee cannot prove a cause of action against Vance

arising from the April 19, 2002 loss. Accordingly, the claims against Vance are dismissible as failing to state a claim upon which relief can be granted pursuant to FRCP 12(b)(6). Moreover, in accordance with the above discussion, Vance is also entitled to the granting of judgment on the pleadings pursuant to FRCP Rule 12(c), together with the dismissal of all claims and cross claims against Vance.

Likewise, should this Court exercise its discretion in converting this motion to one for summary judgment pursuant to FRCP 12 and 56, the awarding of summary judgment in favor of Vance, in accordance with the above reasoning, would be warranted, together with the dismissal of all claims and cross claims against Vance, pursuant to FRCP 56. There are no issues of material fact as to the claims against Vance because the General Release executed by plaintiff-subrogor in favor of Vance is dispositive of those claims. (See General Release attached to the accompanying Affidavit of Joseph Edward Vance dated June 5, 2006). Plaintiff-subrogee cannot dispute that plaintiff-subrogor released and forever discharged Vance from any claims arising from the loss on April 19, 2002. Therefore, it is respectfully submitted that Vance is entitled to summary judgment as a matter of law, together with the dismissal of all claims against Vance in this case.

**POINT III**

**ARCHITRON'S CROSS-CLAIMS FOR CONTRIBUTION
AND INDEMNIFICATION SHOULD BE DISMISSED**

Vance is entitled to judgment dismissing all cross-claims asserted against it in this action.

Architron is the only other defendant who has appeared and asserted cross-claims against Vance.

Architron asserts only two cross-claims—one for contribution, and the other for indemnification.

However, both cross-claims are barred pursuant to applicable New York law.

Architron's cross-claim for contribution is barred under § 15-108 of New York's General

Obligations Law. Specifically, § 15-108(b) expressly provides:

> [a] release given in good faith by the injured person to one
> tortfeasor as provided in subdivision (a) relieves him from liability
> to any other person for contribution as provided in article fourteen
> of the civil practice law and rules.

It is well-settled that § 15-108(b) operates to bar claims for contribution against a joint tortfeasor

who has settled the claim and obtained a release in good faith. See Kagan v. Jacobs, 260 A.D.2d

442, 687 N.Y.S.2d 732 (2d Dept.1999); Driscoll v. NYCTA, 53 A.D.2d 391, 385 N.Y.S.2d 540

(1st Dept. 1976). Indeed, New York's contribution statute, § 1401 of New York's Civil Practice

Law and Rules, expressly provides that it is limited in scope by New York's General Obligations

Law: "Except as provided in sections 15-108 and 18-201 of the general obligations law..."

In the instant case, Vance acquired a release in good faith pursuant to General

Obligations Law § 15-108(b) when Vance settled the claim arising from the April 19, 2002

incident at issue in this case for thirty-five thousand dollars ($35,000.00). Therefore, pursuant to

General Obligations Law § 15-108(b), Architron's cross-claim for contribution is barred.

9

Similarly, Architron's cross-claim for indemnification should be dismissed. It is well-settled under New York Law that indemnification involves a shifting of the entire loss from one who is, or has been, compelled to pay for a loss, without regard to his own fault, to one who more properly bears responsibility for that loss because he was the actual wrongdoer. County of Westchester v. Welton Becket Associates, 102 A.D.2d 34, 478 N.Y.S.2d 305, aff'd 66 N.Y.S.2d 642, 495 N.Y.S.2d 364 (1985). Therein, the Appellate Division stated that indemnification arises:

> [w]here one has committed no actual wrong is held vicariously liable for the wrongdoing of another, he has a right to indemnification from the actual wrongdoer. (cites omitted).

478 N.Y.S.2d at 314.

The Courts consistently reject indemnification claims where plaintiffs allege active wrongdoing against the parties seeking indemnification and are not being sued solely for their vicarious liability. S.S.D.W. Co. v. Feldman-Misthopoulos Associates, 151 A.D.2d 293, 542 N.Y.S.2d 565 (1st Dept. 1989); State of New York Facilities Development Corp. v. Kallman & McKinnell, Russo & Sonder, 121 A.D.2d 805, 504 N.Y.S.2d 557 (3d Dept. 1986); Trustees of Columbia University v. Mitchell Guirgola Associates, 109 A.D.2d 449, 492 N.Y.S.2d 371 (1st Dept. 1985).

