UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.                    Docket No. 08-CV-00465
a/s/o HUDSON STREET, LLC,

                                            **NOTICE OF MOTION**

                                Plaintiff,

     -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                             Defendants.
------------------------------------------------------------------------X

      **PLEASE TAKE NOTICE**, that upon the annexed declaration of Edward S. Benson,

Esq. and the exhibits annexed thereto, the accompanying memorandum of law and Rule 56.1

statement, and upon all the pleadings and proceedings heretofore had herein, the Defendant,

Architron Designers and Builders, Inc., by its attorneys, Nicoletti Gonson Spinner & Owen LLP,

will move this Court at the Federal Courthouse located at 225 Cadman Plaza East, Brooklyn,

New York, on a date and time to be assigned by the Court, for an Order:

        (1)     pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting it
                  summary judgment and dismissing the cross-claim asserted by Joseph
                  Vance Architects s/h/a Joseph Edward Vance Architect against Architron
                  Designers and Builders, Inc.;

        (2)     and for such other and further relief as to this Court may seem just and
                  proper.

Dated: New York, New York
      May 6, 2008                 NICOLETTI GONSON SPINNER & OWEN LLP

                                   By:_____

                                      Edward S. Benson, Esq. (EB 1908)
                                      Attorneys for Defendant
                                      Architron Designers and Builders, Inc.
                                      555 Fifth Avenue, 8th Floor
                                      New York, New York 10017
                                      (212) 730-7750

TO:    Robert C. Sheps, Esq.
       Sheps Law Group, P.C.
       Attorneys for Plaintiff
       35 Pinelawn Road, Suite 106E
       Melville, New York 11747
       (631) 249-5600
       File No. 4368

       L'Abbate Balkan, Colavita & Contini, L.L.P.
       Attorneys for Defendant
       Joseph Vance Architects s/h/a
       Joseph Edward Vance Architect
       1001 Franklin Avenue
       Garden City, New York 11530
       (516) 294-8844

       AYN Enterprises Inc.
       2555 Nostrand Avenue
       Brooklyn, New York 11210

       GJC Structure PE, PC
       40-12 28th Street
       Long Island City, New York 11101

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.                     Docket No. 08-CV-00465
a/s/o HUDSON STREET, LLC,

                                Plaintiff,          **DECLARATION OF**
                                Plaintiff,          **EDWARD S. BENSON**

      -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                        Defendants.
--------------------------------------------------------------------X

     Pursuant to U.S.C. §1746, I, Edward S. Benson, declare under penalties of perjury as follows:

    1.     I am a member of the Bar of the State of New York and of the bar of this Court. I am a partner with the law firm of Nicoletti Gonson Spinner & Owen LLP, attorneys for defendant ARCHITRON DESIGNERS AND BUILDERS, INC. ("Architron").

    2.     This declaration is made in support of defendant, Architron's, motion for summary judgment seeking dismissal of the cross-claim of Joseph Vance Architects s/h/a Joseph Edward Vance Architect (hereinafter referred to as "Vance") pending against it.

    3.     Attached hereto as Exhibit A is a true and correct copy of the Plaintiff's Summons and Complaint dated March 16, 2005.

    4.     Attached hereto as Exhibit B is a true and correct copy of the Petition for Removal dated April 15, 2005.

    5.     Attached hereto as Exhibit C is a true and correct copy of the Answer of defendant Architron, dated April 19, 2005.

6.      Attached hereto as Exhibit D is a true and correct copy of the Answer of defendant Vance, dated July 15, 2005.

7.      Attached hereto as Exhibit E is a true and correct copy of the General Release from Plaintiff to defendant Architron, dated June 8, 2006.

8.      Attached hereto as Exhibit F is a true and correct copy of the Stipulation of Dismissal as against defendant Architron, date June 15, 2006.

9.      Attached hereto as Exhibit G is a true and correct copy of the Affidavit of Edward Joseph Vance in Support of Motion to Dismiss, which was submitted to the Court in support of Vance's prior motion for summary judgement.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on May 6, 2008

Edward S. Benson, Esq. (EB 1908)

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: 05-600948

———————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.,

**SUMMONS**

Plaintiff designates
County as the place of
trial

Plaintiff,

Basis of Venue is:
Plaintiff's Residence

-against-

Plaintiff resides at:
385 Washington Street
St. Paul, Minnesota

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

Defendants

———————————————————X

**To the above-named Defendant(s):**

YOU ARE HEREBY SUMMONED to answer the complaint in this action,
and to serve a copy of your answer, or, if the complaint is not served with this
summons, to serve a notice of appearance on the Plaintiff's attorney within twenty
days after the service of this summons, exclusive of the day of service, where service
is made by delivery upon you personally within the state, or, within 30 days after
completion of service where service is made in any other manner. In case of your
failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated: Melville, New York
March 7, 2005

Respectfully submitted,

NEW YORK
COUNTY CLERK'S OFFICE

MAR 1 6 2005

NOT COMPARED
WITH COPY FILED

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101
AYN Enterprises, Inc.
2555 Nostrand Avenue ·
Brooklyn, NY 11210

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

05/16/2005  14:04    718-383-4855                                                    PAGE  04/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

———————————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.                    **COMPLAINT**
a/s/o Hudson Street, L.L.C.,

                                                       NEW YORK
                                                       COUNTY CLERK'S office No.: OS- 60094T
                        Plaintiff,

        -against-                                       MAR 1 6 2005

                                                       NOT COMPARED
ARCHITRON DESIGNERS AND BUILDERS, INC., WITH COPY FILED
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                        Defendants

———————————————————————————X

        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

        1.      Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

2.     At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number 1M0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.     Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in design and construction work.

4.     Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.     Defendant, GJC STRUCTURES, P.E., P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.     Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

7.    At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises").

8.    Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.    Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.    On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.    Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS -NEGLIGENCE-

12.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.    The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

(a)    Improper installation, repair and design of the renovation and construction in the building.

(b)     failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story façade wall;

(c)     failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)     failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)     failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)     retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)     failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)     failing to properly advise proper authorities of the nature, and hazards associated with the improper design and construction;

(i)     failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)     failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)     failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)     failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)     otherwise failing to use due care and proper skill under the circumstances.

14.     As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO
## DEFENDANTS
## -BREACH OF CONTRACT-

15.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 14 inclusive.

16.    For the reasons more particularly set forth in plaintiff's First Cause of Action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse;

17.    Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.    By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10 took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
       March 7, 2005

Respectfully submitted;

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

05/16/2005  14:04    718-383-4855                                    PAGE  09/09

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV — 05   1872

-------------------------------------------------------
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC

Docket No.

          Plaintiff,

PETITION FOR
REMOVAL

    -against-

FEUERSTEIN, J.

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

GO, M.J.

       Defendants.

