UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.          Docket No. 08-CV-00465
a/s/o HUDSON STREET, LLC,

                                         **DECLARATION OF**
                 Plaintiff,           **EDWARD S. BENSON**

       -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                    Defendants.

-----------------------------------------------------------------------X

Pursuant to U.S.C. §1746, I, Edward S. Benson, declare under penalties of perjury as follows:

1.     I am a member of the Bar of the State of New York and of the bar of this Court. I am a partner with the law firm of Nicoletti Gonson Spinner & Owen LLP, attorneys for defendant ARCHITRON DESIGNERS AND BUILDERS, INC. ("Architron").

2.     This declaration is made in support of defendant, Architron's, motion for summary judgment seeking dismissal of the cross-claim of Joseph Vance Architects s/h/a Joseph Edward Vance Architect (hereinafter referred to as "Vance") pending against it.

3.     Attached hereto as Exhibit A is a true and correct copy of the Plaintiff's Summons and Complaint dated March 16, 2005.

4.     Attached hereto as Exhibit B is a true and correct copy of the Petition for Removal dated April 15, 2005.

5.     Attached hereto as Exhibit C is a true and correct copy of the Answer of defendant Architron, dated April 19, 2005.

6.    Attached hereto as Exhibit D is a true and correct copy of the Answer of defendant Vance, dated July 15, 2005.

7.    Attached hereto as Exhibit E is a true and correct copy of the General Release from Plaintiff to defendant Architron, dated June 8, 2006.

8.    Attached hereto as Exhibit F is a true and correct copy of the Stipulation of Dismissal as against defendant Architron, date June 15, 2006.

9.    Attached hereto as Exhibit G is a true and correct copy of the Affidavit of Edward Joseph Vance in Support of Motion to Dismiss, which was submitted to the Court in support of Vance's prior motion for summary judgement.

I declare under penalties of perjury that the foregoing is true and correct.

Executed on May 6, 2008

Edward S. Benson, Esq. (EB 1908)

# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.: OS-600948

————————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o Hudson Street, L.L.C.,

**SUMMONS**

Plaintiff designates
County as the place of
trial

Plaintiff,

Basis of Venue is:
Plaintiff's Residence

-against-

Plaintiff resides at:
385 Washington Street
St. Paul, Minnesota

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

Defendants

————————————————————————X

**To the above-named Defendant(s):**

YOU ARE HEREBY SUMMONED to answer the complaint in this action,
and to serve a copy of your answer, or, if the complaint is not served with this
summons, to serve a notice of appearance on the Plaintiff's attorney within twenty
days after the service of this summons, exclusive of the day of service, where service
is made by delivery upon you personally within the state, or, within 30 days after
completion of service where service is made in any other manner. In case of your
failure to appear or answer, judgment will be taken against you by default for the
relief demanded in the complaint.

Dated: Melville, New York
       March 7, 2005

Respectfully submitted,

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

xo/002

NEW YORK
COUNTY CLERK'S OFFICE

MAR 1 6 2005

NOT COMPARED
WITH COPY FILED

05/16/2005  14:04    718-383-4855                                                        PAGE  03/09

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101
AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

05/18/2005  14:04   718-383-4855                                    PAGE  04/09

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.                **COMPLAINT**
a/s/o Hudson Street, L.L.C.,

                                                    NEW YORK
                                        COUNTY CLERK'S Office No.: 05- 60094

                              Plaintiff,

            -against-                               MAR 1 6 2005

                                                    NOT COMPARED
ARCHITRON DESIGNERS AND BUILDERS, INC.,             WITH COPY FILED
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

                              Defendants
————————————————————————X

     Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC.,  GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

     1.     Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

2.    At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number 1M0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.    Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in design and construction work.

4.    Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.    Defendant, GJC STRUCTURES, P.E., P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.    Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

7.    At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises").

8.    Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.    Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.    On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.    Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS -NEGLIGENCE-

12.    Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.    The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

(a)    Improper installation, repair and design of the renovation and construction in the building.

(b)     failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story façade wall;

(c)     failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)     failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)     failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)     retaining incompetent, unlicensed employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)     failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)     failing to properly advise proper authorities of the nature, and hazards associated with the improper design and construction;

(i)     failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)     failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)     failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)     failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)     otherwise failing to use due care and proper skill under the circumstances.

14.     As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO DEFENDANTS
### -BREACH OF CONTRACT-

15.  Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 14 inclusive.

16.  For the reasons more particularly set forth in plaintiff's First Cause of Action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse;

17.  Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.  By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10 took place resulted in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
       March 7, 2005

Respectfully submitted;

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------
ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, LLC

        Plaintiff,

    -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

        Defendants.

------------------------------------------------------------------X

Docket No.

PETITION FOR
REMOVAL

    Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. ("Architron") hereby files this Notice of Removal of the above-described civil action to the United States District Court for the Eastern District of New York, from the Supreme Court of the State of New York, County of New York where the action is now pending as provided by Title 28, U.S. Code, Chapter 89 and state:

    1. This cause was commenced in the Supreme Court of the State of New York, County of New York, on or about March 16, 2005, a copy of plaintiff's complaint setting forth the claim for relief upon which the action is based was received by the Defendant on or about March 17, 2005.

    2. The action is a civil subrogation action for money damages regarding property damage. The United States District Court for the District of New York, Eastern District has jurisdiction by reason of the diversity of citizenship of the parties.

