UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO.          Docket No. 08-CV-00465
a/s/o HUDSON STREET, LLC,

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC.,
AYN ENTERPRISES INC., GJC STRUCTURES, P.E.,
P.C. and JOSEPH EDWARD VANCE ARCHITECT,

Defendants.

------------------------------------------------------------------------X

## *MEMORANDUM OF LAW IN SUPPORT OF*
## *MOTION FOR SUMMARY JUDGMENT*

NICOLETTI  GONSON SPINNER & OWEN LLP
Attorneys for Defendant
Architron Designers and Builders, Inc.
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750
Our File:  10111.00220

Edward S. Benson, Esq.
Of Counsel

## TABLE OF CONTENTS

PRELIMINARY STATEMENT…………………………….……..………………..1

FACTUAL BACKROUND……………………………..……….………………….2

ARGUMENT

    **POINT I**

    Standard for Granting Summary Judgment………………………………………4

    **POINT II**

    The Substantive Law of New York Applies to the Instant Action……………..…...6

    **POINT III**

    Vance is Precluded From Seeking Contribution from Architron Pursuant to New York's General Obligations Law…………………………………………………8

        A. Vance is Precluded from Seeking Contribution from Architron Pursuant to the General Obligations Law Because Architron obtained a Release from the Plaintiff………………………………………………….…..…8

        B. If Vance's Release is Found to Apply to the Claims Brought by the Plaintiff in this Action, then Vance is Precluded from Seeking Contribution Pursuant to the General Obligations Law………………9

    **POINT IV**

    Architron Owes No Duty of Indemnification to Vance………………….………11

CONCLUSION……………………………………………………………………..13

i

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted in support of defendant, Architron Designers and Builders, Inc.'s (hereinafter referred to as "Architron"), Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, seeking dismissal of the cross-claim brought against it by defendant Joseph Vance Architect s/h/a Joseph Edward Vance Architects (hereinafter referred to as "Vance"). Architron is entitled to summary judgment because it has been provided with a general release by the plaintiff in this action that prohibits Vance, pursuant to New York General Obligations Law § 15-108, from seeking contribution from Architron for any potential judgment against Vance. Furthermore, if it is found that the release Vance received from Hudson Street, LLC is applicable to the claims in this action, General Obligations Law § 15-108 will likewise prohibit Vance from seeking contribution from Architron. Finally, since it is alleged that Vance was an active tortfeasor and not merely vicariously liable, Vance is not entitled to indemnification from Architron. Accordingly, it is respectfully submitted that Architron's motion for summary judgment dismissing Vance's cross-claims must be granted.

## FACTUAL BACKGROUND

This subrogation action arose as a result of a wall collapse at a property undergoing construction that was owned by the plaintiff's insured. (*See* Plaintiff's Summons and Complaint annexed to the Declaration of Edward Benson, Esq. as Exhibit "A"). Plaintiff commenced this action in the Supreme Court of the State of New York, County of New York, by the filing of a Summons and Complaint dated March 16, 2005. *Id.*

Thereafter, by Notice of Petition dated April 15, 2005, defendant Architron petitioned the Eastern District of New York for removal of this action from state court to federal court based on diversity jurisdiction, which was granted. (*See* Notice of Removal annexed to the Benson Declaration as Exhibit "B"). Subsequent to removal to the Eastern District of New York, the matter was then transferred to the Southern District of New York.

Issue was joined by defendant, Architron, by service of an Answer dated April 19, 2005. (*See* Answer of defendant Architron annexed to the Benson Declaration as Exhibit "C"). On July 15, 2005, issue was joined by defendant Vance by service of an Answer with a cross-claim seeking contribution and indemnification from defendant, Architron. (*See* Answer of defendant Vance annexed to the Benson Declaration as Exhibit "D"). Defendants AYN Enterprises Inc. and GJC Structures, PE, PC have failed to appear in this action.

