UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ST. PAUL FIRE & MARINE INSURANCE CO. a/s/o HUDSON STREET, LLC,

Docket No. 08 CV 00465

Plaintiff,

-against-

ARCHITRON DESIGNERS AND BUILDERS, INC., AYN ENTERPRISES INC., GJC STRUCTURES, P.E., P.C. and JOSEPH EDWARD VANCE ARCHITECT,

Defendants.

-----------------------------------------------------------------------X

# ***MEMORANDUM OF LAW IN REPLY***

NICOLETTI GONSON SPINNER & OWEN LLP
Attorneys for Defendant
Architron Designers and Builders, Inc.
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750
Our File: 10111.00220

Edward S. Benson, Esq.
Of Counsel

## TABLE OF CONTENTS

TABLE OF AUTHORITIES....................ii

ARGUMENT

**POINT I**

Vance Has Abandoned its Cross Claims....................1

**POINT II**

Vance's Response Concedes that Architron's Motion for Summary Judgement is Supported by Law....................2

CONCLUSION....................3

# TABLE OF AUTHORITIES

**RULES**

S.D.N.Y Civ. R. 56.1(c) (2008)..........2

**CASES**

Taylor v. City of New York, 269 F. Supp. 2d. 68, 75 (E.D.N.Y. 2003)..........1

Douglas v. Victor Capital Group, 21 F. Supp. 2d. 379, 393 (S.D.N.Y. 1998)..........1

Farrar v. Town of Stratford, 537 F. Supp. 2d. 332 (D. Conn. 2008)..........1

Ostrowski v. Town of Southold, 443 F. Supp. 2d. 325 (E.D.N.Y. 2006)..........1

## POINT I

## VANCE HAS ABANDONED ITS CROSS-CLAIMS

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Taylor v. City of New York*, 269 F. Supp. 2d. 68, 75 (E.D.N.Y. 2003)(*citing Douglas v. Victor Capital Group*, 21 F. Supp. 2d. 379, 393 (S.D.N.Y. 1998)); *see also Farrar v. Town of Stratford*, 537 F. Supp. 2d. 332 (D. Conn. 2008); *Ostrowski v. Town of Southold*, 443 F. Supp. 2d. 325 (E.D.N.Y. 2006).

In its response to Architron Designers and Builders, Inc.'s ("Architron") motion for Summary Judgment seeking to dismiss the cross-claims of co-defendant Edward Joseph Vance Architect ("Vance"), Vance has failed to address the arguments raised by Architron. In fact, the only mention of the merits of Architron's motion in Vance's response is its statement that Vance "recognizes Architron's motion for summary judgment has a basis in the law cited by counsel." (*See* Vance's Memorandum of Law, dated June 3, 2008; Affidavit of Daniel A. McFaul, Jr., dated June 3, 2008). Vance, by consciously choosing to not oppose Architron's motion in its response papers, has essentially abandoned its cross-claims.

Unlike in circumstances where an opposing party fails to submit a response to a summary judgment motion, an act of omission, in this instance Vance has responded to Architron's motion, but has willfully chosen to not put forth any basis that supports its cross-claims, an act of commission. It instead chose to use its opportunity to respond as a forum to lobby the court to decide Vance's own summary judgment motion concurrently with that of Architron. Vance's actions cannot be deemed anything but a concession that its claims against Architron are insufficient.

Accordingly, since Vance has knowingly chosen not to contest Architron's motion for summary judgment, it is respectfully submitted that this Court must deem Architron's cross-claims abandoned, and must therefore grant Architron's motion for summary judgment in its entirety.

**POINT II**

**VANCE'S RESPONSE CONCEDES THAT ARCHITRON'S MOTION FOR SUMMARY JUDGMENT IS SUPPORTED BY LAW**

In its response papers, Vance has conceded that Architron's motion seeking summary judgment is supported by law. Counsel for Vance states in both his Affirmation and accompanying Memorandum of Law that, "Architron's motion for summary judgment has a basis in the law cited by counsel. Essentially, Architron was given a Release from the plaintiff and wishes for summary judgment to be granted as well as the dismissal of all cross-claims for contribution and indemnification." (*See* Vance's Memorandum of Law, dated June 3, 2008 *and* Affidavit of Daniel A. McFaul, Jr. at paragraph 3, dated June 3, 2008). Vance does not put forth any arguments that disprove Architron's contention that it is entitled to summary judgment. In fact, Vance does not put forth any arguments at all. After its concession that Architron's motion is sustainable, Vance merely seeks that its own summary judgment motion be decided concurrently with the motion of Archtiron.

Additionally, it should be noted that Vance did not submit any Rule 56.1 Statement of Facts in opposition to that filed by Architron. Therefore, Architron's Rule 56.1 Statement must be deemed admitted. S.D.N.Y Civ. R. 56.1(c) (2008).

Accordingly, since Vance has conceded that Architron is entitled to summary judgment based upon the Release it received, and since Vance did not put forth any arguments which would require this Court deny the relief sought, it is respectfully submitted that Architron's motion for summary judgment should be granted in its entirety.

## CONCLUSION

As put forth in Architron's Notice of Motion and Memorandum of Law, New York's General Obligations Law precludes Vance from seeking contribution because Architron received a release from liability from the plaintiff, and also because Vance claims it has a valid release from the plaintiff's subrogor that is applicable to the plaintiff in this action as well. Vance is also precluded from seeking indemnification from Architron because plaintiff alleged in its complaint that Vance was an active wrongdoer, thus precluding any such indemnification claim. Additionally, since Vance has chosen not to oppose the relief sought by Architron, its cross-claims must necessarily be deemed abandoned. Therefore, it is respectfully requested that Architron's motion for summary judgment dismissing Vance's cross-claim be granted in its entirety, the Stipulation of Discontinuance already signed by the plaintiff be deemed So-Ordered, directing the Clerk of the Court to enter said Stipulation, and for such other and further relief as this Court deems just and proper.

Dated: New York, New York
June 12, 2008

Respectfully Submitted,

NICOLETTI GONSON SPINNER & OWEN LLP

By: ______________________________

Edward S. Benson, Esq. (EB 1908)
Attorneys for Defendant
Architron Designers and Builders, Inc.
555 Fifth Avenue, 8th Floor
New York, New York 10017
(212) 730-7750
Our File: 10111.00220