Since the predicate for common law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, a party who is alleged to have participated to some degree in the wrongdoing complained of cannot receive the benefit of indemnification. Board of Education of the City of New York v. Mars Associates, Inc., 133 A.D.2d 800, 520 N.Y.S.2d 181 (2d Dept. 1987).

10

In <u>Mars</u>, portions of the exterior masonry of a school building collapsed.  The New York City Board of Education, as owner, commenced an action against its architects, general contractor and a subcontractor alleging breach of contract, negligence and architectural malpractice.    The general contractor and subcontractor sought indemnification from the architect.    The Court held that neither contractor had a basis for claiming common law indemnification from the architect since the pleadings showed that plaintiff did not claim either contractor was responsible for wrongs committed by the architect.  It stated:

> [m]oreover, if as alleged in the pleadings [general contractor and subcontractor] are wrongdoers, their claims for common law indemnification are not viable.  (See, County of Westchester v. Welton Becket Assoc., supra, at 47, 478 N.Y.S.2d 305).  […] Thus, the cross claims for indemnification, insofar as they are asserted against the [architect], should be dismissed.

<u>Board of Education of the City of New York v. Mars Associates, Inc.</u>, 133 A.D.2d at 802, 520 N.Y.S.2d at 183 (2d Dept. 1987).

Likewise, in <u>City of Rochester v. Holmsten Ice Rinks, Inc.</u>, 155 A.D.2d 939, 548 N.Y.S.2d 959 (4th Dept. 1989), the Appellate Division reversed the lower court's denial of the engineer's summary judgment motion with respect to implied indemnification.  The Court stated:

> [t]he City's complaint charges [the general contractor and architect] only with direct liability for breach of contract and not for vicarious liability based upon their relationship to another party.  Thus, there is no basis for express or implied indemnity against [the engineer].

548 N.Y.S.2d at 961.

In the instant case, the cross-claims for indemnification are similarly not viable because the plaintiff has alleged that the Architron was an active wrongdoer. Moreover, the plaintiffs did not claim that defendants/third-party plaintiffs were responsible for wrongs committed by Vance. As such, Architron cannot, as a matter of law, prove each element necessary to obtain indemnification from Vance.

Insofar as Architron can neither plead nor prove any facts that would allow it to recover against Vance for indemnification, dismissal of Architron's cross-claims is warranted pursuant to FRCP 12 and, should the Court exercise its discretion in converting this motion to one for summary judgment pursuant to FRCP 12 and 56, the awarding of summary judgment in favor of Vance is warranted, together with the dismissal of all claims and cross claims against Vance, as a matter of law.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that Vance's motion to dismiss pursuant to FRCP Rules 12(b)(6) and 12(c) should be granted in its entirety and, should the Court exercise its discretion in converting this motion to one for summary judgment pursuant to FRCP 12 and 56, it is respectfully requested that summary judgment be awarded in favor of Vance as well, along with the dismissal of all claims and cross claims against Vance, together with such other, further and different relief as to this Court may seem just, proper and equitable.


Dated: Garden City, New York
       June 6, 2006

                                        Respectfully submitted,

                                        L'ABBATE, BALKAN, COLAVITA
                                           & CONTINI, L.L.P.


                                        By:  _____
                                             TOMAS B. LIM (TBL2036)
                                             Attorneys for Defendant
                                             JOSEPH VANCE ARCHITECTS s/h/a
                                             JOSEPH EDWARD VANCE ARCHITECT
                                             1001 Franklin Avenue
                                             Garden City, New York 11530
                                             (516) 294-8844


       TO:   Robert C. Sheps, Esq.
             Sheps Law Group, P.C.
             Attorneys for Plaintiff
             35 Pinelawn Road, Suite 106E
             Melville, New York 11747
             (631) 249-5600
             File No. 4368