-----------------------------------------------------------------X

Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. ("Architron")
hereby files this Notice of Removal of the above-described civil action to the United States
District Court for the Eastern District of New York, from the Supreme Court of the State of New
York, County of New York where the action is now pending as provided by Title 28, U.S. Code,
Chapter 89 and state:

    1. This cause was commenced in the Supreme Court of the State of New York, County
of New York, on or about March 16, 2005, a copy of plaintiff's complaint setting forth the claim
for relief upon which the action is based was received by the Defendant on or about March 17,
2005.

    2. The action is a civil subrogation action for money damages regarding property
damage. The United States District Court for the District of New York, Eastern District has
jurisdiction by reason of the diversity of citizenship of the parties.

    3. The action seeks damages in excess of $233,000.00 and, therefore, exceeds $150,000,
exclusive of interest and costs.

4. At the time of the commencement of this action in State Court, and since that time, the plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. ("St. Paul") has been and is now, a domicile of the State of Minnesota with a principal place of business in St. Paul, Minnesota. The defendants, to the extent that they all still exist, were, and still are, corporations, incorporated and existing under and by virtue of the laws of the State of New York having a principal place of business in the State of New York, or are unincorporated businesses that have or had principal places of business in the State of New York. None of the defendants, at the time the action was commenced and at the present time, are citizens of the State of Minnesota.

5. Defendant, Architron, attaches to this notice a copy of all process and pleadings served upon it in the cause.

6. Defendant, Architron, will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7. A copy of this notice will be filed with the clerk of the Supreme Court, New York, County of New York as required by 28 U.S.C. § 1446(d).

8. Defendant, Architron, has attempted to verify whether the other defendants to this action have been properly served with process relating to the action commenced by St. Paul in the Supreme Court of the State of New York, County of New York, and, if so, to obtain their consent to this removal. Upon information and belief, proper service has not been effected on any of the other defendants.

9. Defendant, JOSEPH EDWARD VANCE ARCHITECT advised, in a telephone call on April 14, 2005, that he had not received process in this matter. He further advised that the address indicated on the summons and complaint was a former address.

10. Defendant, GJC STRUCTURES, P.E., P.C., by its counsel, Robert W. Resnick, Esq., advised, in a telephone call on April 14, 2005, that he had investigated the matter and that service had not been effected on GJC STRUCTURES, P.E., P.C. and that it has ceased to operate. Mr. Resnick advised that he was not authorized to accept service and that GJC STRUCTURES, P.E., P.C. no longer had any premises.

11. Efforts to contact defendant, AYN ENTERPRISES INC. were unsuccessful. Upon information and belief, AYN ENTERPRISES INC. is no longer in business and is not operating out of the address delineated in the summons and complaint. A database search indicates that A.Y.N. Enterprises, Inc., a New York state corporation, has been dissolved by proclamation.

*WHEREFORE*, Defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:    New York, New York
          April 15, 2005

                              Yours, etc.

                              By: _____
                                  Edward S. Benson (EB 1908)
                                  Nicoletti Gonson & Spinner LLP
                                  Attorneys for Defendant
                                  ARCHITRON DESIGNERS AND BUILDERS,
                                  INC.
                                  546 Fifth Avenue, 20th Floor
                                  New York, New York 10036
                                  (212) 730-7750
                                  Our File:  10111.00220


TO:    Robert C. Sheps
       Sheps Law Group P.C.
       35 Pinelawn Road, Ste. 106E
       Melville, NY 11747

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 15th day of April, 2005, I caused the within: PETITION FOR REMOVAL to be served by first class, United States mail upon all counsel for the parties as follows:

Robert C. Sheps
Sheps Law Group P.C.
35 Pinelawn Road, Ste. 106E
Melville, NY 11747

[Service not effected on GJC STRUCTURES, P.E., P.C., AYN Enterprises, Inc. and Joseph Edward Vance Architect as entities are defunct and/or have not been served with originating process]

Edward S. Benson (ESB 1908)

Sworn to before me this
13th day of April, 2005

Notary Public

Robert J. Eisen
Notary Public State of NY
No. 02EI6025301
Qualified in Westchester County
Commission Expires May 24 200_7_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.                     COMPLAINT
a/s/o Hudson Street, L.L.C.,

                                                         Index No.: 05-602

                        Plaintiff,

        -against-

                                                         NEW YORK
                                                         COUNTY CLERKS OFFICE
ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT                        MAR 16 2005

                        Defendants                       NOT COMPARED
                                                         WITH COPY FILED
------------------------------------------------------------X

        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

        1.      Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

2.      At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number IM0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.      Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101, and was at all times hereinafter engaged in design and construction work.

4.      Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.      Defendant, GJC STRUCTURES, P.E. P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.      Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

From: Hasan Karim  At: PROFESSIONAL RISK MANAGERS  FaxID:  To: Summons & Complaint-GL Claims                Date: 3/18/2005 09:33 AM  Page

FROM : ARCHITRON / SET                    FAX NO. : 718 472 4464              Mar. 17 2005 02:55PM  P7

7.     At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises").

8.     Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.     Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.    On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.    Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS NEGLIGENCE

12.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.    The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

(a)     Improper installation, repair and design of the renovation and construction in the building.

FROM : ARCHITRON / SET                    FAX NO.  :718 472 4464          Mar. 17 2005 02:55PM  P8

(b)     failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story facade wall;

(c)     failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)     failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)     failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)     retaining incompetent, unlicensed, employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)     failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)     failing to properly advise proper authorities of the nature, and hazards associated with the improper design and construction;

(i)     failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)     failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)     failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)     failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)     otherwise failing to use due care and proper skill under the circumstances.

14.     As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

From: Hasan Karim  At PROFESSIONAL RISK MANAGERS  FaxID:  To: Summons & Complaint-GL Claims          Date: 3/18/2005 09:33 AM  Page:

FROM : ARCHITRON / SET          FAX NO. :718 472 4464          Mar. 17 2005 02:56PM  P9

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO
### DEFENDANTS
### BREACH OF CONTRACT

15.    Plaintiff fully incorporates by reference the averments contained in Paragraphs 1 through 14 inclusive.

16.    For the reasons more particularly set forth in plaintiff's First Cause of action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse.

17.    Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.    By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10 took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
       March 7, 2005

Respectfully submitted,

SHEPS LAW GROUP, P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

From: Hasan Karim At PROFESSIONAL RISK MANAGERS FaxID: To: Summons & Complaint-GL Claims    Date: 3/18/2005 09:33 AM Page:

FROM : ARCHITRON / SET                    FAX NO.  :718 472 4464                    Mar. 17 2005 02:57PM  P10

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

CV Action No. _____ Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

                                        Plaintiff,

          –against–

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

---

## SUMMONS & COMPLAINT

### SHEPS LAW GROUP, P.C.
*Attorneys for Petitioner*
35 Pinelawn Road
Suite 106 East
**MELVILLE, NEW YORK 11747**
(631) 249-5600

To: ***
Attorney(s) for ***

Service of a copy of the within *** is hereby admitted.
Dated: ***

............................................
                                        Attorney(s) for ***

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a ***
    entered in the office of the clerk of the within named Court on ***
NOTICE OF
ENTRY

☐  that an Order of which the within is a true copy will be presented for settlement to
    the Hon. ***
☐  one of the judges of the within named Court, at ***, on ***, at ***
NOTICE OF
SETTLEMENT
Dated: ***

# EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.                    Docket No. CV 05 1872
a/s/o HUDSON STREET, LLC,

                                                        ANSWER
                        Plaintiff,

        -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                        Defendants.
----------------------------------------------------------------------X

        Defendant, Architron Designers and Builders, Inc., by and through its attorneys,

Nicoletti Gonson & Spinner LLP answers the plaintiff's complaint as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "1".