    3. The action seeks damages in excess of $233,000.00 and, therefore, exceeds $150,000, exclusive of interest and costs.

4.  At the time of the commencement of this action in State Court, and since that time, the plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. ("St. Paul") has been and is now, a domicile of the State of Minnesota with a principal place of business in St. Paul, Minnesota. The defendants, to the extent that they all still exist, were, and still are, corporations, incorporated and existing under and by virtue of the laws of the State of New York having a principal place of business in the State of New York, or are unincorporated businesses that have or had principal places of business in the State of New York.  None of the defendants, at the time the action was commenced and at the present time, are citizens of the State of Minnesota.

5.  Defendant, Architron, attaches to this notice a copy of all process and pleadings served upon it in the cause.

6.  Defendant, Architron, will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

7.  A copy of this notice will be filed with the clerk of the Supreme Court, New York, County of New York as required by 28 U.S.C. § 1446(d).

8.  Defendant, Architron, has attempted to verify whether the other defendants to this action have been properly served with process relating to the action commenced by St. Paul in the Supreme Court of the State of New York, County of New York, and, if so, to obtain their consent to this removal. Upon information and belief, proper service has not been effected on any of the other defendants.

9.  Defendant, JOSEPH EDWARD VANCE ARCHITECT advised, in a telephone call on April 14, 2005, that he had not received process in this matter. He further advised that the address indicated on the summons and complaint was a former address.

10. Defendant, GJC STRUCTURES, P.E., P.C., by its counsel, Robert W. Resnick, Esq., advised, in a telephone call on April 14, 2005, that he had investigated the matter and that service had not been effected on GJC STRUCTURES, P.E., P.C. and that it has ceased to operate. Mr. Resnick advised that he was not authorized to accept service and that GJC STRUCTURES, P.E., P.C. no longer had any premises.

11. Efforts to contact defendant, AYN ENTERPRISES INC. were unsuccessful. Upon information and belief, AYN ENTERPRISES INC. is no longer in business and is not operating out of the address delineated in the summons and complaint. A database search indicates that A.Y.N. Enterprises, Inc., a New York state corporation, has been dissolved by proclamation.

*WHEREFORE*, Defendant requests that this action proceed in this Court as an action properly removed to it.

Dated:    New York, New York
         April 15, 2005

                                Yours, etc.

                        By: _____
                                Edward S. Benson (EB 1908)
                                Nicoletti Gonson & Spinner LLP
                                Attorneys for Defendant
                                ARCHITRON DESIGNERS AND BUILDERS,
                                INC.
                                546 Fifth Avenue, 20th Floor
                                New York, New York 10036
                                (212) 730-7750
                                Our File: 10111.00220

TO:    Robert C. Sheps
       Sheps Law Group P.C.
       35 Pinelawn Road, Ste. 106E
       Melville, NY 11747

## CERTIFICATE OF SERVICE

I certify under penalty of perjury that on the 15ᵗʰ day of April, 2005, I caused the within: PETITION FOR REMOVAL to be served by first class, United States mail upon all counsel for the parties as follows:

Robert C. Sheps
Sheps Law Group P.C.
35 Pinelawn Road, Ste. 106E
Melville, NY 11747

[Service not effected on GJC STRUCTURES, P.E., P.C., AYN Enterprises, Inc. and Joseph Edward Vance Architect as entities are defunct and/or have not been served with originating process]

Edward S. Benson (ESB 1908)

Sworn to before me this
13ᵗʰ day of April, 2005

Notary Public

Robert J. Eisen
Notary Public State of NY
No. 02EI6025301
Qualified in Westchester County
Commission Expires May 24 200_7_

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.                    **COMPLAINT**
a/s/o Hudson Street, L.L.C.,

                                                         Index No.: 05-602

                         Plaintiff,

        -against-
                                                         NEW YORK
                                                         COUNTY CLERKS OFFICE
ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT                        MAR 16 2005

                         Defendants                      NOT COMPARED
————————————————————X                      WITH COPY FILED

        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o Hudson

Street, L.L.C., by and through its attorneys SHEPS LAW GROUP, complaining of

the defendants, ARCHITRON DESIGNERS AND BUILDERS, INC., AYN

ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD

VANCE ARCHITECT alleges upon information and belief that at all times

hereinafter mentioned:

        1.        Plaintiff, ST. PAUL FIRE & MARINE INSURANCE COMPANY

(hereinafter "ST. PAUL"), was and is a corporation organized and existing under the

laws of the State of New York, having its principle place of business located at 385

Washington St., ST. Paul, MN 55102 and was, at all times material hereto, authorized

to issue policies of insurance in the State of New York.

From: Hasan Karim At PROFESSIONAL RISK MANAGERS FaxID: To: Summons & Complaint-GL Claims    Date: 3/18/2005 09:33 AM Page

FROM : ARCHITRON / SET    FAX NO. : 718 472 4464    Mar. 17 2005 02:54PM P6

2.    At all times pertinent hereto, plaintiff provided property and business insurance to its insured, Hudson Street, L.L.C. (hereinafter "Hudson"), under policy number IM0655021-56 for the real and business property that it owned and/or operated at 169 Hudson Street, New York, NY.

3.    Defendant, ARCHITRON DESIGNERS AND BUILDERS, INC. (hereinafter "ARCHITRON"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101, and was at all times hereinafter engaged in design and construction work.

4.    Defendant, AYN ENTERPRISES, INC. (hereinafter "AYN"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 2555 Nostrand Avenue, Brooklyn, NY 11210 and was at all times hereinafter engaged in the business of manufacturing and erecting walls.

5.    Defendant, GJC STRUCTURES, P.E. P.C. (hereinafter "GJC"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 40-12 28th Street, Long Island City, NY 11101 and was at all times hereinafter engaged in the business of construction.