Shortly after filing its Answer, plaintiff's counsel advised that plaintiff had decided to discontinue its claims against Architron. As a result, plaintiff provided Architron with a general release and entered into a stipulation of dismissal, dismissing all claims against Architron with prejudice. (*See* the General Release annexed to the Benson Declaration as Exhibit "E"; *see* Stipulation of Dismissal annexed to the Benson Declaration as Exhibit "F"). In light of these circumstances, Architron had requested that Vance discontinue its cross-claim, but Vance has not

2

agreed to do so. As a result of the general release obtained from the plaintiff, Architron now seeks dismissal of Vance's cross-claim.

## ARGUMENT

### POINT I

### STANDARD FOR SUMMARY JUDGMENT

A summary of the standard to be applied in determining whether a movant has met its

burden on a motion for summary judgment is set forth in the Supreme Court's decision in

*Celotex Corporation v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548 (1986).  In *Celotex*, Justice

Rehnquist, writing for the majority stated that:

> Of course, a party seeking summary judgment always bears the
> initial responsibility of informing the district court of the basis for
> its motion, and identifying those portions of "the pleadings,
> depositions, answers to interrogatories, and admissions on file,
> together with the affidavits, if any," which it believes demonstrate
> the absence of a genuine issue of material fact. But unlike the
> Court of Appeals, we find no express or implied requirement in
> Rule 56 that the moving party support its moving motion with affidavits or
> other similar materials *negating* the opponent's claim. On the
> contrary, Rule 56(c), which refers to "the affidavits, *if any*"
> (emphasis added), suggests the absence of such a requirement. And
> if there were any doubt about the meaning of Rule 56(c) in this
> regard, such doubt is clearly removed by Rules 56(a) and (b),
> which provide that claimants and defendants, respectively, may
> move for summary judgment "*with or without supporting
> affidavits*" (emphasis added). The import of these subsections is
> that, regardless of whether the moving party accompanies its
> summary judgment motion with affidavits, the motion may, and
> should, be granted so long as whatever is before the district court
> demonstrates that the standard for the entry of summary judgment,
> as set forth in Rule 56(c), is satisfied. One of the principal purposes
> of the summary judgment rule is to isolate and dispose of factually
> unsupported claims or defenses, and we think it should be
> interpreted in a way that allows it to accomplish this purpose.

*Id.* 477 U.S. at 323, 106 S.Ct. at 2553. Thus, in cases in where the ultimate burden at trial rests

on the nonmoving party, the moving party can satisfy its obligations on summary judgment by

submitting affirmative evidence negating an essential element of the non-movant's claim or by

demonstrating that the nonmoving party's evidence itself is insufficient to establish an essential element of its claim. It is clear that a party may discharge its burden under Rule 56 by demonstrating that if the case went to trial there would be no competent evidence to support a judgment for the opposing party. When no reasonable trier of fact could find in favor of the non-moving party, summary judgment may be granted to the movant. See, *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995).

In the instant action, it is clear that Vance's cross-claim for contribution and indemnification cannot be sustained as a matter of law. As will be shown below, the evidence and applicable substantive law support Architron's contention that Vance cannot establish the essential elements of its claim necessary to support a judgment in its favor. Therefore, it is respectfully submitted that summary judgment must be granted in favor of Architron.

## POINT II

## THE SUBSTANTIVE LAW OF NEW YORK
### APPLIES TO THE INSTANT ACTION

It is well settled that cases or controversies before the federal courts based solely on diversity jurisdiction are to be decided by the substantive and procedural law of the state where the federal court sits. *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996) *citing Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *McCarthy v. Olin Corp.*, 119 F.3d 148, 153 (2d Cir. 1997) *citing Travelers Ins. Co v. 633 Third Assoc.*, 14 F.3d 114, 119 (2d Cir. 1994). "In ascertaining the substantive law of the forum, federal courts will look to the decisional law of the forum state, as well as to the state's constitution and statutes." *Travelers Ins. Co.*, 14 F.3d at 119. "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply." *28 U.S.C. § 1652 (2008)*.