13

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750
File 10111.00220

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

## AFFIDAVIT OF SERVICE - OVERNIGHT
### (Federal Express)

STATE OF NEW YORK     )
                                )    ss.:
COUNTY OF NEW YORK   )

      Bernice Meltzer, being duly sworn, deposes and says: Deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York

      On this 6th day of June 2006, deponent served the within:

### MEMORANDUM OF LAW IN SUPPORT
### OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

UPON:

      Robert C. Sheps, Esq.
      Sheps Law Group, P.C.
      Attorneys for Plaintiff
      35 Pinelawn Road, Suite 106E
      Melville, New York 11747
      (631) 249-5600
      File No. 4368

      Marina A. Spinner, Esq.
      Nicoletti Gonson & Spinner, LLP
      Attorneys for Defendant
      ARCHITRON DESIGNERS AND BUILDERS, INC.
      546 Fifth Avenue, 20th Floor
      New York, New York 10036
      (212) 730-7750
      File 10111.00220

at the addresses designated by said attorneys for that purpose by depositing a true copy of same, enclosed in a paid properly addressed wrapper, into the custody of **FEDEX**, an overnight delivery service, for overnight delivery, prior to the latest time designated by such overnight delivery service for overnight delivery.

*Bernice Meltzer*
_____
Bernice Meltzer

Sworn to before me this
6th day of June 2006

_____
Notary Public

No. JOHN P. DEFILIPPIS
Notary Public, State Of New York
No. 02DE6051370
Qualified In Queens County
Commission Expires Nov. 27, 2006

**AFFIDAVIT OF SERVICE**

STATE OF NEW YORK    )
                       ) ss.:
COUNTY OF NEW YORK )

      BERNICE MELTZER, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Kings County, New York.

      That on the 6th day of June 2006, deponent served the within

**MEMORANDUM OF LAW IN SUPPORT**
**OF MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

upon:

      AYN Enterprises, Inc.
      2555 Nostrand Avenue
      Brooklyn, New York 11210

      GJC Structure, PE, PC
      40-12 28th Street
      Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                    BERNICE MELTZER

Sworn to before me this
6th day of June 2006

JOHN P. DEFILIPPIS
Notary Public, State Of New York
No. 02DE6051370
Qualified In Queens County
Commission Expires Nov. 27, 2006

_____
Notary Public

L'ABBATE, BALKAN, COLAVITA & CONTINI, L.L.P.
Attorneys at Law
1001 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.,

                              Plaintiff,                                    CLERK'S NOTATION
                                                                            OF DEFAULT
      -against-                                                             05-CV- 1872 (SJF)


ARCHITRON DESIGNER AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES,
P.E., P.C. and JOSEPH EDWARD VAN ARCHITECT,


                              Defendants.
------------------------------------------------------------------X

         I, Robert C. Heinemann, Clerk of the Court for the United States District Court

for the Eastern District of New York, do hereby certify that the Affidavit of Service in the

above-entitled action indicates that defendant, GJC STRUCTURES, P.E., P.C., was served

with a copy of the Summons and Complaint on March 17, 2005, by delivering a copy of the

Summons and Complaint to Christina Dimitriou, Financial Administrator of the corporation

who stated that she was authorized to accept service at GJC Structure, P.E., P.C., 40-12 28th

Street, Long Island City, NY 11101.

         I further certify that a review of the court file and docket entries indicates that

defendant, GJC STRUCTURES, P.E., P.C., has failed to plead or otherwise defend as

provided by the Federal Rules of Civil Procedure.

         The default of defendant, GJC STRUCTURES, P.E., P.C., is hereby noted

pursuant to Rule 55(a) of the Federal Rule of Civil Procedure.



Dated: Brooklyn, New York
       June 27, 2006                                    ROBERT C. HEINEMANN
                                                        CLERK OF COURT

                                        By:  _____
                                             Deputy Clerk



**Attorneys at Law**

**L'Abbate, Balkan, Colavita & Contini, L.L.P.**

One Battery Park Plaza, New York, NY 10004
T. 212.825.6900   F. 212.825.0657
www.lbcclaw.com

FILED
IN CLERKS OFFICE
U.S. ~~DISTRICT COURT E.D. N.Y~~

★ JUN 30 2006 ★

P.M. _____
TIME A.M. _____

*Order*
*the application*
*is granted.*

*[signature]* 6/16/06.