        2.      Denies each and every allegation contained in paragraph of the complaint

numbered "2" and begs leave to refer to the original of said document on the trial of this action

for the contents thereof.

        3.      Denies in the form alleged in paragraph of the complaint numbered "3".

        4.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "4".

        5.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "5".

        6.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "6".

7.    Denies each and every allegation contained in the paragraph of the complaint numbered "7" and respectfully refers all questions of law to the court for determination.

8.    Denies each and every allegation contained in the paragraph of the complaint numbered "8" and respectfully refers all questions of law to the court for determination.

9.    Denies each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the court for determination.

10.    Denies each and every allegation contained in the paragraph of the complaint numbered "10" and respectfully refers all questions of law to the court for determination.

11.    Denies each and every allegation contained in the paragraph of the complaint numbered "11" and respectfully refers all questions of law to the court for determination.

### ANSWERING THE FIRST CAUSE OF ACTION

12.    Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "12".

13.    Denies each and every allegation contained in the paragraph of the complaint numbered "13" and respectfully refers all questions of law to the court for determination.

14.    Denies each and every allegation contained in the paragraph of the complaint numbered "14" and respectfully refers all questions of law to the court for determination.

### ANSWERING THE SECOND CAUSE OF ACTION

15.    Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "15".

16.    Denies each and every allegation contained in the paragraph of the complaint numbered "16" and respectfully refers all questions of law to the court for determination.

17.    Denies each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law to the court for determination.

18.    Denies each and every allegation contained in the paragraph of the complaint numbered "18" and respectfully refers all questions of law to the court for determination.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.    Upon information and belief all hazards and risks incident to the circumstances set forth in the plaintiff's complaint were obvious and apparent and were readily assumed by the plaintiff.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.    If the plaintiff has been damaged or injured as alleged in the complaint herein, and such damage and injury was not sustained solely as a result of the plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by

reason of the negligence, carelessness, culpable conduct, want of care, and intentional acts of third-parties over whom this defendant had no control and for whose negligence, carelessness, want of care, and intentional criminal acts this defendant is not responsible.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.    Answering defendant relies on and is entitled to all benefits and rights under Article 16 of the New York CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.    If plaintiff's subrogor has been injured and damaged as alleged in the complaint, such injury and damage were caused or contributed to by reason of plaintiff subrogor's own conduct, negligence, carelessness or want of care, and if it be determined that plaintiff's subrogor is entitled to a recovery herein as against this answering defendant, such recovery should be apportioned between plaintiff's subrogor and this answering defendant according to their relative responsibility therefore.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules, and consequently, if any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.    Plaintiff's complaint fails to state a cause of action upon which a claim for relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.    Plaintiff's injuries, if any, were caused, contributed to, brought about and/or aggravated by superseding and/or intervening causes.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.    Upon information and belief, plaintiff failed to mitigate or otherwise act to lessen or reduce the injuries and disabilities alleged in this complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.    Plaintiff lacks capacity to sue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.    Plaintiff's claims are barred by waiver of subrogation clauses contained in the contracts between the parties.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT, ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

29.    If the plaintiff sustained the injuries and damage as alleged in the complaint, and said injuries and damages were not sustained as a result of the plaintiff's own negligence, carelessness, or want of care, then same were caused as a result of the acts and conduct, negligence, carelessness or want of care, on the part of the co-defendants, AYN Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, without any negligence, carelessness or want of care on the part of this defendant in any way contributing thereto.

30.    If plaintiff recovers a judgment against this answering defendant, by reason of the premises alleged in plaintiff's complaint, this defendant will be damaged thereby and will be entitled to be indemnified therefor, in whole or in part, by the co-defendants, AYN Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, and to have judgment over and against said co-defendants for any judgment that may be recovered by plaintiff against this defendant, or for that portion thereof that is shown to be the responsibility of the aforesaid co-defendants, together with this defendant's expenses of investigation and attorneys' fees.

AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS, AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT, ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

31.    That if the plaintiff sustained the injuries and damages in the manner and at the time and place set forth in the complaint, and if it is found that the answering defendant is liable to the plaintiff herein, then said damages were sustained in whole or in part by reason of the negligence and/or breach of warranty and/or contract by the aforesaid co-defendants and the answering defendant is entitled to contribution, apportionment and indemnification from and against the said co-defendants for all or part of any verdict or judgment that plaintiff may recover against this answering defendants.

Dated:    New York, New York
          April 19, 2005

          By: _____
          Yours, etc.

          Marina A. Spinner  (MAS 9959)
          Nicoletti Gonson & Spinner LLP
          Attorneys for Defendant
          Architron Designers and Builders, Inc.
          546 Fifth Avenue, 20th Floor
          New York, New York 10036
          (212) 730-7750
          Our File:  10111.00220

TO:   Sheps Law Group P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Ste. 106E
Melville, New York 11747
(631) 249-5600
Your File: 4368

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, New York 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, New York 11222

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                           ) ss.:
COUNTY OF NEW YORK )

Jovita Brown being duly sworn, deposes and says:

Deponent is not a party to the action and is over 18 years of age residing in Bronx, NY.

On April 20th, 2005, deponent served the within Answer and Notices to Take Oral Deposition upon

         Sheps Law Group P.C.
         Attorneys for Plaintiff
         35 Pinelawn Road, Ste. 106E
         Melville, New York 11747
         (631) 249-5600
         Your File:  4368

         AYN Enterprises, Inc.
         2555 Nostrand Avenue
         Brooklyn, New York 11210

         GJC Structure, P.E., P.C.
         40-12 28th Street
         Long Island City, New York 11101

         Joseph Edward Vance Architect
         119 Kent Street
         Brooklyn, New York 11222

attorneys in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Jovita Brown

Sworn to before me this
20th day of April, 2005

_____
Notary Public

JAMIE TODD PACKER
NOTARY PUBLIC, STATE OF NEW YORK
REG. # 02PA6000791
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 12/22/05

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                                  Plaintiff,

                                                              Docket No. CV 05 1872

              -against-

                                                              **ANSWER**

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                                  Defendants.
--------------------------------------------------------------------------x

        Defendant, Joseph Edward Vance Architect ("Vance"), by its attorneys L'Abbate, Balkan,

Colavita & Contini, L.L.P., answers the Complaint, alleging as follows:

        1.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs "1", "2", "3", "4" and "5" of the Complaint.