6.    Defendant, JOSEPH EDWARD VANCE ARCHITECT (hereinafter "JOSEPH EDWARD"), is, upon information and belief, a limited liability duly organized and existing pursuant to the laws of the State of New York, having its principle place of business located at 119 Kent Street, Brooklyn, NY 11222 and was at all times hereinafter engaged in the business of design and architecture.

7.      At all times relevant hereinafter, Hudson, owned, managed and/or occupied the premises located at 169 Hudson Street, New York, NY 10014 ("The Premises").

8.      Prior to April 19th, 2002, defendants were engaged in a renovation and construction project at the above premises.

9.      Upon information and belief, defendant maintained and certified the premises as safe to the property and premises of the insured.

10.     On April 19th, 2002, a collapse of the internal walls in the inner atrium of the premises occurred causing damage and destruction.

11.     Pursuant to the terms of the insurance policy referred to in paragraph two (2), the plaintiff paid its insured in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS, ($233,000) and is thereby legally and equitably subrogated to the claim of Hudson against all individuals legally responsible for causing the subject damage.

## AS AND FOR A FIRST CAUSE OF ACTION AS TO DEFENDANTS NEGLIGENCE

12.     Plaintiff fully incorporates by reference the averments contained in paragraphs 1 through 11 inclusive.

13.     The occurrence referred to in paragraph 10 and the consequent damage to the plaintiff's insured's property was proximately caused by the negligence, negligent per se, gross negligence, carelessness and negligent omissions of the defendants, its agents, servants, workmen and/or employees in:

(a)      Improper installation, repair and design of the renovation and construction in the building:

From: Hasan Karim At PROFESSIONAL RISK MANAGERS FaxID: To: Summons & Complaint-GL Claims    Date: 3/18/2005 09:33 AM Page

FROM : ARCHITRON / SET    FAX NO. :718 472 4464    Mar. 17 2005 02:55PM P8

(b)    failing to hire competent servants, contractors, agents, employees and/or workmen to properly construct and/or design the renovation being performed on the premises, including the lack of sufficient structural supports for the five story facade wall;

(c)    failing to properly and adequately supervise the work being done by its contractors, servants, agents, employees and/or workmen;

(d)    failing to properly and adequately instruct its servants, contractors, employees and/or workmen as to the safe and proper renovation of the premises;

(e)    failing to recognize the obvious hazard presented by the lack of proper bracket supports on the aforementioned wall;

(f)    retaining incompetent, unlicensed, employees, agents, servants, workers, subcontractors, without the requisite skills and abilities to design and perform construction at the premises in a safe fashion;

(g)    failing to conduct a proper inspection to detect the dangers associated with the poor design and construction which defendant knew or should have known created an unreasonable risk of a collapse;

(h)    failing to properly advise proper authorities of the nature, and hazards associated with the improper design and construction;

(i)    failing to take the proper steps and to supervise the work performed by its employees, servants, workers, agents and/or contractors in a way that would protect the plaintiff's insured's property from collapse;

(j)    failing to ensure that its agents, servants, contractors and/or workmen abided by applicable codes, ordinances, rules and regulations concerning the safe design and construction of the renovation;

(k)    failing to warn plaintiff's insured of the additional risk to the plaintiff's property as a result of the unsafe design and construction involved in the renovation;

(l)    failing to do those things which were necessary to safe, preserve and protect the plaintiff's insured's property;

(m)    otherwise failing to use due care and proper skill under the circumstances.

14.    As a direct and proximate cause of the aforesaid negligence per se, negligence, carelessness, recklessness, gross negligence and negligent acts and omissions of the defendants and its representatives, agents, servants and/or employees, the incident referred to in paragraph 10 took place resulting in damage and destruction to the insured's property and loss to the plaintiff in the amount in

FROM : ARCHITRON / SET    FAX NO. : 718 472 4464    Mar. 17 2005 02:56PM  P9

THOUSAND DOLLARS ($233,000.00) together with interest, costs and attorney's fees.

## AS AND FOR A SECOND CAUSE OF ACTION AS TO
## DEFENDANTS
## BREACH OF CONTRACT

15.    Plaintiff fully incorporates by reference the averments contained in Paragraphs 1 through 14 inclusive.

16.    For the reasons more particularly set forth in plaintiff's First Cause of action, defendants and plaintiff's subrogor entered into a contract whereby defendants were obligated, among other things, to properly design, inspect, perform construction and/or repair during the structure's renovation and to protect the plaintiff's insured's property from collapse.

17.    Defendants breached and/or violated its aforesaid contractual duties, as a result whereof defendants are liable to plaintiff, jointly and severally with defendants, for all damages resulting from the aforesaid breaches and/or violations.

18.    By the reason of the aforesaid breach of contract, the occurrence referred to in paragraph 10 took place resulting in severe and extensive damage to the insured's property and a loss to the plaintiff in the amount in excess of TWO HUNDRED THIRTY THREE THOUSAND DOLLARS ($233,000.00).