Neither the Constitution nor any act of Congress applies to the instant action. This action seeks to recover insurance proceeds paid by the plaintiff to its insured as a result of the alleged negligence and breach of contract of the defendants. (*See* Plaintiff's Summons and Complaint annexed to the Declaration of Edward S. Benson, Esq. as Exhibit "A".) The subject property is located in the State of New York, the negligence is alleged to have occurred in the State of New York, and the contracts allegedly breached were entered into in the State of New York as well. *Id.* The sole reason this action is pending in the federal court is because of diversity of citizenship among the parties. (*See* Petition for Removal annexed to the Benson Affirmation as Exhibit "B"). Accordingly, since this action is pending in the federal court solely because of

6

diversity jurisdiction, and since the cause and controversy arose in the state of New York and does not involve either the Constitution or any Act of Congress, it is respectfully submitted that the substantive law of New York should apply to this case.

## POINT III

### VANCE IS PRECLUDED FROM SEEKING CONTRIBUTION FROM ARCHITRON PURSUANT TO NEW YORK'S GENERAL OBLIGATIONS LAW

New York's General Obligations Law § 15-108 acts as a bar to claims for contribution among settling and non-settling defendants in an action. *N.Y. Gen. Oblig. Law § 15-108 (2008).* General Obligations Law § 15-108(b) relieves a settling party of liability for contribution to any other party, while § 15-108(c) prevents a settling party from seeking contribution from other defendants. *Id.* Here, since Architron obtained a release from the plaintiff, Vance's cross-claim seeking contribution cannot be sustained.    Additionally, because Vance has alleged that Plaintiff's claims against it are barred by a release obtained from the Plaintiff's subrogor, in the event that Vance's release is deemed applicable to the Plaintiff in this action, said release would similarly bar Vance from pursuing its cross-claim against Architron.

A.    **Vance is Precluded from Seeking Contribution from Architron Pursuant to the General Obligations Law Because Architron obtained a Release from the Plaintiff.**

"A release given in good faith by the injured person to one tortfeasor...relieves him from liability to any other person for contribution...." *N.Y. Gen. Oblig. Law § 15-108(b) (2008). See also Becarie v. Union Bank of Switzerland*, 272 A.D.2d 162, 709 N.Y.S.2d 19 (1st Dept. 2000); *Williams v. New York City Health and Hosp. Corp.*, 262 A.D.2d 231, 694 N.Y.S.2d 355 (1st Dept. 1999).

In the instant action, the plaintiff and Architron entered into settlement negotiations that resulted in the plaintiff providing Architron a release from liability on all claims. (*See* Exhibit "F" annexed to the Benson Affirmation.)    Additionally, plaintiff's attorney executed a

8

Stipulation of Dismissal as against Architron. (*See* Exhibit "G" annexed to the Benson Affirmation.) Since Architron was granted a release in good faith by the plaintiff, General Obligations Law § 15-108(b) now precludes Vance, a co-defendant, from seeking contribution in the event that it is found liable to the plaintiff. Accordingly, it is respectfully submitted that Vance's cross-claim seeking contribution must be denied.

**B.    If Vance's Release is Found to Apply to the Claims Brought by the Plaintiff in this Action, then Vance is Precluded from Seeking Contribution Pursuant to the General Obligations Law.**

A party who has obtained his own release from liability from a claimant "*shall not* be entitled to contribution from any other person." *N.Y. Gen. Oblig. Law § 15-108(c) (2008)*. Once a party to an action agrees to settle the tort claims brought against it, such party may not then seek contribution from other tortfeasors. *Brazell v. Wells Fargo Home Mortgage Inc.,* 42 A.D.3d 409, 410, 839 N.Y.S.2d 758, 760 (1st Dept. 2007).

In the instant action, Vance alleges in its Answer that it was granted a general release by the plaintiff's subrogor and, as such, is not liable to the plaintiff. (*See* Exhibit "E" annexed to the Benson Affirmation.)    Additionally, Vance brought a motion seeking to dismiss plaintiff's Complaint and defendant Architron's cross-claim for contribution pursuant to said release.[1]  In support of its motion, Vance annexed an affidavit from Joseph Edward Vance with a copy of the general release Vance had received from the plaintiff's subrogor, Hudson Street, LLC. (*See* Exhibit "G" annexed to the Benson Affirmation.)  Vance's argument for dismissal of the cross-claim is based on General Obligations Law § 15-108 as well.