Tomas B. Lim
Associate
tlim@lbcclaw.com

Writer's Extension 6214

June 16, 2006

**VIA FACSIMILE     Brooklyn Chambers** - *(718) 797-7377*
**Central Islip Chambers** - *(631) 712-5636*

Honorable Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

**COUNSEL IS DIRECTED TO SERVE
A COPY OF THIS ORDER ON ALL
PARTIES UPON RECEIPT.**

   Re: St. Paul Fire & Marine Insurance Co. a/s/o Hudson Street
     L.L.C. v. Architron Designers and Builders, Inc., AYN Enterprises
     Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect
     **Docket No.  CV 05 1872 (SJF)**
     <u>Our File: 169-74312</u>

Hon. Sandra J. Feuerstein:

   Pursuant to Your Honor's Individual Rules, we are hereby requesting that the return date or submission date for Joseph Edward Vance Architect's motion to dismiss the above referenced case be adjourned from June 19, 2006, to June 23, 2006. When Your Honor provided June 16, 2006 as the date for service of opposition and subsequently scheduled reply papers three days after service of opposition, the parties were not aware that two of the three days fell on a weekend, leaving us with only one day to conduct research on issues raised in opposition and confer with our client to prepare a reply affidavit.

   I have communicated with Greg Opell, Esq., counsel for the plaintiff, and Edward Benson, Esq., counsel for Architron Designers and Builders, Inc., and they both consent to the adjournment.

St. Paul Fire & Marine Insurance Co.
a/s/o Hudson Street, L.L.C. v. Architron
Designers and Builders, Inc. et al
Docket No. CV 05 1872 (SJF)
June 16, 2006
Page 2

Neither AYN Enterprises, Inc. nor GJC Structures, P.E., P.C. has answered or otherwise appeared in this action. Accordingly, we respectfully request that Your Honor adjourn the return date or submission date from June 19, 2006, to June 23, 2006.

Respectfully submitted,

Tomas B. Lim (TBL2036)

cc:   Greg Opell, Esq.    *Fax No. (631) 249-5613*
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
File No. 4368

Edward Benson, Esq.    *Fax No. (212) 730-7850*
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750
File 10111.00220



cM

D9

FILED

IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ DEC 14 2006 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, LLC,

                                        Plaintiff(s),                    05CV1872 (SJF) (RER)

                    -vs-

ARCHITRON DESIGNERS AND BUILDERS, INC.,                    **NOTICE**
et. al.,

                                        Defendant(s).
----------------------------------------------------------------X

        The parties in the above-captioned matter are advised that a damages hearing

has been scheduled for **Monday, January 15, 2007 at 10:30 a.m.** before the

Honorable Sandra J. Feuerstein at the **Brooklyn Courthouse**.    Plaintiff's counsel is

directed to serve all parties with this notice.

Dated:  Central Islip, NY
        November 16, 2006

                                        _____
                                        Maryanne Cerny,  Judicial Assistant to the
                                        Hon. Sandra J. Feuerstein, U.S.D.J.

Copies:    Nicoletti Gonson & Spinner, LLP
           L'Abbate, Balkan, Colavita & Contini, LLP



Attorneys at Law
L'Abbate, Balkan, Colavita & Contini, L.L.P.

7 Regent Street, Suite 711, Livingston, NJ 07039
T. 973.422.0422  F. 973.422.0420
www.lbcclaw.com

Tomas B. Lim
Associate
tlim@lbcclaw.com

Writer's Extension 6110

December 15, 2006

Honorable Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:    St. Paul Fire & Marine Insurance Co. a/s/o Hudson Street
>        L.L.C. v. Architron Designers and Builders, Inc., AYN Enterprises
>        Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect
>        **Docket No.  CV 05 1872 (SJF)**
>        Our File: 169-74312

Hon. Sandra J. Feuerstein:

We are writing to confirm the message received from the Court this week that the damages hearing scheduled for Monday January 15, 2007, at the Brooklyn Courthouse, has been cancelled. We were advised that the damages hearing was inadvertently scheduled and was being postponed without a date. By copy of this correspondence, we are hereby notifying all parties about the cancellation.