        2.      Denies each and every allegation contained in paragraph "6" of the Complaint,

except admits that Vance is a licensed architect in the state of New York and maintains a

principal place of business at 181 North 11th Street, Suite 202, Brooklyn, New York 11211.

        3.      Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "7" of the Complaint.

        4.      Denies each and every allegation contained in paragraph "8" of the Complaint to

the extent that they relate to defendant Vance, except admits that Vance was retained by

Hudson Street, LLC to perform various architectural services at the subject building and this

answering defendant respectfully refers the Court to that agreement for its full, true and

2

complete terms. Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

5.    Denies each and every allegation contained in paragraphs "9" and "10" of the Complaint to the extent that they relate to defendant Vance and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants.

6.    Denies each and every allegation contained in paragraph "11" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

## AS TO THE FIRST CAUSE OF ACTION
## AS TO DEFENDANTS' NEGLIGENCE

7.    In response to paragraph "12" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "11" of the Complaint as if fully set forth at length herein.

8.    Denies each and every allegation contained in paragraphs "13" and "14" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these

3

paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

## AS TO THE SECOND CAUSE OF ACTION AS
## TO DEFENDANTS' BREACH OF CONTRACT

9.    In response to paragraph "15" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "14" of the Complaint as if fully set forth at length herein.

10.    Denies each and every allegation contained in paragraph "16" of the Complaint to the extent that they relate to defendant Vance, except admits that Vance was retained by Hudson Street, LLC to perform various architectural services at the subject building and this answering defendant respectfully refers the Court to that agreement for its full, true and complete terms. Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

11.    Denies each and every allegation contained in paragraphs "17" and "18" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

4

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.     If the plaintiff sustained any personal injuries or damages as alleged in the Complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.     All claims are dismissible by virtue of plaintiff's subrogor's (Hudson Street, LLC) execution of a release in favor of Joseph Edward Vance, Architect with respect to the damage to the building at issue in this case.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.     The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were caused in whole or in part by the negligence, carelessness and/or culpable conduct of the plaintiff, plaintiff's subrogors and/or the co-defendants, their servants, agents or employees and others for whom the plaintiff, plaintiff's subrogors and/or co-defendants were legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to the plaintiff, plaintiff's subrogors and/or co-defendants bears to the culpable conduct which caused the damages alleged.

5

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.     The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of this answering defendant, its servants, agents or employees, but were caused by reason of the carelessness, negligence, culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom this answering defendant had no control and the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to said third parties bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.     Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss has been, or will, with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545 of the New York Civil Practice Law and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.     Plaintiff's damages if any, were sustained as a result of intervening causes which were out of the control of the defendants and not the result of the conduct, acts or omissions of the defendants. By virtue of said intervening causes, the plaintiff's injuries were not proximately caused by the defendants and, therefore, the claim against the defendants should be dismissed.

6

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.    The Complaint and each and every cause of action alleged against defendant Vance fails to state any cause of action upon which relief can be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.    Plaintiff may not maintain each of its alleged causes of action since they are barred by the applicable principles of waiver and estoppel.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC. and GJC STRUCTURES, P.E., P.C.

20.    If the plaintiff  sustained damages in the manner alleged in the Complaint, all of which are denied by this answering defendant, such damages were caused in whole or in part by the negligence, carelessness, culpable conduct and/or breach of duty of the co-defendants, and of third parties who are not parties to this action, with no negligence, carelessness, culpable conduct and/or breach of duty on the part of this answering defendant contributing thereto.

21.    That by reason of the foregoing this answering defendant is entitled to full indemnity/contribution from, and to judgment over and against the co-defendants, for all or any part of any verdict or judgment which any party to this action may recover against this answering defendant, all determined in accordance with the relative culpability of each party liable herein.

7

WHEREFORE, defendant Joseph Edward Vance Architect demands judgment:

    a)    dismissing the Complaint;

    b)    awarding it judgment on its cross-claim for contribution and indemnification, including attorneys' and investigating fees;

    c)    awarding it costs and disbursements of this action; and

    d)    awarding it such other and further relief that this Court may deem just and proper.

Dated:    Garden City, New York
            July 15, 2005

Respectfully yours,

L'ABBATE, BALKAN, COLAVITA
& CONTINI, L.L.P.

By:

Douglas R. Halstrom (9593)
Attorneys for Defendant
JOSEPH EDWARD VANCE ARCHITECT
1050 Franklin Avenue
Garden City, New York 11530
(516) 294-8844

To:    Robert C. Sheps, Esq.
       Sheps Law Group, P.C.
       Attorneys for Plaintiff
       35 Pinelawn Road, Suite 106E
       Melville, New York 11747
       (631) 249-5600
       File No. 4368

       Marina A. Spinner, Esq.
       Nicoletti Gonson & Spinner, LLP
       Attorneys for Defendant
       ARCHITRON DESIGNERS AND BUILDERS, INC.
       546 Fifth Avenue, 20th Floor
       New York, New York 10036
       (212) 730-7750
       File 10111.00220

8

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

### AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF NASSAU    )

        GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

        That on the 15th day of July, 2005 deponent served the within Answer upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

*GINA DONAHUE*

GINA DONAHUE

Sworn to before me this
15th day of July, 2005.

*Lisa A. Nichols*

Notary Public

LISA A. NICHOLS
Notary Public, State of New York
No. 01NI6093930
Qualified in Nassau County 2007
Commission Expires June 9, _____

EXHIBIT "E"

### GENERAL RELEASE

**KNOW ALL MEN BY THESE PRESENTS** that ST. PAUL FIRE & MARINE

INSURANCE COMPANY for and in consideration of the payment of One Dollar ($1.00) from

ARCHITRON DESIGNERS AND BUILDERS, INC., and other good and valuable

consideration, receipt and sufficiency of which is hereby acknowledged, does on behalf of itself,

its successors, principals, agents, employees, or assigns (herein referred to as "Releasor") hereby

release, remise, acquit and forever discharge ARCHITRON DESIGNERS AND BUILDERS,

INC., and their successors, principals, agents, insurers, employees, or assigns (herein after

referred to as "Releasees"), of and from any and all action, causes of action, liability, demands,

rights, damages, and costs or expenses of whatsoever nature, whether known or unknown,

suspected or unsuspected, in law or in equity, arising out of a structural collapse which took

place on or about April 19, 2002, at 169 Hudson Street, New York, NY 10014, such claims as set

forth in a lawsuit instituted at the U.S. District Court, S.D.NY, civil action no. 05CV1872.

The undersigned further declares and represents that no promise, inducement or

agreement not herein expressed has been made to him/her, that this Release contains the entire

agreement between the Releasor and Releasees.