Dated: Melville, New York
    March 7, 2005

Respectfully submitted,

SHEPS LAW GROUP P.C.
BY: ROBERT C. SHEPS
Attorney for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600
Our File No.: 4368

From: Hasan Karim At PROFESSIONAL RISK MANAGERS  FaxID:  To: Summons & Complaint-GL Claims          Date: 3/18/2005 09:33 AM  Page:

FROM : ARCHITRON / SET                    FAX NO. :718 472 4464            Mar. 17 2005 02:57PM  P10

To:
Architron Designers and Builders, Inc.
40-12 28th Street
Long Island City, NY 11101

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, NY 11210

GJC Structure, P.E., P.C.
40-12 28th Street
Long Island City, NY 11101

Joseph Edward Vance Architect
119 Kent Street
Brooklyn, NY 11222

CV Action No. _____ Year

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

ST. PAUL FIRE & MARINE INSURANCE CO.
a/s/o HUDSON STREET, L.L.C.,

                                            Plaintiff,

            –against–

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT

---

## SUMMONS & COMPLAINT

### SHEPS LAW GROUP, P.C.
*Attorneys for Petitioner*
35 Pinelawn Road
Suite 106 East
**MELVILLE, NEW YORK 11747**
(631) 249-5600

To: ***
Attorney(s) for ***

Service of a copy of the within *** is hereby admitted.
Dated: ***

                                            ....................
                                            Attorney(s) for ***

*PLEASE TAKE NOTICE*

☐    that the within is a (certified) true copy of a ***
     entered in the office of the clerk of the within named Court on ***
NOTICE OF
ENTRY

☐    that an Order of which the within is a true copy will be presented for settlement to
     the Hon. ***
☐    one of the judges of the within named Court, at ***, on ***, at ***
NOTICE OF
SETTLEMENT
Dated: ***

EXHIBIT "C"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.                    Docket No.  CV 05 1872
a/s/o HUDSON STREET, LLC,
                                                        ANSWER
                              Plaintiff,

        -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                              Defendants.
-----------------------------------------------------------------------X

        Defendant, Architron Designers and Builders, Inc., by and through its attorneys,

Nicoletti Gonson & Spinner LLP answers the plaintiff's complaint as follows:

        1.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "1".

        2.      Denies each and every allegation contained in paragraph of the complaint

numbered "2" and begs leave to refer to the original of said document on the trial of this action

for the contents thereof.

        3.      Denies in the form alleged in paragraph of the complaint numbered "3".

        4.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "4".

        5.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "5".

        6.      Denies knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph of the complaint numbered "6".

7.      Denies each and every allegation contained in the paragraph of the complaint numbered "7" and respectfully refers all questions of law to the court for determination.

8.      Denies each and every allegation contained in the paragraph of the complaint numbered "8" and respectfully refers all questions of law to the court for determination.

9.      Denies each and every allegation contained in the paragraph of the complaint numbered "9" and respectfully refers all questions of law to the court for determination.

10.     Denies each and every allegation contained in the paragraph of the complaint numbered "10" and respectfully refers all questions of law to the court for determination.

11.     Denies each and every allegation contained in the paragraph of the complaint numbered "11" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE FIRST CAUSE OF ACTION

12.     Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "12".

13.     Denies each and every allegation contained in the paragraph of the complaint numbered "13" and respectfully refers all questions of law to the court for determination.

14.    Denies each and every allegation contained in the paragraph of the complaint numbered "14" and respectfully refers all questions of law to the court for determination.

## ANSWERING THE SECOND CAUSE OF ACTION

15.    Repeats the denials set forth above in answer to the allegations contained in paragraph of the complaint numbered "15".

16.    Denies each and every allegation contained in the paragraph of the complaint numbered "16" and respectfully refers all questions of law to the court for determination.

17.    Denies each and every allegation contained in the paragraph of the complaint numbered "17" and respectfully refers all questions of law to the court for determination.

18.    Denies each and every allegation contained in the paragraph of the complaint numbered "18" and respectfully refers all questions of law to the court for determination.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

19.    Upon information and belief all hazards and risks incident to the circumstances set forth in the plaintiff's complaint were obvious and apparent and were readily assumed by the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

20.    If the plaintiff has been damaged or injured as alleged in the complaint herein, and such damage and injury was not sustained solely as a result of the plaintiff's own negligence, carelessness, culpable conduct, or want of care, then same was brought about by

reason of the negligence, carelessness, culpable conduct, want of care, and intentional acts of third-parties over whom this defendant had no control and for whose negligence, carelessness, want of care, and intentional criminal acts this defendant is not responsible.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

21.     Answering defendant relies on and is entitled to all benefits and rights under Article 16 of the New York CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

22.     If plaintiff's subrogor has been injured and damaged as alleged in the complaint, such injury and damage were caused or contributed to by reason of plaintiff subrogor's own conduct, negligence, carelessness or want of care, and if it be determined that plaintiff's subrogor is entitled to a recovery herein as against this answering defendant, such recovery should be apportioned between plaintiff's subrogor and this answering defendant according to their relative responsibility therefore.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

23.     Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss, has been or will with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in Section 4545(c) of the New York Civil Practice Law and Rules, and consequently, if any damages are recoverable against the said answering defendant, the amount of such damages shall be diminished by the amount of the funds which plaintiff has or shall receive from such collateral source.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

24.     Plaintiff's complaint fails to state a cause of action upon which a claim for

relief can be granted.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.     Plaintiff's injuries, if any, were caused, contributed to, brought about

and/or aggravated by superseding and/or intervening causes.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.     Upon information and belief, plaintiff failed to mitigate or otherwise act to

lessen or reduce the injuries and disabilities alleged in this complaint.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.     Plaintiff lacks capacity to sue.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.     Plaintiff's claims are barred by waiver of subrogation clauses contained in

the contracts between the parties.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS, AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT, ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

29.     If the plaintiff sustained the injuries and damage as alleged in the

complaint, and said injuries and damages were not sustained as a result of the plaintiff's own

negligence, carelessness, or want of care, then same were caused as a result of the acts and

conduct, negligence, carelessness or want of care, on the part of the co-defendants, AYN

Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, without any

negligence, carelessness or want of care on the part of this defendant in any way contributing

thereto.