---

[1] Vance's Motion to Dismiss is currently pending before this Court.

9

If it is found that Vance's release is applicable to the instant action and is effective as against the plaintiff, then it necessarily follows that §15-108(c) of the General Obligations Law must apply as well, which would preclude Vance from seeking contribution from Architron. Accordingly, it is respectfully submitted that, if Vance's release obtained from the subrogor is effective as against the plaintiff in this action, then Vance must be precluded from seeking contribution from Architron pursuant to the General Obligations Law and Vance's cross-claim must therefore be dismissed.

## POINT IV

## ARCHITRON OWES NO DUTY OF
## INDEMNIFICATION TO VANCE

In a claim for indemnification, the party seeking indemnification attempts to "shift the
entire loss from one who is compelled to pay for a loss, without regard to his own fault, to
another party who should more properly bear responsibility for that loss because it was the actual
wrongdoer." *Trustees of Columbia University v. Mitchell/Giurgola Associates,* 109 A.D.2d 449,
451, 492 N.Y.S.2d 371, 374 (1st Dept. 1985). A right to indemnification exists where one party
who has committed no actual wrong is held vicariously liable for the wrongdoing of another.
*Burgos v. 213 West 23rd Street Group LLC*, 48 A.D.3d 283, 283, 851 N.Y.S.2d 185, 186 (1st
Dept. 2008); *State of New York Facilities Dev. Corp. v. Kallman & McKinnell, Russo & Sonder*,
121 A.D.2d 805, 806, 504 N.Y.S.2d 557 (3d Dept. 1986) (*citing County of Westchester v. Welton
Becket Assoc.,* 102 A.D.2d 34 (2d Dept. 1984) *aff'd* 66 N.Y.2d 642 (1985)). If, however, the
party seeking indemnification bears some percentage of fault for the accident, no indemnification
is available to them. *Burgos*, 48 A.D.3d at 283.

When a plaintiff's complaint alleges actual wrongdoing by a defendant and does not
merely allege vicarious liability, such defendant cannot sustain a viable claim for
indemnification. *State of New York Facilities Dev. Corp.*, 121 A.D.2d at 806; *see also Board of
Educ. of the City of N.Y. v. Mars Assoc., Inc.*, 133 A.D.2d 800, 801, 520 N.Y.S.2d 181, 181 (2d
Dept. 1987); *Trustees of Columbia University,* 109 A.D.2d at 454.

In the instant action, the plaintiff has made specific allegations of active wrongdoing and
negligence by Vance in its Complaint. (*See* Exhibit "A" annexed to the Benson Declaration.) It
alleges that Vance was an active tortfeasor, and not merely vicariously liable for the actions of
another party. Therefore, since Vance is alleged to be an active tortfeasor, Vance's cross-claim

11

for common-law indemnification is not sustainable. In other words, since Vance only has potential liability for active tortious conduct, it is not able to seek common-law indemnification. Accordingly, since the plaintiff in its Complaint alleges active wrongdoing by Vance, it is respectfully submitted that Vance's cross-claim for indemnification must be denied.

## CONCLUSION

It is respectfully submitted that Vance's cross-claim for contribution and indemnification must be dismissed as a matter of law. New York's General Obligations Law precludes Vance from seeking contribution because Architron received a release from liability from the plaintiff, and also because Vance claims it has a valid release from the plaintiff's subrogor that is applicable to the plaintiff in this action as well. Vance is also precluded from seeking indemnification from Architron because plaintiff alleged in its complaint that Vance was an active wrongdoer, thus precluding any such indemnification claim. Therefore, it is respectfully requested that Architron's motion for summary judgment dismissing Vance's cross-claim be granted in its entirety.

Dated: New York, New York
May 5, 2008

Respectfully Submitted,

NICOLETTI GONSON SPINNER & OWEN LLP

By:_____

Edward S. Benson, Esq. (EB 1908)
Attorneys for Defendant
Architron Designers and Builders, Inc.
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750
Our File: 10111.00220