Respectfully submitted,

*Tomas B. Lim*

Tomas B. Lim (TBL2036)

**St. Paul Fire & Marine Insurance Co.**
**a/s/o Hudson Street, L.L.C. v. Architron**
**Designers and Builders, Inc. et al**
**Docket No. CV 05 1872 (SJF)**
**December 15, 2006**
**Page 2**

cc:     Robert C. Sheps, Esq.
        Sheps Law Group, P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600
        File No. 4368

        Edward Benson, Esq.
        Nicoletti Gonson & Spinner, LLP
        Attorneys for Defendant
        ARCHITRON DESIGNERS AND BUILDERS, INC.
        546 Fifth Avenue, 20th Floor
        New York, New York 10036
        (212) 730-7750
        File 10111.00220

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, PE, PC
        40-12 28th Street
        Long Island City, New York 11101





Attorneys at Law
**L'Abbate, Balkan, Colavita & Contini, L.L.P.**

7 Regent Street, Suite 711, Livingston, NJ 07039
T. 973.422.0422   F. 973.422.0420
www.lbcclaw.com

Tomas B. Lim
Associate
tlim@lbcclaw.com

Writer's Extension 6110

January 10, 2007

Honorable Sandra J. Feuerstein, U.S.D.J.
United States District Court
Eastern District of New York
Federal Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: St. Paul Fire & Marine Insurance Co. a/s/o Hudson Street
     L.L.C. v. Architron Designers and Builders, Inc., AYN Enterprises
     Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect
     **Docket No.  CV 05 1872 (SJF)**
     <u>Our File: 169-74312</u>

Hon. Sandra J. Feuerstein:

   This letter shall serve to further confirm the cancellation of the damages hearing in the above-referenced matter, which was scheduled for January 15, 2007.  This letter memorializes the telephone conversations today with the court clerk, Mr. Ketchum, and plaintiff's attorney, Gregg Opell, Esq., concerning said cancellation.  Based upon our telephone conversations today, the damages hearing remains cancelled, and no future appearances have been scheduled.

       Respectfully submitted,

       Tomas B. Lim (TBL2036)

**St. Paul Fire & Marine Insurance Co.**
**a/s/o Hudson Street, L.L.C. v. Architron**
**Designers and Builders, Inc. et al**
**Docket No. CV 05 1872 (SJF)**
**January 10, 2007**
**Page 2**

cc:     Gregg Opell, Esq.
        Sheps Law Group, P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Suite 106E
        Melville, New York 11747
        (631) 249-5600
        File No. 4368

        Edward Benson, Esq.
        Nicoletti Gonson & Spinner, LLP
        Attorneys for Defendant
        ARCHITRON DESIGNERS AND BUILDERS, INC.
        546 Fifth Avenue, 20th Floor
        New York, New York 10036
        (212) 730-7750
        File 10111.00220

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, PE, PC
        40-12 28th Street
        Long Island City, New York 11101



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

──────────────────────────────────X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

        Plaintiff,

    -against-                         **ORDER**
                                     05-CV-1872 (SJF) (RER)

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT,

        Defendants.

──────────────────────────────────X

FEUERSTEIN, J.

      On March 16, 2005, plaintiff St. Paul Fire and Marine Insurance Co. ("Plaintiff")

commenced this action against defendants Architron Designers and Builders, AYN Enterprises,

GJC Structures, and Joseph Edward Vance, in New York State Supreme Court, County of New

York asserting claims of negligence and breach of contract. On April 15, 2005, defendant

Architron Designers and Builders timely removed the case to this Court pursuant to 28 U.S.C. §

1332.

      Plaintiff originally filed this case in New York County in the Southern District of New

York. Cases within federal jurisdiction may be removed "to the district court ... for the district

and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

Architron improperly removed this case to the Eastern District.

      On February 26, 2007, the Court issued an Order to Show Cause why this case should not

be transferred to the Southern District of New York. Responses were due by March 7, 2007 at

5:00 P.M.  No party responded.