**IN WITNESS WHEREOF,** I have set my hand and seal this 8ᵗʰ day of June, 2006.

Steven Ditzel
St. Paul Travelers Insurance Company

STATE OF _MARYLAND_                    )
                                        SS.:

COUNTY OF _BALTIMORE_                )

    I certify that on June 8th, 2006, Steven Ditzel       personally came before me and stated to my satisfaction that this person executed this instrument and he/she is authorized to do so.

_Shirley Zorn_
NOTARY PUBLIC

**SHIRLEY ZORN**
**NOTARY PUBLIC**
**BALTIMORE COUNTY**
**MARYLAND**
MY COMMISSION EXPIRES NOVEMBER 28,2009

2

EXHIBIT "F"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.                    Case No.: 05CV1872
a/s/o Hudson Street, L.L.C.

                                        Plaintiff,

                                                        **STIPULATION OF**
                                                        **DISMISSAL**

            -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT
                                        Defendants

———————————————————————X

        IT IS HEREBY STIPULTED AND AGREED, by the undersigned attorneys for all

plaintiffs and all defendants that have appeared in this action, whereas no party having

appeared being a minor or appointed a guardian, that the above entitled action be, and the

same hereby is dismissed, with prejudice, as to Architron Designers and Builders Inc. only,

and with out costs to either party as against the other. This Stipulation applies to all claims

and cross claims as to Architron Builders but not to any other parties. This notice may be

filed without further notice with the Clerk of the Court.

Dated: Melville, New York
        June 13, 2006

———————————————                         ———————————————
**Robert C. Sheps**                          **Edward S. Benson, Esq.**
Sheps Law Group                          Nicoletti Gonson & Spinner LLP
35 Pinelawn Rd., Suite 106 East          546 Fifth Avenue 20th Floor
Melville, NY 11747                        New York, NY 10036
*Attorney for Plaintiff*                   *Attorney for Defendant Architron*


———————————————
**Douglas R. Halstrom, Esq.**
L'Abbate, Balkan, Colavita & Contini LLP
1050 Franklin Avenue
Garden City, NY 11530
*Attorney for Defendant*
*Joseph Edward Vance*                       ———————————————
                                         So Ordered

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

Docket No. CV 05 1872 (SJF)

Plaintiff,

**AFFIDAVIT OF JOSEPH
EDWARD VANCE IN SUPPORT
OF MOTION TO DISMISS**

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

Defendants.

-----------------------------------------------------------------------X

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF NEW YORK   )

I, Joseph Edward Vance, A.I.A., being duly sworn depose and state:

1.      I am a registered architect, duly licensed in the State of New York and the principal of

my architectural firm, Joseph Vance Architects s/h/a Joseph Edward Vance Architect (hereinafter

"Vance"), a defendant in the above-captioned action. As such, I am fully familiar with the facts and

circumstances set forth herein. I submit this Affidavit in support of my motion seeking an Order

dismissing all claims asserted against Vance in the above litigation.

2.      Vance was retained by the building owner, Hudson Street L.L.C., to prepare plans and

specifications for the conversion of a seventy thousand (70,000) square foot warehouse located at

169 Hudson Street, New York, New York (the premises), into residential and commercial space.

3.      On or about April 19, 2002, during a severe rain and wind storm that caused damage

throughout the metropolitan New York area, a large section of a wall at the premises fell. As a result

of the damage caused by the severe rain and wind storm, Vance communicated with Hudson Street

L.L.C. to resolve any claims against Vance that may arise from the aforesaid damage.

4.    Attached as Exhibit 1 to this Affidavit is a copy of a Release Agreement between Vance and Hudson Street L.L.C. The Release Agreement provides that upon due consideration, Hudson Street L.L.C. released and forever discharged Vance "from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity..." The consideration was thirty-five thousand dollars ($35,000.00).

5.    Pursuant to the Release Agreement, Vance's insurance provider forwarded a check in the amount of thirty-five thousand dollars to Hudson Street L.L.C., representing the full amount of the settlement provided in the Release Agreement.

6.    Based upon the foregoing facts, I have been advised that the claims asserted against Vance in the instant action are without merit and dismissal of all claims and cross-claims is appropriate.

**JOSEPH EDWARD VANCE**

Sworn to before me this 6 th
day of June, 2006.

**Notary Public**

**JAMES H. RODGERS**
Notary Public, State of New York
No. 02RO4961104
Qualified in New York County
Commission Expires Jan. 16, 20 10

2

# Exhibit 1

Joseph Edward Vance, Architect
119 Kent Street
Brooklyn, New York 11222

December 30, 2002

Hudson Street, L.L.C.
180 Varick Street, 7th Floor
New York, New York 10013

Re:    Release of Claims re: Wind Storm Damage to Curtain Wall
       at 169 Hudson Street on or about April 18-20, 2002

Sirs:

The purpose of this letter is to set forth the terms and conditions of our agreement

regarding the resolution of claims relative to the collapse of the curtain wall due to a wind storm

on or about April 18-20, 2002 at 169 Hudson Street, New York, New York.

Accordingly, in consideration of the promises and agreements contained in this

Agreement, the mutual interests of and benefits to the parties, and each of us and the company

you represent involved at 169 Hudson Street intending to be legally bound, it is hereby agreed

by and between my firm, referred to herein as the "Architect", and you as an authorized officer,

member or representative of Hudson Street, L.L.C. (referred to herein as the "Owner"), as

follows:

The Architect hereby agrees to remit payment by a check issued from his insurance

company on his behalf, in the amount of Thirty-Five Thousand Dollars ($35,000) to the Owner

within twenty-one (21) days from the execution date of this Agreement.

2

In exchange for this payment, the Owner, its successors and permitted assigns, release and forever discharge the Architect and all of its present and past directors, officers, agents and employees, heirs, successors and assigns, from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity, which against the Architect, as releasee, that party, its successors and permitted assigns ever had, now has, or hereinafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this Agreement, relative to the wind storm damage to the curtain wall at 169 Hudson Street, New York, New York, resulting from the wind storm that occurred on or about April 18-20, 2002. Notwithstanding the foregoing, nothing in this Agreement will release in any way GJC Consulting, George Cambourakis, or any other firm George Cambourakis worked for as engineer or with whom he is associated, nor will it release any other engineers or expediters retained directly or indirectly in connection with the Project at 169 Hudson Street.

In addition, the Architect agrees to use its best efforts to cooperate with the Owner in connection with the Owner's prosecution of its claims against the contractors and subcontractors who, prior to the effective date of this Agreement, performed construction work associated with the Architect's original agreement with the Owner (i.e., the base building) at 169 Hudson Street. The Architect's cooperation shall consist of producing job documents relating to the Project at 169 Hudson Street, attending meetings with the client and/or counsel (scheduled upon reasonable notice to the Architect), responding to telephone inquiries concerning possible litigation, and providing testimony at hearings, depositions or trial. The

Owner agrees to compensate the Architect at the rate of One Hundred Dollars ($100) per hour for the first fifty (50) hours of service by the Architect in this regard, with any additional services beyond fifty (50) hours to be provided by the Architect at no charge. The Owner agrees to make payment to the Architect within thirty (30) days of receipt of the Architect's invoices to the Owner reflecting the hours spent by the Architect in connection with the Owner's prosecution of claims against the contractors or subcontractors. It is agreed that the Owner's failure to timely pay for such services will suspend the Architect's obligation to assist the Owner until such payments are made.