30.    If plaintiff recovers a judgment against this answering defendant, by reason of the premises alleged in plaintiff's complaint, this defendant will be damaged thereby and will be entitled to be indemnified therefor, in whole or in part, by the co-defendants, AYN Enterprises Inc., GJC Structures, P.E., P.C. and Joseph Edward Vance Architect, and to have judgment over and against said co-defendants for any judgment that may be recovered by plaintiff against this defendant, or for that portion thereof that is shown to be the responsibility of the aforesaid co-defendants, together with this defendant's expenses of investigation and attorneys' fees.

AS AND FOR A SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS,
AYN ENTERPRISES, INC., GJC STRUCTURES, P.E., P.C.and JOSEPH
EDWARD VANCE ARCHITECT, ANSWERING DEFENDANT,
ARCHITRON DESIGNERS AND BUILDERS, INC. ALLEGES:

31.    That if the plaintiff sustained the injuries and damages in the manner and at the time and place set forth in the complaint, and if it is found that the answering defendant is liable to the plaintiff herein, then said damages were sustained in whole or in part by reason of the negligence and/or breach of warranty and/or contract by the aforesaid co-defendants and the answering defendant is entitled to contribution, apportionment and indemnification from and against the said co-defendants for all or part of any verdict or judgment that plaintiff may recover against this answering defendants.

Dated:    New York, New York
          April 19, 2005

By: _____
    Yours, etc.

    Marina A. Spinner  (MAS 9959)
    Nicoletti Gonson & Spinner LLP
    Attorneys for Defendant
    Architron Designers and Builders, Inc.
    546 Fifth Avenue, 20th Floor
    New York, New York 10036
    (212) 730-7750
    Our File:  10111.00220

TO:   Sheps Law Group P.C.
      Attorneys for Plaintiff
      35 Pinelawn Road, Ste. 106E
      Melville, New York 11747
      (631) 249-5600
      Your File: 4368

      AYN Enterprises, Inc.
      2555 Nostrand Avenue
      Brooklyn, New York 11210

      GJC Structure, P.E., P.C.
      40-12 28th Street
      Long Island City, New York 11101

      Joseph Edward Vance Architect
      119 Kent Street
      Brooklyn, New York 11222

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK )
                      ) ss.:
COUNTY OF NEW YORK )

Jovita Brown being duly sworn, deposes and says:

Deponent is not a party to the action and is over 18 years of age residing in Bronx, NY.

On April 20th, 2005, deponent served the within Answer and Notices to Take Oral Deposition upon

        Sheps Law Group P.C.
        Attorneys for Plaintiff
        35 Pinelawn Road, Ste. 106E
        Melville, New York 11747
        (631) 249-5600
        Your File: 4368

        AYN Enterprises, Inc.
        2555 Nostrand Avenue
        Brooklyn, New York 11210

        GJC Structure, P.E., P.C.
        40-12 28th Street
        Long Island City, New York 11101

        Joseph Edward Vance Architect
        119 Kent Street
        Brooklyn, New York 11222

attorneys in this action, at the address(es) designated by said attorney(s) for that purpose by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                        Jovita Brown

Sworn to before me this
20th day of April, 2005

_____
Notary Public

JAMIE TODD PACKER
NOTARY PUBLIC, STATE OF NEW YORK
REG. # 02PA6000791
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES 12/22/05

# EXHIBIT "D"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------x
ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                                        Plaintiff,

                                                            Docket No. CV 05 1872

              -against-

                                                            **ANSWER**

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                                        Defendants.
----------------------------------------------------------------------------x

Defendant, Joseph Edward Vance Architect ("Vance"), by its attorneys L'Abbate, Balkan,

Colavita & Contini, L.L.P., answers the Complaint, alleging as follows:

1.       Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraphs "1", "2", "3", "4" and "5" of the Complaint.

2.       Denies each and every allegation contained in paragraph "6" of the Complaint,

except admits that Vance is a licensed architect in the state of New York and maintains a

principal place of business at 181 North 11th Street, Suite 202, Brooklyn, New York 11211.

3.       Denies having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph "7" of the Complaint.

4.       Denies each and every allegation contained in paragraph "8" of the Complaint to

the extent that they relate to defendant Vance, except admits that Vance was retained by

Hudson Street, LLC to perform various architectural services at the subject building and this

answering defendant respectfully refers the Court to that agreement for its full, true and

2

complete terms. Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

5.      Denies each and every allegation contained in paragraphs "9" and "10" of the Complaint to the extent that they relate to defendant Vance and denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants.

6.      Denies each and every allegation contained in paragraph "11" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

## AS TO THE FIRST CAUSE OF ACTION
## AS TO DEFENDANTS' NEGLIGENCE

7.      In response to paragraph "12" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "11" of the Complaint as if fully set forth at length herein.

8.      Denies each and every allegation contained in paragraphs "13" and "14" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these

3

paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

### AS TO THE SECOND CAUSE OF ACTION AS TO DEFENDANTS' BREACH OF CONTRACT

9.      In response to paragraph "15" of the Complaint, this answering defendant repeats and realleges each and every response applicable to the allegations in paragraphs "1" through "14" of the Complaint as if fully set forth at length herein.

10.     Denies each and every allegation contained in paragraph "16" of the Complaint to the extent that they relate to defendant Vance, except admits that Vance was retained by Hudson Street, LLC to perform various architectural services at the subject building and this answering defendant respectfully refers the Court to that agreement for its full, true and complete terms. Defendant Vance denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph to the extent that they relate to the remaining defendants.

11.     Denies each and every allegation contained in paragraphs "17" and "18" of the Complaint to the extent that they relate to defendant Vance, denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs to the extent that they relate to the remaining defendants and respectfully refers all questions of law to this Honorable Court for ultimate determination.