Removal of an action to an improper district is not a jurisdictional defect, but is "akin to an improper venue situation." <u>Mortensen v. Wheel Horse Prods., Inc.</u>, 772 F. Supp. 85, 89 (N.D.N.Y. 1991).  <u>Accord</u> <u>Kreimerman v. Casa Veerkamp, S.A. de C.V.</u>, 22 F.3d 634, 645 (5th Cir. 1994) (removal of case to wrong division of judicial district is akin to improper venue situation).  An improper designation of venue may be remedied by transferring the action to the proper district.  <u>See</u> 28 U.S.C. §§ 1404(a), 1406(a).  <u>See also</u> <u>MBL Life Assurance Corp. v. Lampert Plans, Inc.</u>, No. 96 Civ. 3832, 1996 WL 494900, at *1 (S.D.N.Y. Aug. 30, 1996); <u>Ullah v. Federal Deposit Ins. Corp.</u>, 852 F. Supp. 218, 219 (S.D.N.Y. 1994).

Accordingly, the Clerk of the Court is directed to transfer this action to the United States District Court for the Southern District of New York.  The Clerk should remove the case from this Court's active docket.


IT IS SO ORDERED.



<u>S/sjf</u>
Sandra J. Feuerstein
United States District Judge


Dated:    March 8, 2007
Brooklyn, New York

2

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF NEW YORK

**ROBERT C. HEINEMANN**
CLERK
**JAMES GIOKAS**
CHIEF DEPUTY

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ DEC 1 0 2007 ★

BROOKLYN OFFICE

U.S. DISTRICT COURT
N.D. OF N.Y.
**RECEIVED**

DEC 0 7 2007

LAWRENCE K. BAERMAN, CLERK
ALBANY

**PLEASE REPLY TO:**
☑ **BROOKLYN OFFICE**
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NEW YORK 11201

☐ **LONG ISLAND OFFICE**
UNITED STATES DISTRICT COURT
100 FEDERAL PLAZA
CENTRAL ISLIP, NEW YORK
11722-4438

Clerk of Court
U.S. District Court - Northern District of New York
509 James T. Foley US Courthouse
445 Broadway
Albany, NY 12207-2936

Date: December 5, 2007
Re: US v. Sean Pearson
Transfer of probationer
EDNY's Case No: 01 cr 538 (RJD)
Your Case No: 1:07-cr-518 (LEK)

Pursuant to the order of Honorable Raymond J. Dearie  transferring jurisdiction of probationer  to your court, the following documents are herewith enclosed:

     X    Certified copy of order of transfer

     X    Certified copy of docket sheet

     X    Certified copy of indictment

     X    Certified copy of judgment and conviction

Kindly acknowledge receipt of the above-cited documents on the enclosed copy of this letter.

Yours truly,

ROBERT C. HEINEMANN
Clerk of Court

By: _Alvin Chee_
Deputy Clerk
(718) 613-2624

Enc.

# UNITED STATES DISTRICT COURT
## Eastern District of New York

ROBERT C. HEINEMANN
CLERK OF COURT

□   PLEASE REPLY TO:
BROOKLYN OFFICE
U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN. NY 11201

□   LONG ISLAND OFFICE
 U.S. COURTHOUSE
 100 FEDERAL PLAZA
CENTRAL ISLIP, NY 11722

December 17, 2007

Clerk of Court
U.S. District Court, SDNY
500 Pearl Street
New York, NY 10007-1312

Date: December 17, 2007
Re: St. Paul Fire & Marine Insurance Co., et al -v- Architron Designers &
Builders, Inc., et al
EDNY CASE No: 05-CV-1872(SJF)
Transfer of Case to SDNY

  Pursuant to the order of Honorable Sandra J. Fuerstein transferring case to the Southern District of New York, the following documents are enclosed:

    _____Certified Copy of Order of Transfer

    _____Certified Copy of Docket Sheet

  Please acknowledge receipt of the above cited documents on the enclosed copy of this letter.

Yours truly,

ROBERT C. HEINEMANN,
Clerk of Court

by:_____
 Deputy Clerk
 (718) 613-2325