The parties represent and acknowledge that in executing this Agreement, none of them has relied upon any representation or statement made by a representative from any other party with regard to the subject matter, basis or effect of this Agreement.

All references to the singular in this Agreement shall include the plural.

This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of the counterparts shall together constitute one and the same document.

The failure of any party to this Agreement to insist upon strict adherence to any term of this Agreement will not be considered a waiver of any right arising thereunder or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

4

All of the terms and conditions of this Agreement shall survive the execution of this Agreement, and shall continue as enforceable and valid obligations of the parties. If any portion of this Agreement is held as a matter of law to be unenforceable, the remainder of this Agreement shall be enforceable without such portion.

The signators to this Agreement hereby represent and affirm that they are authorized to fully and completely resolve these disputes and to enter into this Agreement, make the releases and other representations and agreements contained in this Agreement, and to bind the party for whom they are executing this Agreement.

The Owner and the Architect represent that they have read the foregoing Agreement and accept and agree to the provisions contained herein to be made effective on the date above written. In witness whereof, and fully intending to be legally bound hereby, the parties have executed this Agreement, effective as of the date of this letter Agreement, in the spaces provided below.

JOSEPH EDWARD VANCE, ARCHITECT

By: _____
Joseph Edward Vance

State of New York        )
                         )ss.:
County of Kings          )

On the 31st day of December, 2003, before me personally came Joseph Edward Vance, Architect, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

_____
Notary Public

MAHERLY E. MANIGAULT
Notary Public, State of New York
No. 03-4913526
Qualified in Bronx County
Commission Expires ........ 11/23/05

RECEIVED TIME MAY. 19.  1:11PM

HUDSON STREET L.L.C.

_____

John Berton, Member


STATE OF NEW YORK    )
                     )    ss.:
COUNTY OF NEW YORK   )

On the 30th day of December, 2002, before me personally came John Berton, to me known, who, being by me duly sworn, did depose and say that he resides at _27 Howard St #Y, NY NY 10013_ ; that he is _a member_ of Hudson Street L.L.C., the corporation described in and which executed this Agreement; and that he is authorized to sign his name thereto.


_____
Notary Public

JOANNA C. SCHWARTZ
Notary Public, State of New York
No. 02SC6082675
Qualified in New York County
Commission Expires November 4, 2006

W:\177\V30194.WPD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC,

Docket No. 08-CV-00465

**RULE 56.1 STATEMENT**

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

Defendants.

------------------------------------------------------------------------X

Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. ("ARCHITRON"), by its

undersigned attorneys, sets forth the statement of its contention as to material facts not genuinely

in dispute, pursuant to Local Rule 56.1, in support of its motion for summary judgment, as

follows:

1.    This subrogation action arose as a result of a wall collapse at a property

undergoing construction that was owned by the plaintiff's insured. (*See* Plaintiff's Summons and

Complaint annexed to the Declaration of Edward Benson, Esq. as Exhibit "A").

2.    Plaintiff provided Architron with a general release and entered into a stipulation

of dismissal, dismissing all claims against Architron with prejudice. (*See* the General Release

annexed to the Benson Declaration as Exhibit "E"; *see* Stipulation of Dismissal annexed to the

Benson Declaration as Exhibit "F").

3.    Prior to the commencement of this action, Plaintiff's subrogor, Hudson Street,

LLC, had provided defendant Joseph Vance Architect s/h/a Joseph Edward Vance Architects

with a general release dated December 30, 2002. (*See* the Affidavit of Joseph Edward Vance in

Support of Motion to Dismiss containing a copy of the general release, annexed to the Benson

Declaration as Exhibit "G").

Dated: New York, New York
       May 5, 2008

                              Respectfully Submitted,

                              NICOLETTI GONSON SPINNER & OWEN LLP

                              By: _____
                                   Edward S. Benson (EB 1908)
                              Attorneys for Defendant
                              ARCHITRON DESIGNERS AND BUILDERS, INC.
                              555 Fifth Avenue, 8th Floor
                              New York, New York 10017
                              212-730-7750

Docket No. 08-CV-00465

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC

                 Plaintiff,

     -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                 Defendants.

------------------------------------------------------------------------X

## RULE 56.1 STATEMENT

**NICOLETTI GONSON SPINNER & OWEN LLP**
Attorneys for Defendant
ARCHITRON DESIGNERS AND BUILDERS, INC.
555 Fifth Avenue – 8th Floor
New York, New York 10017
(212) 730-7750
Our File:  10111.00220

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ST. PAUL FIRE & MARINE INSURANCE CO.            Docket No. 08-CV-00465
a/s/o HUDSON STREET, LLC,

                              Plaintiff,

              -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                              Defendants.
------------------------------------------------------------------------X

# *MEMORANDUM OF LAW IN SUPPORT OF*
## *MOTION FOR SUMMARY JUDGMENT*


                    NICOLETTI  GONSON SPINNER & OWEN LLP
                    Attorneys for Defendant
                    Architron Designers and Builders, Inc.
                    555 Fifth Avenue, 8th Floor
                    New York, New York 10017
                    (212) 730-7750
                    Our File:  10111.00220

Edward S. Benson, Esq.
Of Counsel

## TABLE OF CONTENTS

PRELIMINARY STATEMENT...................................................................1

FACTUAL BACKROUND.......................................................................2

ARGUMENT

    **POINT I**

    Standard for Granting Summary Judgment...........................................4

    **POINT II**

    The Substantive Law of New York Applies to the Instant Action...................6

    **POINT III**

    Vance is Precluded From Seeking Contribution from Architron Pursuant to New
    York's General Obligations Law........................................................8

        A. Vance is Precluded from Seeking Contribution from Architron Pursuant
        to the General Obligations Law Because Architron obtained a Release
        from the Plaintiff..................................................................8

        B. If Vance's Release is Found to Apply to the Claims Brought by the
        Plaintiff in this Action, then Vance is Precluded from Seeking
        Contribution Pursuant to the General Obligations Law...................9

    **POINT IV**

    Architron Owes No Duty of Indemnification to Vance...............................11

CONCLUSION...............................................................................13

i

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of defendant, Architron Designers and Builders, Inc.'s (hereinafter referred to as "Architron"), Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of the cross-claim brought against it by defendant Joseph Vance Architect s/h/a Joseph Edward Vance Architects (hereinafter referred to as "Vance"). Architron is entitled to summary judgment because it has been provided with a general release by the plaintiff in this action that prohibits Vance, pursuant to New York General Obligations Law § 15-108, from seeking contribution from Architron for any potential judgment against Vance. Furthermore, if it is found that the release Vance received from Hudson Street, LLC is applicable to the claims in this action, General Obligations Law § 15-108 will likewise prohibit Vance from seeking contribution from Architron. Finally, since it is alleged that Vance was an active tortfeasor and not merely vicariously liable, Vance is not entitled to indemnification from Architron. Accordingly, it is respectfully submitted that Architron's motion for summary judgment dismissing Vance's cross-claims must be granted.