4

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12.     If the plaintiff sustained any personal injuries or damages as alleged in the Complaint, such injuries or damages were caused, aggravated or contributed to by the plaintiff's failure to take reasonable efforts to mitigate damages, and any award made to the plaintiff must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13.     All claims are dismissible by virtue of plaintiff's subrogor's (Hudson Street, LLC) execution of a release in favor of Joseph Edward Vance, Architect with respect to the damage to the building at issue in this case.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

14.     The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were caused in whole or in part by the negligence, carelessness and/or culpable conduct of the plaintiff, plaintiff's subrogors and/or the co-defendants, their servants, agents or employees and others for whom the plaintiff, plaintiff's subrogors and/or co-defendants were legally responsible and that the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to the plaintiff, plaintiff's subrogors and/or co-defendants bears to the culpable conduct which caused the damages alleged.

5

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

15.    The injuries and damages allegedly sustained by the plaintiff and/or plaintiff's subrogors were not caused by any negligence, carelessness, culpable conduct or breach of duty on the part of this answering defendant, its servants, agents or employees, but were caused by reason of the carelessness, negligence, culpable conduct and/or breach of duty of third parties, their servants, agents or employees over whom this answering defendant had no control and the amount of damages recovered, if any, shall therefore be diminished in proportion to which said negligence, carelessness and/or culpable conduct attributable to said third parties bears to the culpable conduct which caused the damages alleged.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

16.    Upon information and belief, any past or future costs or expenses incurred or to be incurred by the plaintiff for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss has been, or will, with reasonable certainty be replaced or indemnified in whole or in part from a collateral source as defined in §4545 of the New York Civil Practice Law and Rules.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

17.    Plaintiff's damages if any, were sustained as a result of intervening causes which were out of the control of the defendants and not the result of the conduct, acts or omissions of the defendants. By virtue of said intervening causes, the plaintiff's injuries were not proximately caused by the defendants and, therefore, the claim against the defendants should be dismissed.

6

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

18.     The Complaint and each and every cause of action alleged against defendant Vance fails to state any cause of action upon which relief can be granted.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

19.     Plaintiff may not maintain each of its alleged causes of action since they are barred by the applicable principles of waiver and estoppel.

## AS AND FOR A CROSS-CLAIM AGAINST CO-DEFENDANTS ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC. and GJC STRUCTURES, P.E., P.C.

20.     If the plaintiff  sustained damages in the manner alleged in the Complaint, all of which are denied by this answering defendant, such damages were caused in whole or in part by the negligence, carelessness, culpable conduct and/or breach of duty of the co-defendants, and of third parties who are not parties to this action, with no negligence, carelessness, culpable conduct and/or breach of duty on the part of this answering defendant contributing thereto.

21.     That by reason of the foregoing this answering defendant is entitled to full indemnity/contribution from, and to judgment over and against the co-defendants, for all or any part of any verdict or judgment which any party to this action may recover against this answering defendant, all determined in accordance with the relative culpability of each party liable herein.

7

WHEREFORE, defendant Joseph Edward Vance Architect demands judgment:

a)   dismissing the Complaint;

b)   awarding it judgment on its cross-claim for contribution and indemnification, including attorneys' and investigating fees;

c)   awarding it costs and disbursements of this action; and

d)   awarding it such other and further relief that this Court may deem just and proper.

Dated:   Garden City, New York
         July 15, 2005

                                        Respectfully yours,

                                        L'ABBATE, BALKAN, COLAVITA
                                        & CONTINI, L.L.P.

                     By:                _____
                                        Douglas R. Halstrom (9593)
                                        Attorneys for Defendant
                                        JOSEPH EDWARD VANCE ARCHITECT
                                        1050 Franklin Avenue
                                        Garden City, New York 11530
                                        (516) 294-8844

To:   Robert C. Sheps, Esq.
      Sheps Law Group, P.C.
      Attorneys for Plaintiff
      35 Pinelawn Road, Suite 106E
      Melville, New York 11747
      (631) 249-5600
      File No. 4368

      Marina A. Spinner, Esq.
      Nicoletti Gonson & Spinner, LLP
      Attorneys for Defendant
      ARCHITRON DESIGNERS AND BUILDERS, INC.
      546 Fifth Avenue, 20th Floor
      New York, New York 10036
      (212) 730-7750
      File 10111.00220

8

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                   ) ss.:
COUNTY OF NASSAU    )

GINA DONAHUE, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at Freeport, New York.

That on the 15th day of July, 2005 deponent served the within Answer upon:

Robert C. Sheps, Esq.
Sheps Law Group, P.C.
Attorneys for Plaintiff
35 Pinelawn Road, Suite 106E
Melville, New York 11747
(631) 249-5600

Marina A. Spinner, Esq.
Nicoletti Gonson & Spinner, LLP
Attorneys for Defendant
ARCHITRON DESIGNERS AND
BUILDERS, INC.
546 Fifth Avenue, 20th Floor
New York, New York 10036
(212) 730-7750

AYN Enterprises, Inc.
2555 Nostrand Avenue
Brooklyn, New York 11210

GJC Structure, PE, PC
40-12 28th Street
Long Island City, New York 11101

the attorney(s) for the respective parties in this action, at the above address(es) designated by said attorney(s) for that purpose by depositing same enclosed in a postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

GINA DONAHUE

Sworn to before me this
15th day of July, 2005.