1

## FACTUAL BACKGROUND

This subrogation action arose as a result of a wall collapse at a property undergoing construction that was owned by the plaintiff's insured. (*See* Plaintiff's Summons and Complaint annexed to the Declaration of Edward Benson, Esq. as Exhibit "A"). Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, by the filing of a Summons and Complaint dated March 16, 2005. *Id.*

Thereafter, by Notice of Petition dated April 15, 2005, defendant Architron petitioned the Eastern District of New York for removal of this action from state court to federal court based on diversity jurisdiction, which was granted. (*See* Notice of Removal annexed to the Benson Declaration as Exhibit "B"). Subsequent to removal to the Eastern District of New York, the matter was then transferred to the Southern District of New York.

Issue was joined by defendant, Architron, by service of an Answer dated April 19, 2005. (*See* Answer of defendant Architron annexed to the Benson Declaration as Exhibit "C"). On July 15, 2005, issue was joined by defendant Vance by service of an Answer with a cross-claim seeking contribution and indemnification from defendant, Architron. (*See* Answer of defendant Vance annexed to the Benson Declaration as Exhibit "D"). Defendants AYN Enterprises Inc. and GJC Structures, PE, PC have failed to appear in this action.

Shortly after filing its Answer, plaintiff's counsel advised that plaintiff had decided to discontinue its claims against Architron. As a result, plaintiff provided Architron with a general release and entered into a stipulation of dismissal, dismissing all claims against Architron with prejudice. (*See* the General Release annexed to the Benson Declaration as Exhibit "E"; *see* Stipulation of Dismissal annexed to the Benson Declaration as Exhibit "F"). In light of these circumstances, Architron had requested that Vance discontinue its cross-claim, but Vance has not

2

agreed to do so. As a result of the general release obtained from the plaintiff, Architron now seeks dismissal of Vance's cross-claim.

## ARGUMENT

### POINT I

### STANDARD FOR SUMMARY JUDGMENT

A summary of the standard to be applied in determining whether a movant has met its

burden on a motion for summary judgment is set forth in the Supreme Court's decision in

*Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986). In *Celotex*, Justice

Rehnquist, writing for the majority stated that:

> Of course, a party seeking summary judgment always bears the
> initial responsibility of informing the district court of the basis for
> its motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrate
> the absence of a genuine issue of material fact. But unlike the
> Court of Appeals, we find no express or implied requirement in
> Rule 56 that the moving party support its motion with affidavits or
> other similar materials *negating* the opponent's claim. On the
> contrary, Rule 56(c), which refers to "the affidavits, *if any*"
> (emphasis added), suggests the absence of such a requirement. And
> if there were any doubt about the meaning of Rule 56(c) in this
> regard, such doubt is clearly removed by Rules 56(a) and (b),
> which provide that claimants and defendants, respectively, may
> move for summary judgment "*with or without supporting
> affidavits*" (emphasis added). The import of these subsections is
> that, regardless of whether the moving party accompanies its
> summary judgment motion with affidavits, the motion may, and
> should, be granted so long as whatever is before the district court
> demonstrates that the standard for the entry of summary judgment,
> as set forth in Rule 56(c), is satisfied. One of the principal purposes
> of the summary judgment rule is to isolate and dispose of factually
> unsupported claims or defenses, and we think it should be
> interpreted in a way that allows it to accomplish this purpose.

*Id.* 477 U.S. at 323, 106 S.Ct. at 2553. Thus, in cases in where the ultimate burden at trial rests

on the nonmoving party, the moving party can satisfy its obligations on summary judgment by

submitting affirmative evidence negating an essential element of the non-movant's claim or by

4

demonstrating that the nonmoving party's evidence itself is insufficient to establish an essential element of its claim. It is clear that a party may discharge its burden under Rule 56 by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for the opposing party. When no reasonable trier of fact could find in favor of the non-moving party, summary judgment may be granted to the movant. See, *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

In the instant action, it is clear that Vance's cross-claim for contribution and indemnification cannot be sustained as a matter of law. As will be shown below, the evidence and applicable substantive law support Architron's contention that Vance cannot establish the essential elements of its claim necessary to support a judgment in its favor. Therefore, it is respectfully submitted that summary judgment must be granted in favor of Architron.

## POINT II

### THE SUBSTANTIVE LAW OF NEW YORK
### APPLIES TO THE INSTANT ACTION

It is well settled that cases or controversies before the federal courts based solely on diversity jurisdiction are to be decided by the substantive and procedural law of the state where the federal court sits. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997) *citing Travelers Ins. Co v. 633 Third Assoc.*, 14 F.3d 114, 119 (2d Cir. 1994). "In ascertaining the substantive law of the forum, federal courts will look to the decisional law of the forum state, as well as to the state's constitution and statutes." *Travelers Ins. Co.*, 14 F.3d at 119. "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." *28 U.S.C. § 1652 (2008)*.

Neither the Constitution nor any act of Congress applies to the instant action. This action seeks to recover insurance proceeds paid by the plaintiff to its insured as a result of the alleged negligence and breach of contract of the defendants. (*See* Plaintiff's Summons and Complaint annexed to the Declaration of Edward S. Benson, Esq. as Exhibit "A".) The subject property is located in the State of New York, the negligence is alleged to have occurred in the State of New York, and the contracts allegedly breached were entered into in the State of New York as well. *Id.* The sole reason this action is pending in the federal court is because of diversity of citizenship among the parties. (*See* Petition for Removal annexed to the Benson Affirmation as Exhibit "B"). Accordingly, since this action is pending in the federal court solely because of

6

diversity jurisdiction, and since the cause and controversy arose in the state of New York and does not involve either the Constitution or any Act of Congress, it is respectfully submitted that the substantive law of New York should apply to this case.

## POINT III

### VANCE IS PRECLUDED FROM SEEKING CONTRIBUTION FROM ARCHITRON PURSUANT TO NEW YORK'S GENERAL OBLIGATIONS LAW

New York's General Obligations Law § 15-108 acts as a bar to claims for contribution among settling and non-settling defendants in an action. *N.Y. Gen. Oblig. Law § 15-108 (2008)*. General Obligations Law § 15-108(b) relieves a settling party of liability for contribution to any other party, while § 15-108(c) prevents a settling party from seeking contribution from other defendants. *Id.* Here, since Architron obtained a release from the plaintiff, Vance's cross-claim seeking contribution cannot be sustained.    Additionally, because Vance has alleged that Plaintiff's claims against it are barred by a release obtained from the Plaintiff's subrogor, in the event that Vance's release is deemed applicable to the Plaintiff in this action, said release would similarly bar Vance from pursuing its cross-claim against Architron.