Notary Public

LISA A. NICHOLS
Notary Public, State of New York
No. 01NI6083930
Qualified in Nassau County
Commission Expires June 9, 2007

# EXHIBIT "E"

## GENERAL RELEASE

**KNOW ALL MEN BY THESE PRESENTS** that ST. PAUL FIRE & MARINE

INSURANCE COMPANY for and in consideration of the payment of One Dollar ($1.00) from

ARCHITRON DESIGNERS AND BUILDERS, INC., and other good and valuable

consideration, receipt and sufficiency of which is hereby acknowledged, does on behalf of itself,

its successors, principals, agents, employees, or assigns (herein referred to as "Releasor") hereby

release, remise, acquit and forever discharge ARCHITRON DESIGNERS AND BUILDERS,

INC., and their successors, principals, agents, insurers, employees, or assigns (herein after

referred to as "Releasees"), of and from any and all action, causes of action, liability, demands,

rights, damages, and costs or expenses of whatsoever nature, whether known or unknown,

suspected or unsuspected, in law or in equity, arising out of a structural collapse which took

place on or about April 19, 2002, at 169 Hudson Street, New York, NY 10014, such claims as set

forth in a lawsuit instituted at the U.S. District Court, S.D.NY, civil action no. 05CV1872.

The undersigned further declares and represents that no promise, inducement or

agreement not herein expressed has been made to him/her, that this Release contains the entire

agreement between the Releasor and Releasees.

**IN WITNESS WHEREOF,** I have set my hand and seal this 8ᵀᴴ day of June, 2006.

Steven Ditzel
St. Paul Travelers Insurance Company

STATE OF _MARYLAND_                )
                                   SS.:

COUNTY OF BALTIMORE                    )

I certify that on June 8ᵗʰ, 2006, Steven Ditzel          personally came before me and stated to my satisfaction that this person executed this instrument and he/she is authorized to do so.

NOTARY PUBLIC

SHIRLEY ZORN
NOTARY PUBLIC
BALTIMORE COUNTY
MARYLAND
MY COMMISSION EXPIRES NOVEMBER 28,2009

EXHIBIT "F"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————X

ST. PAUL FIRE & MARINE INSURANCE CO.          Case No.: 05CV1872
a/s/o Hudson Street, L.L.C.
                              Plaintiff,

                                               **STIPULATION OF
                                               DISMISSAL**

          -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C.
and JOSEPH EDWARD VANCE ARCHITECT
                              Defendants
——————————————————————X

          IT IS HEREBY STIPULTED AND AGREED, by the undersigned attorneys for all

plaintiffs and all defendants that have appeared in this action, whereas no party having

appeared being a minor or appointed a guardian, that the above entitled action be, and the

same hereby is dismissed, with prejudice, as to Architron Designers and Builders Inc. only,

and with out costs to either party as against the other. This Stipulation applies to all claims

and cross claims as to Architron Builders but not to any other parties. This notice may be

filed without further notice with the Clerk of the Court.

Dated: Melville, New York
          June 15, 2006


_____                        _____
Robert C. Sheps                                Edward S. Benson, Esq.
Sheps Law Group                                Nicoletti Gonson & Spinner LLP
35 Pinelawn Rd., Suite 106 East                546 Fifth Avenue 20th Floor
Melville, NY 11747                             New York, NY 10036
*Attorney for Plaintiff*                        *Attorney for Defendant Architron*


_____
Douglas R. Halstrom, Esq.
L'Abbate, Balkan, Colavita & Contini LLP
1050 Franklin Avenue
Garden City, NY 11530
*Attorney for Defendant
Joseph Edward Vance*                            _____
                                               So Ordered

# EXHIBIT "G"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o
HUDSON STREET, L.L.C.,

                   Plaintiff,

          -against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

                   Defendants.

------------------------------------------------------------------------X

Docket No. CV 05 1872 (SJF)

**AFFIDAVIT OF JOSEPH
EDWARD VANCE IN SUPPORT
OF MOTION TO DISMISS**

STATE OF NEW YORK  )
                 ) ss:
COUNTY OF NEW YORK  )

     I, Joseph Edward Vance, A.I.A., being duly sworn depose and state:

     1.     I am a registered architect, duly licensed in the State of New York and the principal of

my architectural firm, Joseph Vance Architects s/h/a Joseph Edward Vance Architect (hereinafter

"Vance"), a defendant in the above-captioned action. As such, I am fully familiar with the facts and

circumstances set forth herein. I submit this Affidavit in support of my motion seeking an Order

dismissing all claims asserted against Vance in the above litigation.

     2.     Vance was retained by the building owner, Hudson Street L.L.C., to prepare plans and

specifications for the conversion of a seventy thousand (70,000) square foot warehouse located at

169 Hudson Street, New York, New York (the premises), into residential and commercial space.

     3.     On or about April 19, 2002, during a severe rain and wind storm that caused damage

throughout the metropolitan New York area, a large section of a wall at the premises fell. As a result

of the damage caused by the severe rain and wind storm, Vance communicated with Hudson Street

L.L.C. to resolve any claims against Vance that may arise from the aforesaid damage.

4.     Attached as Exhibit 1 to this Affidavit is a copy of a Release Agreement between Vance and Hudson Street L.L.C. The Release Agreement provides that upon due consideration, Hudson Street L.L.C. released and forever discharged Vance "from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity…" The consideration was thirty-five thousand dollars ($35,000.00).

5.     Pursuant to the Release Agreement, Vance's insurance provider forwarded a check in the amount of thirty-five thousand dollars to Hudson Street L.L.C., representing the full amount of the settlement provided in the Release Agreement.

6.     Based upon the foregoing facts, I have been advised that the claims asserted against Vance in the instant action are without merit and dismissal of all claims and cross-claims is appropriate.

**JOSEPH EDWARD VANCE**

Sworn to before me this 6th
day of June, 2006.