**A.    Vance is Precluded from Seeking Contribution from Architron Pursuant to the General Obligations Law Because Architron obtained a Release from the Plaintiff.**

"A release given in good faith by the injured person to one tortfeasor…relieves him from liability to any other person for contribution…." *N.Y. Gen. Oblig. Law § 15-108(b) (2008)*. *See also Becarie v. Union Bank of Switzerland*, 272 A.D.2d 162, 709 N.Y.S.2d 19 (1st Dept. 2000); *Williams v. New York City Health and Hosp. Corp.*, 262 A.D.2d 231, 694 N.Y.S.2d 355 (1st Dept. 1999).

In the instant action, the plaintiff and Architron entered into settlement negotiations that resulted in the plaintiff providing Architron a release from liability on all claims. (*See* Exhibit "F" annexed to the Benson Affirmation.)    Additionally, plaintiff's attorney executed a

8

Stipulation of Dismissal as against Architron. (*See* Exhibit "G" annexed to the Benson Affirmation.) Since Architron was granted a release in good faith by the plaintiff, General Obligations Law § 15-108(b) now precludes Vance, a co-defendant, from seeking contribution in the event that it is found liable to the plaintiff. Accordingly, it is respectfully submitted that Vance's cross-claim seeking contribution must be denied.

**B.    If Vance's Release is Found to Apply to the Claims Brought by the Plaintiff in this Action, then Vance is Precluded from Seeking Contribution Pursuant to the General Obligations Law.**

A party who has obtained his own release from liability from a claimant "*shall not* be entitled to contribution from any other person." *N.Y. Gen. Oblig. Law § 15-108(c) (2008)*. Once a party to an action agrees to settle the tort claims brought against it, such party may not then seek contribution from other tortfeasors. *Brazell v. Wells Fargo Home Mortgage Inc.,* 42 A.D.3d 409, 410, 839 N.Y.S.2d 758, 760 (1st Dept. 2007).

In the instant action, Vance alleges in its Answer that it was granted a general release by the plaintiff's subrogor and, as such, is not liable to the plaintiff. (*See* Exhibit "E" annexed to the Benson Affirmation.) Additionally, Vance brought a motion seeking to dismiss plaintiff's Complaint and defendant Architron's cross-claim for contribution pursuant to said release.[1] In support of its motion, Vance annexed an affidavit from Joseph Edward Vance with a copy of the general release Vance had received from the plaintiff's subrogor, Hudson Street, LLC. (*See* Exhibit "G" annexed to the Benson Affirmation.) Vance's argument for dismissal of the cross-claim is based on General Obligations Law § 15-108 as well.

---

[1] Vance's Motion to Dismiss is currently pending before this Court.

If it is found that Vance's release is applicable to the instant action and is effective as against the plaintiff, then it necessarily follows that §15-108(c) of the General Obligations Law must apply as well, which would preclude Vance from seeking contribution from Architron. Accordingly, it is respectfully submitted that, if Vance's release obtained from the subrogor is effective as against the plaintiff in this action, then Vance must be precluded from seeking contribution from Architron pursuant to the General Obligations Law and Vance's cross-claim must therefore be dismissed.

## POINT IV

## ARCHITRON OWES NO DUTY OF
## INDEMNIFICATION TO VANCE

In a claim for indemnification, the party seeking indemnification attempts to "shift the entire loss from one who is compelled to pay for a loss, without regard to his own fault, to another party who should more properly bear responsibility for that loss because it was the actual wrongdoer." *Trustees of Columbia University v. Mitchell/Giurgola Associates,* 109 A.D.2d 449, 451, 492 N.Y.S.2d 371, 374 (1st Dept. 1985). A right to indemnification exists where one party who has committed no actual wrong is held vicariously liable for the wrongdoing of another. *Burgos v. 213 West 23rd Street Group LLC*, 48 A.D.3d 283, 283, 851 N.Y.S.2d 185, 186 (1st Dept. 2008); *State of New York Facilities Dev. Corp. v. Kallman & McKinnell, Russo & Sonder*, 121 A.D.2d 805, 806, 504 N.Y.S.2d 557 (3d Dept. 1986) (*citing County of Westchester v. Welton Becket Assoc.,* 102 A.D.2d 34 (2d Dept. 1984) *aff'd* 66 N.Y.2d 642 (1985)). If, however, the party seeking indemnification bears some percentage of fault for the accident, no indemnification is available to them. *Burgos,* 48 A.D.3d at 283.

When a plaintiff's complaint alleges actual wrongdoing by a defendant and does not merely allege vicarious liability, such defendant cannot sustain a viable claim for indemnification. *State of New York Facilities Dev. Corp.*, 121 A.D.2d at 806; *see also Board of Educ. of the City of N.Y. v. Mars Assoc., Inc.*, 133 A.D.2d 800, 801, 520 N.Y.S.2d 181, 181 (2d Dept. 1987); *Trustees of Columbia University,* 109 A.D.2d at 454.

In the instant action, the plaintiff has made specific allegations of active wrongdoing and negligence by Vance in its Complaint. (*See* Exhibit "A" annexed to the Benson Declaration.) It alleges that Vance was an active tortfeasor, and not merely vicariously liable for the actions of another party. Therefore, since Vance is alleged to be an active tortfeasor, Vance's cross-claim

11

for common-law indemnification is not sustainable.    In other words, since Vance only has potential liability for active tortious conduct, it is not able to seek common-law indemnification. Accordingly, since the plaintiff in its Complaint alleges active wrongdoing by Vance, it is respectfully submitted that Vance's cross-claim for indemnification must be denied.

## CONCLUSION

It is respectfully submitted that Vance's cross-claim for contribution and indemnification must be dismissed as a matter of law. New York's General Obligations Law precludes Vance from seeking contribution because Architron received a release from liability from the plaintiff, and also because Vance claims it has a valid release from the plaintiff's subrogor that is applicable to the plaintiff in this action as well. Vance is also precluded from seeking indemnification from Architron because plaintiff alleged in its complaint that Vance was an active wrongdoer, thus precluding any such indemnification claim. Therefore, it is respectfully requested that Architron's motion for summary judgment dismissing Vance's cross-claim be granted in its entirety.

Dated: New York, New York
      May 5, 2008

                       Respectfully Submitted,

                       NICOLETTI GONSON SPINNER & OWEN LLP

By:_____
           Edward S. Benson, Esq. (EB 1908)
           Attorneys for Defendant
           Architron Designers and Builders, Inc.
           555 Fifth Avenue, 8th Floor
           New York, New York 10017
           (212) 730-7750
           Our File: 10111.00220