**Notary Public**

**JAMES H. RODGERS**
Notary Public, State of New York
No. 02RO4961104
Qualified in New York County
Commission Expires Jan. 16, 20 10

2

# Exhibit 1

Joseph Edward Vance, Architect
119 Kent Street
Brooklyn, New York 11222

December 30, 2002

Hudson Street, L.L.C.
180 Varick Street, 7th Floor
New York, New York 10013

Re:    Release of Claims re: Wind Storm Damage to Curtain Wall
       at 169 Hudson Street on or about April 18-20, 2002

Sirs:

The purpose of this letter is to set forth the terms and conditions of our agreement regarding the resolution of claims relative to the collapse of the curtain wall due to a wind storm on or about April 18-20, 2002 at 169 Hudson Street, New York, New York.

Accordingly, in consideration of the promises and agreements contained in this Agreement, the mutual interests of and benefits to the parties, and each of us and the company you represent involved at 169 Hudson Street intending to be legally bound, it is hereby agreed by and between my firm, referred to herein as the "Architect", and you as an authorized officer, member or representative of Hudson Street, L.L.C. (referred to herein as the "Owner"), as follows:

The Architect hereby agrees to remit payment by a check issued from his insurance company on his behalf, in the amount of Thirty-Five Thousand Dollars ($35,000) to the Owner within twenty-one (21) days from the execution date of this Agreement.

In exchange for this payment, the Owner, its successors and permitted assigns, release and forever discharge the Architect and all of its present and past directors, officers, agents and employees, heirs, successors and assigns, from all claims, actions, causes of action, suits, accounts, damages, judgments, demands, appeals, contracts, expenses, attorneys' fees, and all claims by the other for contribution or indemnity whatsoever, in law or in equity, which against the Architect, as releasee, that party, its successors and permitted assigns ever had, now has, or hereinafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, from the beginning of time to the date of this Agreement, relative to the wind storm damage to the curtain wall at 169 Hudson Street, New York, New York, resulting from the wind storm that occurred on or about April 18-20, 2002. Notwithstanding the foregoing, nothing in this Agreement will release in any way GJC Consulting, George Cambourakis, or any other firm George Cambourakis worked for as engineer or with whom he is associated, nor will it release any other engineers or expediters retained directly or indirectly in connection with the Project at 169 Hudson Street.

In addition, the Architect agrees to use its best efforts to cooperate with the Owner in connection with the Owner's prosecution of its claims against the contractors and subcontractors who, prior to the effective date of this Agreement, performed construction work associated with the Architect's original agreement with the Owner (i.e., the base building) at 169 Hudson Street. The Architect's cooperation shall consist of producing job documents relating to the Project at 169 Hudson Street, attending meetings with the client and/or counsel (scheduled upon reasonable notice to the Architect), responding to telephone inquiries concerning possible litigation, and providing testimony at hearings, depositions or trial. The

Owner agrees to compensate the Architect at the rate of One Hundred Dollars ($100) per hour for the first fifty (50) hours of service by the Architect in this regard, with any additional services beyond fifty (50) hours to be provided by the Architect at no charge. The Owner agrees to make payment to the Architect within thirty (30) days of receipt of the Architect's invoices to the Owner reflecting the hours spent by the Architect in connection with the Owner's prosecution of claims against the contractors or subcontractors. It is agreed that the Owner's failure to timely pay for such services will suspend the Architect's obligation to assist the Owner until such payments are made.

The parties represent and acknowledge that in executing this Agreement, none of them has relied upon any representation or statement made by a representative from any other party with regard to the subject matter, basis or effect of this Agreement.

All references to the singular in this Agreement shall include the plural.

This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of the counterparts shall together constitute one and the same document.

The failure of any party to this Agreement to insist upon strict adherence to any term of this Agreement will not be considered a waiver of any right arising thereunder or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

All of the terms and conditions of this Agreement shall survive the execution of this Agreement, and shall continue as enforceable and valid obligations of the parties. If any portion of this Agreement is held as a matter of law to be unenforceable, the remainder of this Agreement shall be enforceable without such portion.

The signators to this Agreement hereby represent and affirm that they are authorized to fully and completely resolve these disputes and to enter into this Agreement, make the releases and other representations and agreements contained in this Agreement, and to bind the party for whom they are executing this Agreement.

The Owner and the Architect represent that they have read the foregoing Agreement and accept and agree to the provisions contained herein to be made effective on the date above written. In witness whereof, and fully intending to be legally bound hereby, the parties have executed this Agreement, effective as of the date of this letter Agreement, in the spaces provided below.

JOSEPH EDWARD VANCE, ARCHITECT

By: _____

Joseph Edward Vance

State of New York          )
                           )ss.:
County of Kings            )

On the 31st day of December, 2003, before me personally came Joseph Edward Vance, Architect, to me known to be the individual described in and who executed the foregoing instrument, and acknowledged that he executed the same.

_____
Notary Public

MAHERLY E. MANIGAULT
Notary Public, State of New York
No. 03-4913526
Qualified in Bronx County
Commission Expires ........ 11/23/05

RECEIVED TIME  MAY. 19.   1:11PM

HUDSON STREET L.L.C.

_____

John Berton, Member


STATE OF NEW YORK    )
                     )     ss.:
COUNTY OF NEW YORK )

On the 30th day of December, 2002, before me personally came John Berton, to me known, who, being by me duly sworn, did depose and say that he resides at 27 Howard St #Y, NyNy 1013 ; that he is a member of Hudson Street L.L.C., the corporation described in and which executed this Agreement; and that he is authorized to sign his name thereto.

_____
Notary Public

JOANNA C. SCHWARTZ
Notary Public, State of New York
No. 02SC6082675
Qualified in New York County
Commission Expires November 4, 2006

W3117AU3019L4PO

RECEIVED TIME MAY. 19.   1:11PM